UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| | : | |
| **EDWARD MONROE, FABIAN MOORE,** | : | **CIVIL ACTION** |
| **and TIMOTHY WILLIAMS, on behalf** | : | |
| **of themselves and all other similarly** | : | |
| **situated employees,** | : | |
| **Plaintiffs,** | : | |
| **v.** | : | **No.  08-2100** |
| | : | |
| **FTS USA, LLC, and UNITEK USA, LLC,** | : | |
| **Defendants.** | : | |
| | : | |

## ORDER

AND NOW, this _____ day of November, 2008, upon consideration of Plaintiffs'

Motion for Conditional Class Certification and Court-Authorized Notice, it is hereby

ORDERED, ADJUDGED and DECREED that Plaintiffs' Motion is DENIED.

BY THE COURT:

_____
Bernice B. Donald, J.

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| EDWARD MONROE, FABIAN MOORE, and TIMOTHY WILLIAMS, on behalf of themselves and all other similarly situated employees, | : : : : : | CIVIL ACTION |
| Plaintiffs, | : | |
| v. | : : | No. 08-2100 |
| FTS USA, LLC, and UNITEK USA, LLC, Defendants. | : : : | |

DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR CONDITIONAL
CLASS CERTIFICATION AND COURT-AUTHORIZED NOTICE

Defendants FTS USA, LLC ("FTS") and Unitek USA, LLC ("Unitek") (jointly, "Defendants"), by and through their undersigned counsel, hereby submit their Brief in opposition to Plaintiffs' Motion for Conditional Class Certification and Court-Authorized Notice.

I.     **Introduction**

In their one-count Collective Action Complaint, Plaintiffs allege, *inter alia*, that, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq.*, Defendants have not compensated Plaintiffs, Edward Monroe ("Monroe"), Fabian Moore ("Moore") and Timothy Williams ("Williams") (collectively, "Named Plaintiffs"), and other similarly-situated employees for work in excess of forty (40) hours per week. Plaintiffs' Collective Action Complaint at ¶ 10. Additionally, Plaintiffs allege, *inter alia*, that Defendants failed to accurately "record, report, and/or preserve records of hours worked by Plaintiffs and the similarly situated employees...." *Id.* at ¶ 13. As a result, Plaintiffs are asking the Court to, *inter alia*, conditionally certify a nationwide class to pursue this collective action. *Id. at ad damnum clause ¶ 2.*

Plaintiffs, however, are not similarly-situated, whether compared among themselves or to the putative class members they purport to represent or are seeking to opt-in to this action. Indeed, both Monroe and Moore have been promoted to supervisory roles since the commencement of this action, and therefore, they are not similarly-situated to Williams or the putative class members or representative of either. *See* Declaration of Cathy Lawley, attached hereto as Ex. "A." Further, Unitek neither currently employs, nor has ever employed, Plaintiffs, potential plaintiffs, or any technicians. *Id.* Moreover, the technicians FTS employs operate in various markets, across numerous states, and install different products for different customers. *Id.* Therefore, contrary to Plaintiffs' conclusory, unsubstantiated allegations, the members of the proposed class, are not similarly-situated, and the Court must deny Plaintiffs' instant Motion seeking national class certification for this reason alone.

Plaintiffs also failed to aver that they, as representatives of the proposed class, were victims of a single unlawful decision, policy or plan. Further, Plaintiffs have presented no evidence of a decision, policy or plan that violates the FLSA. Moreover, Defendants have established that the only decision, policy or plan at issue concerning compensating all FTS technicians is to pay them for all hours worked, including overtime hours.[1]

Additionally, the resolution of Plaintiffs' claims will require individualized factual determinations and defenses, thereby rendering a collective action impractical and prejudicial, which precludes this action from proceeding as a collective action.

Plaintiffs failed to allege and adduce sufficient facts to support their claim that Defendants "knew" of the alleged violations, that Defendants failed to accurately record

---

[1] Defendants have produced documentation that demonstrates Plaintiffs have been paid for overtime hours that they have worked. Nevertheless, Plaintiffs aver in their instant Motion that, in violation of the FLSA, Defendants failed and compensate Plaintiffs based upon the number of hours they worked including "non-productive" hours, which allegedly resulted in a failure to pay Plaintiffs for their overtime hours. *See* Plaintiffs' Motion. Plaintiffs, however, admit that Defendants paid them what they earned in piece rates. *Id.* at p. 5.

Plaintiffs' alleged hours, and that Defendants' alleged conduct was "willful." Accordingly, Plaintiffs have failed to meet their burden, and, as a matter of law and fact, this Court must deny their Motion for Conditional Class Certification.

