IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| EDWARD MONROE, FABIAN MOORE, and TIMOTHY WILLIAMS, on behalf of themselves and other similarly situated employees, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 08-2100 |
| FTS USA, LLC and UNITEK USA, LLC, | ) ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION ON PLAINTIFFS' MOTION FOR
CONDITIONAL CLASS CERTIFICATION AND COURT-AUTHORIZED NOTICE**

Before the Court is Plaintiffs' Motion for Conditional Class Certification and Court-Authorized Notice (Docket Entry #36). This motion has been referred to United States Magistrate Judge Gerald B. Cohn for Report and Recommendation. For the reasons set forth herein, the Court RECOMMENDS that Plaintiffs' request for conditional certification be GRANTED and that a hearing be held to determine the appropriate manner of discovery of the identities of putative plaintiffs and to determine the proper information to be authorized in the judicial notice of lawsuit.

**I. Background**

This case arises from allegations that technicians employed by FTS USA, LLC ("FTS") and Unitek USA, LLC ("Unitek") were paid under a piece-rate system without compensation for non-productive work hours and overtime hours in violation of the Fair Labor Standards Act ("FLSA"). See 29 U.S.C. § 207; 29 C.F.R. § 778.23; 29 C.F.R. § 778.318.

1

FTS provides installation, maintenance, and repair services to customers of cable companies, including Comcast, Cox Communications, Charter, Time Warner, Suddenlink and Brighthouse, who subscribe to television, telephone and/or internet services. Pl.'s Mot. for Conditional Cert., Ex. A., ("Downey Dep.") at 38-39, 56-57. FTS currently operates in Alabama, Arkansas, Florida, Louisiana, Tennessee, Texas, California, North Carolina, and South Carolina and employs approximately 600 technicians. Id. at 55, 58-59. Unitek is the parent corporation of FTS and provides payroll and human resource services for its subsidiaries. Id. at 14-15, 25, 30. The three named Plaintiffs are employed by FTS as technicians at the Memphis, Tennessee location, which is the company's largest branch. Id. at 30. In addition, eleven current and former employees of Defendants' Tennessee, Alabama and Louisiana branches have consented to join this litigation.

In the present motion, Plaintiffs request to conditionally certify the class of all FTS technicians as similarly situated employees. In support of the motion, Plaintiffs assert that Defendants use the same employee handbook for all FTS employees and that there is one job description for all FTS technicians nationwide. Id. 112, 114. The job description of a "technician" has not been significantly altered since FTS's inception in 2006 because, as the Rule 30(b)(6) representative explained, "a technician is a technician." Id. at 62, 165. All technicians have the same job duties and responsibilities of installing cable services, repairing cable services, upgrading cable services, and handling customer complaints regardless of where they are located. Id. at 62. Although there are three levels of technicians, Plaintiffs state that the only differences between these levels is their skill set and pay rate. Id. at 67. All technicians are all subject to the same monthly evaluation by the cable companies who measure each technician's percentage of completions and quality control. Id. at 68.

As to technicians' job duties, Plaintiffs cite that all technicians receive their jobs or work orders from a router and are required to fill out routing sheets on a daily basis. Id. at 92. The routing sheets are created by Unitek's corporate finance department who sends them to local FTS branch locations with a list of each service that the technician performs at the subscriber's property and informs the company of the piece rate that the technician receives for each associated service. Id. at 72, 76, 80. While in the field, all technicians are required to stay at the subscriber's property until the cable company activates the cable services. Id. at 82, 85. In addition to the technicians' field responsibilities, all technicians at all FTS branch locations are required to attend weekly safety meetings, complete daily check-ins, and reconcile their daily routing sheet with the work orders received from the cable company, and complete weekly time sheets. Id. at 87-88, 116. However, Plaintiffs and the putative class members either deny completing weekly time sheets or contend that the weekly time sheet did not record all of their hours worked. Pl.'s Memo. in Support of Mot. for Conditional Certification ("Pl.'s Memo") at 5.

All technicians are compensated under the piece-rate compensation plan where they are paid for each type of job they perform. Id. at 99-100. All technicians are required to sign the same piece-rate agreement at the commencement of their employment showing how much will be earned per piece. Id. at 123-24. Further, FTS technicians are classified as non-exempt employees, eligible for overtime pay. Id. at 164-65. Plaintiffs claim that due to the piece-rate compensation system, they have never been paid overtime for working over forty hours per week. Pl.'s Mot. for Conditional Cert., Ex. B, ¶¶ 5.