## II.   Procedural Background and Counterstatement of Facts

On February 14, 2008, the Named Plaintiffs initiated this action on behalf of themselves and all others similarly-situated.[2]  On March 13, 2008, Defendants moved to dismiss Plaintiffs' Complaint for failure to state a claim upon which relief may be granted, or alternatively, for a more definite statement. The Court denied Defendants' Motion on July 9, 2008, and Defendants filed their Answer on July 23, 2008.

FTS is a Delaware limited liability company with a principal place of business in Blue Bell, Pennsylvania, and corporate offices in Dallas, Texas. *See* Deposition of Elizabeth Downey, attached hereto as Ex. "B." FTS provides installation fulfillment service to cable providers in 29 projects located in 10 states. *Id.*   Unitek is FTS's parent company. *Id.*   Unitek is a Delaware limited liability company with corporate offices located in Blue Bell, Pennsylvania. *Id.*

In their Complaint, Plaintiffs failed to allege, *inter alia*, sufficient facts to show what work they do; the hours that they allegedly work; when and/or how often they allegedly work more than forty hours per week; the basis of their regular and extra compensation; and their alleged entitlement to overtime compensation.[3]  Moreover, Plaintiffs merely refer to Defendants' "practices" that allegedly violate the FLSA and/or show that Defendants' alleged conduct was willful, without any factual support or basis for these references.

---

[2] Since Named Plaintiffs commenced this action, sixteen (16) additional individuals have purported to "opt-in" as Plaintiffs.

[3] Although Plaintiffs allege that "the FLSA requires covered employers, such as Defendants, to compensate all non-exempt employees at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty (40) hours per work week" (Complaint at ¶ 9), Plaintiffs failed to even allege that they are non-exempt employees.

On October 9, 2008, Plaintiffs filed the instant Motion seeking conditional certification for this case to proceed as a collective action and permission to send a Court-approved notice of this lawsuit to current and former employees of Defendants who work or worked for Defendants as technicians who install, repair and upgrade cable services.

Monroe has been employed with FTS since July 12, 2007. He was initially employed as a technician at the Memphis, Tennessee project, which performs installation services on behalf of Comcast Cable, FTS's customer for that area. On September 29, 2008, Monroe was promoted to Project Manager of the Memphis project. In Monroe's current capacity as Project Manager, he is the overall supervisor for the project in Memphis, and he is a salaried employee.

Williams was hired by FTS on October 30, 2007 as a technician. *See*, Ex. "A." He is currently employed as a technician with FTS at the Memphis project. *Id.* His duties as a technician include installing and servicing Comcast Cable customers at their homes and businesses. *Id.*

Moore was hired by FTS on July 5, 2007 as a technician. *See* Ex. "A." On October 1, 2008, Moore was promoted to Field Supervisor for the Memphis project.[4]

In addition to the named Plaintiffs, the following sixteen (16)  individuals have filed consents to opt-in to this matter:  Xavier Becton, Bryant Burks, Carl Brantley, Randy Davis, Darrick Malone, Jarius Nelson, Joshua Haydel, Joshua Bass, Derek Cyphers, Matthew Grabarkiewicz, Jonathan Janov, William Hollings, Kennth L. Webb, Rolondo J. Alvarez, and Michael Myers. Additionally, Terry Thornton filed an affidavit in this matter claiming to be an opt-in Plaintiff; however, Defendants have no record of a consent being filed for Mr. Thornton.

---

[4] Williams currently reports to Moore as his supervisor, who now reports to Mr. Monroe in his capacity as Project Manager. Prior to Moore's and Monroe's respective promotions, Messrs. Monroe, Moore and Williams, as technicians, reported to their supervisor, who reported to Greg Christianson, the previous Project Manager for the Memphis project.

Of these individuals, only Thornton and Becton are currently employed by FTS as technicians. *See* Ex. "A." Brantley, Burks, Malone, Nelson, Davis and Haydel have been employed by FTS as technicians, but are no longer employed as such. *Id.* Defendants have no records relating to Joshua Bass, Derek Cyphers, Matthew Grabarkiewicz, Jonathan Janov, William Hollings, Kennth L. Webb, Rolondo J. Alvarez and Michael Myers as ever being employed by FTS. *Id.* Moreover, none of the sixteen individuals are, or ever were, employed by Unitek. *Id.*

The calculation of compensation paid to FTS technicians is dependant upon various factors. First, overall compensation is affected by the cable service provider that contracted with FTS. *See* Ex. "B." FTS customers include cable service providers Cox Cable, Comcast Cable, Suddenlink, Brighthouse, Charter, and Time Warner. *Id.* Thus, for example, an FTS technician working at a project that services Cox Cable will have a different rate of compensation than an FTS technician working at a project that services Comcast Cable. *Id.*

FTS' customers control what services are offered and, therefore, the jobs for which the technicians can be paid. *See* Ex. "B." Different services require different levels of skills and training. *Id.* For example, some customers only provide cable television service, while others also provide telephone service and/or internet service. *Id.* The customer also controls what equipment will be needed and, therefore, what equipment is provided. *Id.*

Technicians receive a payment for each job they complete. *Id.* All of the payments they earn from their completed jobs are totaled for the pay period and divided by the total hours worked for that pay period to get a production rate or effective-hourly-rate. *Id.* For any hours worked as overtime, technicians receive one-and-a-half times their effective-hourly-rate, as mandated by the FLSA. *Id.* However, in some states, overtime is measured on a daily basis, and

not a weekly basis as under the FLSA. *Id.* This is another difference between the technicians.