In response, Defendants assert that Plaintiffs are not similarly situated to all nationwide technicians that they purport to represent. Defendants state that Plaintiffs have failed to allege

3

sufficient facts to show what they do, the hours they allegedly work, when and/or how often they allegedly work more than forty hours per week, the basis of their regular and extra compensation, and their alleged entitlement to overtime compensation. Further, Defendants state that the compensation of technicians varies depending the particular cable company, the hours worked by each individual technician, the skill level of each technician, and state law regulating employee compensation.

**II. Analysis**

*1. Conditional Certification*

The central issue presented in the instant motion is whether the Court should conditionally certify the class of similarly situated FTS technicians. Under the FLSA,

> [a]n action . . . may be maintained against any employer . . . in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves or other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

29 U.S.C. § 216(b). Collective actions of similarly situated employees provide for the efficient adjudication of similar claims and allow those whose claims are small and not likely to be brought on an individual basis to join together to prosecute their claims. Hoffman-La Roche, Inc. v. Sperling, 493 U.S. 165, 170 (1989). According to the Supreme Court, the district court has the discretion to determine what is an "appropriate case" for conditional certification. Id.

To determine whether a collective action is proper, federal courts in this district and others in Tennessee and the Sixth Circuit have followed an ad hoc two step approach. White v. MPW Indus. Servs., Inc., 236 F.R.D. 363, 366 (E.D. Tenn. 2006); Brasfield v. Source Broadband Servs., 2008 WL 2697261, at *1 (W.D. Tenn. Jun. 3, 2008) Shabazz v. Asurion Ins. Serv., 2008 WL

1730318, at *3 (M.D. Tenn. Apr. 10, 2008); Musarra v. Digital Dish, Inc., 2008 WL 818692, at *2 (S.D. Ohio Mar. 24, 2008); Wilks v. Pep Boys, 2005 WL 2821700, at *2 (M.D. Tenn. Sept. 26, 2006). Although the Sixth Circuit has not explicitly adopted this approach, it has acknowledged that courts utilize the two-phase inquiry in FLSA class certification proceedings. Comer v. Wal-Mart Stores, Inc., 454 F.3d 544, 546 (6th Cir. 2006).

The first step is the notice stage, in which the Court must determine whether a collective action should be certified for purposes of sending judicial notice and conducting discovery. White, 236 F.R.D. at 366. Because only minimal evidence is available to the parties and to the court at this point, the "similarly situated" question is measured by a lenient standard. Id. As such, all fact questions and credibility issues are resolved in favor of the moving party. Scott v. Heartland Home Fin., Inc., 2006 WL 1209813, at *3 (N.D. Ga. May 3, 2006).

Following the completion of discovery, the Court may make a second determination of the similarly situated question, usually in response to a motion for decertification. Shabazz, 2008 WL 1730318, at *3; White, 236 F.R.D. at 366. At this stage, the Court has sufficient information to base its decision upon the complete record. Comer, 454 F.3d at 547; White, 236 F.R.D. at 366. This second step is a specific factual consideration of each individual claim to assure that it is appropriate to be party to the collective action. Henry v. Quicken Loans, Inc., 2006 WL 2811291, at *4 (E.D. Mich. Sept. 28, 2006).

In the present case, the record contains the deposition of Unitek's Rule 30(b)(6) representative, Elizabeth Downey, and the declarations of the three named Plaintiffs and five opt-in Plaintiffs to support the assertion that all technicians are similarly situated. See Pl's. Mot. for Conditional Cert., Exhibits A & B. Upon review of the evidence, Downey stated that the job

description is the same for all the technicians at FTS and that all technicians are paid under the same piece-rate compensation plan. Downey Dep. at 62, 99-100. In their declarations, Plaintiffs and Opt-In Plaintiffs stated that they believed that the job duties of other technicians were substantially similar to their own and that all technicians are compensated under a piece-rate system and are not compensated for overtime or non-productive work hours. Monroe Decl. ¶¶ 3-8; Moore Decl. ¶¶ 3-8; Williams Decl. ¶¶ 3-8; Becton Decl. ¶¶ 3-8; Burks Decl. ¶¶ 3-8; Davis Decl. ¶¶ 3-8; Malone Decl. ¶¶ 3-8; Thornton Decl. ¶¶ 3-8. These employee-declarants, along with the rest of the eleven Opt-In Plaintiffs, worked as FTS technicians in Memphis, Tennessee, Birmingham, Alabama, and New Orleans, Louisiana. Additionally, Unitek's representative states that the job responsibilities and duties of all technicians are the same regardless of location, including "[i]nstalling cable services, repairing cable services, upgrading cable services, handling customer complaints while they're out installing cable services." Downey Dep. at 62. To further express the similar situation of the various technicians, Downey succinctly stated that "a technician is a technician." Id. at 165.