Because Monroe and Moore are no longer employed as a technicians with FTS, but rather serve in supervisory roles for the Memphis project, their salaries are no longer based upon what jobs they complete.

Prior to being employed by FTS, Named Plaintiffs were employed as installers with a rival company to FTS, Broadband and its successor C-Cor. As installers for those companies, they participated in a lawsuit that was filed in the Western District of Tennessee in February of 2008 ("C-Cor Action"). *See* Brasfield v. Source Broadband Services, LLC, 2:08-cv-02097-JPM-DKU Docket. In the C-Cor Action, Named Plaintiffs' are represented by the same counsel who currently represents them.

The plaintiffs' motion for conditional class certification in the C-Cor Action is currently pending before the Court. *Id.* In support of that motion, Named Plaintiffs filed affidavits. *Id.*, Document 31.   Their respective affidavits in the C-Cor Action are almost identical to the affidavits filed in the instant matter. *Compare* Ex. "C.", *with* Ex. "B" of Plaintiffs' Motion for Conditional Class Certification in this matter. The affidavits contain the same conclusory, vague allegations of local management's instructions not to properly record hours. *Id.* In neither case are there any allegations that these alleged, hearsay statements came from anyone other than local supervisors and/or managers.   Plaintiffs further failed to make any allegations regarding national policy or practice.

Nevertheless, despite complaining about their respective methods of compensation in the C-Cor Action, Plaintiffs accepted employment with FTS fully knowing and understanding that its pay structure is similar to the pay structure of their previous employer, which they claim is violative of the FLSA.   Further, Monroe accepted a promotion to Project Manager for the

Memphis project of FTS despite his allegations that the pay structure used by FTS is illegal.

In addition to the Named Plaintiffs, additional opt-in Plaintiffs filed almost identical affidavits containing the same vague, conclusory language as the Named Plaintiffs. *See* Exhibit "B" attached to Plaintiff's Motion for Additional Certification. These affidavits only address alleged violations of the Memphis project and another unidentified project. In their affidavits, Plaintiffs failed to address any issues above the local level, or issues stemming from any project in the other states where FTS operates, or national policy or practices.

Plaintiffs claim that they received no payment for overtime hours worked. Yet, when all three Named Plaintiffs have worked more than 40 hours per week, they received overtime compensation for that time. *See* Ex. "A." Defendants have produced documents evidencing these payments, which Named Plaintiffs cannot deny. Notwithstanding, Plaintiffs continue to prosecute this matter. As a matter of fact and law, however, because Plaintiffs are not similarly-situated, or victims of a single unlawful decision, policy or plan, this Court must deny Plaintiffs' Motion for Conditional Class Certification.

## III.   **ARGUMENT**

### A.   **Plaintiffs Are Not Entitled To Conditional Certification.**

Section 16(b) of the FLSA provides the exclusive procedure for collective actions to redress alleged violations of the FLSA's wage and hour provisions. 29 U.S.C. § 216(b). The FLSA provides for collective actions in appropriate cases, where proceeding collectively would allow for the "efficient resolution in one proceeding of common issues of law and fact arising from the same alleged discriminatory activity." *Hoffman-La Roche, Inc. v. Sperling*, 493 U.S. 165, 70 (1989).

Although the FLSA provides little guidance regarding class certification, and the circuits

are split regarding how class certification under § 216 should proceed, the district courts of this Circuit have developed and applied a two-tiered analysis starting with (1) a "notice stage" determination followed by (2) a fact-based decertification review, which determines whether the class will be decertified or proceed to trial. *See Comer v. Wal-Mart Stores, Inc.*, 454 F.3d 544, 546 (6th Cir. 2006). Under either approach to certification, the threshold consideration is whether Plaintiffs have demonstrated that they are "similarly-situated" to the class for which they seek certification. *See Reich v. Homier Distributing Co., Inc.*, 362 F. Supp. 2d 1009, 1012 (N.D. Ind. 2005). *See also Haynes v. Singer Co.*, 696 F.2d 884, 887 (11th Cir. 1983); *Spellman v. Visionquest Nat'l, Ltd.*, No. 96-235E, WL 1997458, at *2-3 (W.D. Pa. 1998)[5]; *Sperling v. Hoffman-LaRoche, Inc.*, 118 F.R.D. 392, 406-07 (D.N.J. 1988), *aff'd in part, appeal dismissed in part*, 862 F.2d 439 (3d Cir. 1988), *aff'd*, 493 U.S. 165 (1989).