Based upon the evidence brought forth by Plaintiffs, the Court is initially persuaded that the FTS technicians are similarly situated. The technicians perform the same job functions and were all paid under the same compensation system alleged to be unlawful in this case. Thus, the Court is initially inclined to recommend that Plaintiffs' request be granted. However, Defendants raise several critical arguments that the Court must consider. First, Defendants argue that the technicians are not similarly situated because they operate in different markets, install different products, and are governed by the laws of different states. While the Court recognizes that differences exist between each individual employee, the Court realizes that certain unique circumstances will inevitably be present in a collective action. However, Section 216(b) explicitly provides for such

6

collective actions for "similarly" situated individuals. As one court stated, the putative class members need only be "similar, not identical" to the named plaintiffs for conditional certification. Crawford v. Lexington-Fayette Urban County Gov't., 2007 WL 293865, at *4 (E.D. Ky. Jan. 26, 2007). Instead of requiring identical factual situations, courts have held that a "modest factual showing" of central control of the employment circumstances resulting in the claim of illegality is sufficient for conditional certification. White, 236 F.R.D. at 366. The evidence brought forth in this case demonstrates that Defendants had central control over the compensation system and that the same piece-rate scheme applied to the compensation of all technicians. It is the lawfulness of this overarching policy that is challenged in this litigation. Thus, the Court is not persuaded by Defendants concerns that the technicians' individualized situations render a collective action imprudent.

Next, Defendants argue that Plaintiffs are not victims of a single unlawful decision, policy or plan and have failed to show Defendants' knowledge of alleged willful violations of law. Initially, the Court notes that Defendant Unitek's Rule 30(b)(6) representative acknowledged that all technicians are paid according to the same compensation program challenged by Plaintiffs. Downey Dep. at 99-100. While Defendants contend that the compensation system is not illegal, this court should not weigh the merits of the underlying claims in determining whether potential opt-in plaintiffs are similarly situated. Brasfield, 2008 WL 2697261, at *2. Further, all factual questions and issues of credibility must be resolved in favor of the moving party in a motion for conditional certification. Scott, 2006 WL 1209813, at *3. Thus, the Court is not persuaded by Defendants argument that the class should not be conditionally certified because they contend that they have not committed any illegal conduct.

7

Finally, Defendants assert that the declarations in the record are vague, conclusory, inadmissible, and merely "parrot" the Complaint. Def.'s Resp. at 11-12. However, courts in the Sixth Circuit have held that plaintiff's evidence on a motion for conditional certification must not meet the same evidentiary standards applicable to motions for summary judgment because "to require more at this stage of litigation would defeat the purpose of the two-stage analysis" under Section 216(b). White, 236 F.R.D. at 369; Crawford, 2007 WL 293865. The reason for this difference is that there is no "possibility of final disposition at the conditional certification stage." White, 236 F.R.D. at 368. "Therefore, requiring a plaintiff to present evidence in favor of conditional certification that meets the hearsay standards of the Federal Rules of Evidence fails to take into account that the plaintiff has not yet been afforded an opportunity, through discovery, to test fully the factual basis of his case." Id. Thus, the Court is persuaded that the declarations presented by Plaintiffs, which stated they are based upon their knowledge and experience, are sufficient to support conditional certification. The Plaintiffs will have further opportunity through discovery to determine the specific bases for each putative class members' claims, and Defendants will have an opportunity to file a motion to decertify the class after discovery is complete to fully address any substantive concerns relative to the class.

Following a consideration of Plaintiffs' proof and Defendants' counter-arguments, the Court opines that this case is strikingly analogous to several other cases in which courts have permitted conditional certification. Most notably, in Balazero v. Nth Connect Telecom, Incorporated, No. 07-5243, 2008 WL 552474 (N.D. Cal. May 2, 2008), the court conditionally certified for a collective action a lawsuit brought by cable installation technicians who challenged their piece-rate compensation under the FLSA and applicable state law. See Order Granting Motion for Approval

of <u>Hoffman-La Roche</u> Notice, May, 2, 2008. The <u>Balazero</u> court conducted the same two-tier inquiry into class certification and relied upon the declarations of both Plaintiffs, another employee-technician, and the employer payroll supervisor to determine that the allegations and evidence are sufficient to meet the relatively low threshold required to send conditional class notice under the FLSA. <u>Id.</u> at 4. Given the obvious similarities to the issues in the present case, the Court finds the <u>Balazero</u> court's ruling to certify the class highly relevant.