To do this, Plaintiffs must first "describe the potential class within reasonable limits and provide some factual basis from which the court can determine if similarly-situated plaintiffs exist." *See Reich*, 362 F. Supp. 2d at 1012 (*citing Schwed v. General Electric Co.*, 159 F.R.D. 373, 375-76 (N.D. N.Y. 1995)). "Plaintiff[s] may not maintain a representative action under [the FLSA's collective action provision] unless all the employees are similarly-situated." *Brooks v. Bellsouth Telecomms., Inc.*, 164 F.R.D. 561, 567 (N.D. Ala. 1995), *aff'd*, 114 F.3d 1202 (11th Cir. 1997) (*citing* 29 U.S.C. § 216(b)).

In determining whether a proposed class of individuals may be "similarly situated," Courts in the Sixth Circuit consider numerous factors including whether the proposed class members were collectively subject to a company-wide policy that violated the FLSA; whether the proposed class members were employed in similar factual settings; and whether there are defenses unique to the proposed class members. *McDonald v. Madison Township Bd. of*

---

[5] Pursuant to Local Rule, all unpublished opinions to which Defendants cite are attached hereto as Exhibit "D."

*Township Trs.*, No. 2:07-cv-0697, 2007 WL 2916397, at *2 (S.D. Ohio Oct. 5, 2007); *O'Neal v. Kilbourne Med. Labs., Inc.*, No. 05-50, 2007 WL 956428 at *4-*5 (E.D. Ky. Mar. 28, 2007) (*quoting Olivo v. GMAC Mortgage Corp.*, 374 F. Supp. 2d 545, 547-48 (E.D. Mich. 2004)); *Landsberg v. Acton Enterprises, Inc.*, No. C2-05-500, 2006 WL 3742221 at *2 (S.D. Ohio Dec. 15, 2006).

Although Plaintiffs' burden is relatively light at the conditional certification stage, conditional certification is by no means automatic. *Evancho v. Sanofi-Aventis U.S., Inc.*, No. 07-2266, 2007 2007 WL 4546100 at *2 (D.N.J. Dec. 19, 2007); *see also Rappaport v. Embarq Mgmt. Co.*, No. 6:07-cv-468-0r1-19DAB, 2007 WL 4482581 at *3-*4 (M.D. Fla. Dec. 18, 2007). Moreover, where plaintiffs seek conditional certification and judicial notice, Courts routinely treat such requests with a higher level of scrutiny "to avoid the 'stirring up' of litigation through unwarranted solicitation." *Harrison v. McDonald's Corp.*, 411 F.Supp.2d 862, 868 (S.D. Ohio 2005) (*quoting D'Anna v. M/A-COM, Inc.*, 903 F. Supp. 889, 893-94 (D. Md. 1995)); *see also Haynes v. Singer Co., Inc.*, 696 F.2d 884, 886, n.2 (11th Cir. 1983); *Severtson v. Phillips Beverage Co.*, 137 F.R.D. 264, 266-67 (D. Minn. 1991). Courts must exercise their discretion to grant conditional certification and judicial notice with great care, because "'the judicial *imprimatur* is likely to be misunderstood as a representation that the suit probably has merit.'" *Haynes*, 696 F.2d at 886 n.2; *see also Severtson*, 137 F.R.D. at 266-67.

Notice is appropriate under section 216(b) of the FLSA only if Plaintiffs demonstrate that members of the proposed class are "similarly situated." *See Hoffman-La Roche, Inc.*, 493 U.S. at 169-70. Plaintiffs have the burden of meeting this standard. *Morisky v. Public Service Electric & Gas Co.*, 111 F. Supp. 2d 493, 496 (D.N.J. 2000).

To certify conditionally a class of similarly-situated individuals, Plaintiffs must establish