Additionally, in <u>Kautsch v. Premier Communications</u>, 504 F. Supp. 2d 685 (W.D. Mo. Jan. 23, 2007), the court considered a motion for conditional class certification of similarly situated field technicians that installed satellite television services and were compensated under a piece-rate system. <u>Id.</u> at 687-89. The court explicitly noted as follows: "No two technicians have identical circumstances. Some work longer hours than others. Some take longer to complete a job than others." <u>Id.</u> at 687. However, the court stated that, "[d]espite these differences," the employer was required to comply with the FLSA in the company-wide piece-rate compensation scheme. <u>Id.</u> As the court found that the Plaintiffs had met the "lenient notice standard" by presenting a "modest factual showing" that the putative class members are similarly situated, the court conditionally certified the class and authorized judicial notice. <u>Id.</u> at 690. This Court is likewise heavily persuaded by the <u>Kautsch</u> court's determination that conditional class certification was appropriate, especially considering its specific discussion of the individual circumstances that are inevitably present in a collective action.

In light of the factual proof presented by Plaintiffs, the lenient standard for conditional certification, and the conditional certification of highly analogous cases by other courts, the Court RECOMMENDS that Plaintiff's request for conditional certification of class by GRANTED.

9

## 2. Discovery of Potential Class Members and Judicial Notice

Next, Plaintiffs request that Defendants be required to produce a "computer readable data file containing the names, last known mailing address, last known telephone number, employee number, last four digits of the social security number, work locations, and dates of employment for all potential opt-in plaintiffs." See Pl.'s Mot. for Conditional Cert. at 1. Plaintiffs further request that the Court approve its proposed Notice of Lawsuit and authorize it to be sent to all potential opt-in Plaintiffs to apprise them of the lawsuit. See id. & Ex. E.

Defendants raise several key objections to Plaintiffs' proposed method of notice and assert that the Court "must afford Defendants the opportunity to respond and be heard on significant issues regarding the proposed notice to putative class members." Def.'s Resp. at 18. First, Defendants argue that Plaintiffs are not entitled to provide court-approved notice to all technicians employed within the last three years, claiming instead that a two-year statute of limitations should apply to this case because Plaintiffs have failed to put forth evidence to establish a willful violation as the three-year statute of limitations requires. See 29 U.S.C. § 255(a). Next, Defendants argue that Unitek should not be listed in the judicial notice because, as the parent company, it does not directly employee any technicians. Def.'s Resp. at 18. Further, Defendants claim that Plaintiffs have failed to address significant issues related to the notice procedures, including as follows:

> who bears the costs of and related to the notice to the putative class members; the appropriate and necessary restrictions on communicating with the putative class members after the notices are sent; the timeliness of the notice; the inclusion of Defendants' counsel contact information; the fact the putative class members may be required to participate in the discovery process; and the fact that putative class members may be responsible for a portion of Defendants' costs of Defendants are the prevailing parties.

Id. Additionally, Defendants contest that the Plaintiffs are erroneously listed as being "employed

10

as technicians" despite two Plaintiffs' promotions and that the notice unnecessary states that putative class members "consent to join any subsequent action to assert claims against Unitek and FTS for overtime pay." Id. at 19. Finally, Defendants assert that the proposed Notice of Lawsuit states that putative class members may participate if they were "paid by piece-rate and not paid overtime for all hours worked over forty," but Defendants argue that the FLSA provides for piece-rate compensation and that implying that such a compensation plan is improper is inappropriate. Id.

Because of the extensive issues raised by Defendants and the importance of a clear and accurate procedure for conducting any judicial notice, the Court is persuaded that Defendants' explicit request for a court hearing before the determination of these issues is appropriate. Accordingly, the Court RECOMMENDS that a hearing be held on the issues of discovery of potential class members and judicial notice if Plaintiffs' request for conditional certification is granted.

**III. Conclusion**

For the reasons set forth herein, the Court RECOMMENDS that Plaintiffs' request for conditional certification be GRANTED and that a hearing be held on Plaintiffs' request for discovery of putative class members' identities and on the manner and substance of Plaintiffs' request for court-authorized notice.

**IT IS SO ORDERED** this 23rd day of February, 2009.

s/ Gerald B. Cohn<br>
GERALD B. COHN<br>
UNITED STATES MAGISTRATE JUDGE