the existence of a common decision, policy or plan that violates the FLSA through the submission of admissible evidence. *Shabazz v. Asurion Ins. Serv.,* No. 3:07-0653, 2008 WL 1730318 at *3 (M.D. Tenn. April 10, 2008); *see also McElmurry v. U.S. Bank National Ass'n,* No. 04-642, 2004 WL 1675925, at *10 (D. Or. July 27, 2004). Courts that have considered the issue have ruled that the similarly-situated standard requires a showing that "putative class members were together the victims of a single decision, policy, or plan" that violates the FLSA. *Sperling,* 118 F.R.D. at 406. *See H&R Block, Ltd. v. Housden,* 186 F.R.D. 399, 400 (E.D. Tex. 1999); *Bayles v. American Med. Response,* 950 F. Supp. 1053, 1066 (D. Colo. 1996), *on reconsideration,* 962 F.Supp. 1346 (D.Colo. 1997); *Ray v. Motel 6 Operating, Ltd. P'ship,* No. 3-95-828, 1996 WL 938231, at *4 (D. Minn. March 18, 1996); *Brooks,* 164 F.R.D. at 566-68; *D'Anna v. M/A-Com, Inc.,* 903 F. Supp. 889, 893 (D. Md. 1995); *Lusardi v. Xerox Corp.,* 122 F.R.D. 463, 465-66 (D.N.J. 1988). Federal courts have consistently denied collective action treatment and refused to authorize class notice where there exists no unlawful common employer policy or plan, and resolution of claims requires individual factual determinations and defenses. *See, e.g., Ray,* 1996 WL 938231, at *4; *D'Anna,* 903 F. Supp. at 894; *Ulvin v. Northwestern Nat'l Life,* 141 F.R.D. 130, 131 (D. Minn. 1991); *Lusardi v. Xerox Corp.,* 118 F.R.D. 351, 352 (D.N.J. 1987), *vacated in part on other grounds, appeal dismissed sub. nom., Lusardi v. Lechner,* 855 F.2d 1062 (3d Cir. 1988), *on remand,* 122 F.R.D. 463 (D.N.J. 1988).

Here, Plaintiffs have failed to meet their burden. Plaintiffs are not similarly-situated, and not victims of a single decision, policy or plan that violates the FLSA. As Defendants' evidence unequivocally establishes, Plaintiffs have been and are being paid overtime for all hours in excess of forty worked. Therefore, as a matter of fact and law, this Court must deny Plaintiffs' Motion for Conditional Class Certification.

**B.     The Court Must Deny Plaintiffs' Motion Because Plaintiffs Have Failed To Offer Admissible Evidence In Support Of Their Motion Demonstrating That They Are Similarly-Situated.**

Plaintiffs have failed to provide sufficient admissible evidence in support of their Motion for Conditional Class Certification.   Although Plaintiffs claim that they and proposed class members are similarly-situated based upon their vague, conclusory allegations in their Complaint and affidavits, significant differences exist among the employees that render them not similarly-situated for certification purposes under the FLSA.   Moreover, Plaintiffs have failed to support their allegations with appropriate affidavits, or sufficient evidence that demonstrates the existence of a single common decision, policy or plan that violates the FLSA.     *See* Plaintiffs' Brief.

Federal courts have uniformly held that vague allegations, unsupported by admissible evidence, are inadequate to support a class notice motion. *See, e.g., Haynes v. Singer Co.*, 696 F.2d 884, 887 (11th Cir. 1983); *Morisky*, 111 F. Supp. 2d at 498; *Spellman*, 1998 WL 1997458, at *3-4; *D'Anna*, 903 F. Supp. at 893; *Brooks*, 164 F.R.D. at 566-68; *Severtson*, 137 F.R.D. at 267.   As the Court explained in *Lusardi v. Xerox Corporation*, supra., if allegations in the complaint alone were adequate to meet the statutory similarly-situated standard:

> ...judicial determination of the similarly situated requirement would not be necessary. All that would be necessary would be the mere filing of the complaint, together with a certification that such allegations were indeed made and such relief sought. Congress did not intend for such a procedure to be followed.

118 F.R.D. at 380.

Plaintiffs argue that the Declarations that have been filed by Named Plaintiffs and the opt-in individuals support the allegations of their Complaint.   The form Declarations, however, merely parrot the conclusory allegations contained in Plaintiffs' Complaint.[6]   Rather, Plaintiffs

---

[6] Courts refuse to consider declarations that lack personal knowledge or are based on speculation.

rely upon inadmissible hearsay and references to unidentified "other technicians" and "management personnel" in their affidavits.   Since Plaintiffs have, therefore, offered only hearsay and the vague allegations in their Complaint to demonstrate that the purported nationwide class is similarly-situated, they have not met their burden, and this Court must deny their Motion.

Even if the Court takes as true the allegations in Plaintiffs' affidavits that are arguably based upon direct personal knowledge, Plaintiffs claims are limited to the Memphis project. There are no allegations that would support any proposed class above that localized level.[7] Plaintiffs are trying to bootstrap nationwide class certification based upon allegations about the local management of the Memphis office, which is no longer in place.  In fact, Named Plaintiff Monroe is now the Project Manager for Memphis, and Named Plaintiff Moore is the Field Supervisor.  *See* Ex. "A."    Therefore, Plaintiffs, and the potential class members are not similarly situated and this Court must deny Plaintiffs Motion for Conditional Class Certification.

### C.    This Court Must Deny Plaintiffs' Motion Because Plaintiffs Have Failed To Offer Evidence Of A Single Unlawful Decision, Policy Or Plan.

To obtain conditional class certification, Plaintiffs must also demonstrate evidence of a common practice violative of the FLSA.  They have failed to do so.  Again, Plaintiffs seek nationwide class certification; yet, once the Court peels away all of the vague, conclusory, generalizations and hearsay contained in Plaintiffs' affidavits, Plaintiffs' claim boils down to accusations that the local management of FTS's Memphis project allegedly directed Plaintiffs

---

*Richards v. Computer Sciences Corp.*, No. 3-03-CV-00630, 2004 WL 2211691, at *1-2 (D.Conn. Sept. 28, 2004); *Davis v. Charoen Pokphand (USA), Inc.,* 303 F. Supp. 2d 1272, 1278-79 (M.D.Al. 2004); *Harrison v. McDonald's Corp.*, 411 F. Supp. 2d 862, 871 (S.D.Ohio, 2005); *Smith v. Sovereign Bancorp., Inc.*, No. 03-2420, 2003 WL 22701017, at *2-3 (E.D.Pa. Nov. 13, 2003); Fed. R. Evid. 602. Courts also refuse to consider evidence that is inadmissible for other reasons, such as hearsay.  *Harrison*, 411 F. Supp. 2d at 865-66.

[7]*See* Section F, *infra*, of Defendants' Memorandum.

not to record their hours.

To the contrary, Elizabeth Downey, Defendants' Chief Administrative Officer, testified to FTS's Company wide policy that technicians are to record all hours worked. *See* Ex. "B." This policy also is articulated in Defendants' employee handbook and posted on the walls at the Memphis project. *Id.* Moreover, Plaintiffs have offered no evidence regarding the practices of the numerous other FTS projects operating in other states other than Ms. Downey's testimony that indicates FTS's policy to pay employees for all time worked, including overtime. Further, FTS's compensation plan described by Ms. Downey is FLSA compliant.[8]

Plaintiffs have not, and cannot, offer evidence of a common FTS practice that is violative of the FLSA either locally in Memphis or nationwide. Plaintiffs raise no issue let alone adduce record evidence of any unlawful decision, policy or plan beyond the vague conclusory allegations at the Memphis project. Therefore, this Court must deny Plaintiffs' instant Motion.

**D.    This Court Must Deny Plaintiffs' Motion Because Individual Issues Exist.**

Where, as here, a case is not appropriate for collective action status because there is no single common decision, policy or plan that gives rise to the alleged violations and the issues are fact specific to each individual, Courts have denied collective action status even at this initial stage. *See Lusardi v. Lechner*, 855 F.2d 1062, 1074-75 (3d Cir. 1988); *see also Morisky*, 111 F. Supp. 2d at 498-99; *Bayles*, 950 F. Supp. at 1066; *Brooks*, 164 F.R.D. at 568; *Lusardi*, 118 F.R.D. at 359; *Ray*, 1996 WL 938231, at *4. The factors considered by the Court in determining whether individual issues make class treatment inappropriate include: (1) the disparate factual and employment settings of the individual plaintiffs; (2) the various defenses available to the defendant that appear to be individual to each plaintiff; and (3) fairness and procedural

---

[8]  In their brief, Plaintiffs admit that they want the Court to ignore the facts and merits of the case and simply grant conditional certification. *See* Plaintiffs Brief at Section D(1).

considerations. *Lusardi*, 118 F.R.D. at 359; *Bayles*, 950 F. Supp. at 1066.

Plaintiffs bear the burden to establish that common questions predominate, and must show more than commonality of the alleged violation. *Brooks*, 164 F.R.D. at 568; *Pfaahler v. Consultants for Architects, Inc.*, No. 99C6700, 2000 WL 198888, *2 (N.D.Ill. Feb. 8, 2000). Where it is clear that the Court must engage in fact-intensive determinations, even conditional certification is inappropriate. *Pfaahler*, at *2; *see also Reich*, 362 F. Supp. 2d at 1013-14; *Holt v. Rite Aid Corp.*, 333 F. Supp. 2d 1265, 1274-75 (M.D. Ala. 2004); *Mike v. Safeco Ins. Co.*, 274 F. Supp. 2d 216, 220-21 (D. Conn. 2003); *Sheffield v. Orius Corp.*, 211 F.R.D. 411, 413 (D.Or. 2002); *Morisky*, 111 F. Supp. 2d at 499. *See also Dudley v. Texas Waste Systems, Inc.*, No. 05-0078, 2005 WL 1140605 (W.D. Tex. May 16, 2005).

In this case, there are numerous differences in the factual situations of Plaintiffs, as their own allegations make clear. To prove their damages, each Plaintiff will have to demonstrate the hours he or she worked and was not compensated for during each relevant time period. These proofs will be affected by, *inter alia*, the state in which the Plaintiff worked, what skill set he or she possessed, the number of jobs he or she performed during the relevant time period, the type of jobs he worked, and for which FTS customer (*i.e.* which cable company) the jobs were performed.

A review of the proffered affidavits supports Defendants' arguments in this regard. All of the affidavits contain the vague assertion that the employee "routinely worked over forty hours per week but was not compensated for my overtime hours." As such, each Plaintiff would have to prove how many hours he worked per week, and what his compensation rate was for that week. These totals would be different for each Plaintiff, and require a multitude of mini-trials. As a result of these significant differences, the Court would necessarily become mired in a

tedious individualized inquiry as to each of the putative class members' individual work schedules, hours, and surrounding circumstances over a two or three year period.

Far from being incidental, these differences implicate the primary issues in this case, and these factual differences would be multiplied exponentially if hundreds of other individuals joined the case as plaintiffs. Thus, these differences in Plaintiffs' employment situations raise a host of individual issues that would make collective action treatment inappropriate and impractical.

The reason for such results is clear: where there is no single, uniform, common decision, policy or plan, but rather a variety of individualized issues, class treatment is unmanageable. Indeed, Courts have noted that where individualized determinations are necessary, a case will likely disintegrate into a series of mini-trials on each putative class member's individual claim. *See, e.g., Morisky*, 111 F. Supp. at 499; *Ray*, 1996 WL 938231 at *5; *Lusardi*, 118 F.R.D. at 370-71.

In an attempt to show that the purported class meets the statutory standard, Plaintiffs proffer unsubstantiated claims that all technicians at FTS perform nearly identical work under nearly identical conditions. *See* Plaintiffs' Brief at pp. 11-13. Such unsubstantiated allegations, however, are insufficient to meet the statutory similarly-situated standard, and, in any event, the allegations are untrue. The Named Plaintiffs have received payment for overtime hours worked. *See,* Ex. "A." Their claims to the contrary are disingenuous.

Not only do Plaintiffs' specific claims present numerous individualized factual issues and defenses, but Defendants also intend to assert a variety of more general defenses that would complicate the already significant trial management problems inherent in Plaintiffs' claims. *See Brooks*, 164 F.R.D. at 569. Defendants may assert a statute of limitations defense as to some

claims. As discussed below, the limitations period under the FLSA is generally two years. 29 U.S.C. § 255(a); *see infra* Section "E." FTS was formed in July, 2006. The running of the limitations period stops only when a particular employee affirmatively opts-in to a collective action. *See* 29 U.S.C. § 257. Thus, the relevant limitations period will vary from individual to individual. This issue is further complicated if one or more of the alleged violations is found to be willful, triggering a longer limitations period for that particular violation. *See infra* Section "E."

As the Supreme Court noted in *Hoffman-LaRoche Inc. v. Sperling*, *supra*, in evaluating collective actions under the FLSA, Courts must determine that certification and Court-supervised notice will effect an efficient and fair adjudication. *See Sperling*, 493 U.S. at 170. Here, certification would result in litigation that would be both inefficient and unfair to the parties and the Court. Accordingly, this Court must deny Plaintiffs' Motion.

### E.   Plaintiffs Are Not Entitled To A Three-Year Limitations Period.

Plaintiffs' attempt to extend Court-approved notice to all technicians within the past three years, and thereby substantially increase the size of the putative class, must be rejected. Under the FLSA, a two-year statute of limitations applies. A three-year limitations period arises only where the plaintiff proves the violation was "willful." 29 U.S.C. § 255(a).

An employer acts "willfully" for purposes of the three-year statute of limitations if the "employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute." *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988). "[T]he showing needed for a finding of willful is demanding in that even if an employer acted unreasonably, if the employer's action was not reckless in determining its legal obligations under the FLSA, such action is not 'willful.'" *Duncan v. Brockway Standard, Inc.*, No. 1:90-CV-2867,

1992 WL 510256, *6 (N.D.Ga. Sept. 21, 1992).

In this case, there is simply no evidence to support the claim that Defendants acted with "reckless disregard" toward their obligations under the FLSA, thereby justifying a three-year limitations period. Plaintiffs have not offered, and cannot offer any evidence that Defendants have "willfully" violated the FLSA, thereby justifying the broad, three-year notice they seek. Therefore, the Court must deny Plaintiffs' request for a three-year limitations period.

**F.     A Class, If Any, Should Be Limited To Technicians In Memphis.**

While Defendants contend that Plaintiffs have failed to show they are entitled to conditional class certification, in the event the Court finds a colorable basis for conditional certification of a class, the class must be limited to current and former technicians at FTS' Memphis project. All of the Named Plaintiffs worked there, and all the supporting documentary "evidence" presented (other than a handful of self-serving and unsupported declarations from a few employees at some other unidentified offices) comes from the Memphis office.

Other courts have held that when the evidence provides some factual support that only a portion of the plaintiffs are "similarly situated," a collective action class which is comprised of that smaller group is appropriate for certification. *See, e.g., Harper v. Lovett's Buffet, Inc.*, 185 F.R.D. 358, 363-64 (M.D. Ala. 1999); *Tucker v. Labor Leasing*, 872 F. Supp. 941, 948 (M.D. Fla. 1994).

Here, Plaintiffs have presented no evidence whatsoever that a "nationwide policy or practice" exists that denies technicians any pay to which they are entitled. FTS technicians who worked in other projects must not be a part of any purported class. Accordingly, this Court must limit any conditionally certified class to Memphis.

**G.**    **Assuming *Arguendo* That Conditional Certification Is Granted, Plaintiffs Failed To Address Significant Issues Concerning The Court-Imposed Notice.**

Although Defendants submit that this Court must deny Plaintiffs' Motion, if the Court is inclined to allow conditional certification, it must afford Defendants the opportunity to respond and be heard on significant issues regarding the proposed notice to putative class members that Plaintiffs failed to address.  In their proposed Order, Plaintiffs first suggest that the Court direct Defendants to produce within ten days a list containing the full name and address of all potential class members defined as:  "all technicians who worked for Defendants FTS USA, LLC, and Unitek USA, LLC in the past three years."  Second, Plaintiffs attach a proposed notice to their Motion.

Regarding the notification form and process, Plaintiffs ignore the record evidence that Unitek does not employ any technicians and that Unitek and FTS are separate and distinct legal entities. Nevertheless, Plaintiffs insist on moving forward against Unitek and including it in their proposed notice.  As such, Plaintiffs' proposed notice is overly broad.

Plaintiffs also failed to address, *inter alia*, who bears the costs of and related to the notice to the putative class members; the appropriate and necessary restrictions on communicating with the putative class members after the notices are sent; the timeliness of the notice; the inclusion of Defendants' counsel contact information; the fact the putative class members may be required to participate in the discovery process; and the fact that putative class members may be responsible for a portion of Defendants' costs if Defendants are the prevailing parties.

In their proposed Notice of Lawsuit, Plaintiff erroneously state that "The above-named Plaintiffs are employed by Defendants as technicians."  Plaintiffs further state that putative class members may participate in the lawsuit if they "were employed by Defendants as a technician at

any location across the country...."    Again, Unitek does not employ technicians, so, it is improperly included.

Plaintiffs also state putative class members may participate if they were "paid by piece-rate and not paid overtime compensation for all hours worked over forty....."    However, the FLSA provides for piece-rate and job-rate compensation, and, therefore, implying that such a compensation plan is improper is inappropriate to include in the proposed Notice.    Additionally, Plaintiffs' proposed Consent form unnecessarily states that putative class members' "consent to join any subsequent action to assert claims against Unitek and FTS for overtime pay" and improperly reiterates Plaintiff's proposed requirements to opt-in.    Therefore, Defendants hereby reserve the right to respond and be heard at the appropriate time on those and other significant issues regarding the notification and process that Plaintiffs failed to even address in their Motion.[9]

---

[9] For example, Defendant would seek limitations on the contact that Plaintiffs or anyone on their behalf may have with putative class members after the notices are sent.

## IV.  **CONCLUSION**

For all of the foregoing reasons, Defendants respectfully request that this Court deny

Plaintiffs' Motion for Conditional Class Certification.

Respectfully submitted,

*/s/ Colin D. Dougherty*

Eric J. Bronstein, PA Bar No. 56391
Raymond J. Santarelli, PA Bar No. 73640
Kathryn M. Schilling, PA Bar No. 80101
Colin D. Dougherty, PA Bar No. 88363
Elliott Greenleaf & Siedzikowski, P.C.
925 Harvest Drive, Suite 300
Blue Bell, PA 19422
(215) 977-1000

Saul C. Belz, TN Bar No. 004346
Glankler Brown, PLLC
One Commerce Square, Suite 1700
Memphis, TN  38103
(901) 525-1322

Attorneys for Defendants

DATED:  November 11, 2008

## CERTIFICATE OF SERVICE

I, Colin D. Dougherty, hereby certify that, on this date, I caused the foregoing to be filed electronically with the Court, where it is available for viewing and downloading from the Court's ECF system, and that such electronic filing automatically generates a Notice of Electronic Filing constituting service of the filed document, upon the following:

Rachhana T. Srey, Esq.
Nichols Kaster & Anderson, PLLP
4600 IDS Center
80 South 8th Street
Minneapolis, MN 55402

*/s/ Colin D. Dougherty*
Colin D. Dougherty

DATED:  November 11, 2008