## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

|  |  |  |
|---|---|---|
| | : | |
| **EDWARD MONROE, FABIAN MOORE,** | : | **CIVIL ACTION** |
| **and TIMOTHY WILLIAMS, on behalf** | : | |
| **of themselves and all other similarly** | : | |
| **situated employees,** | : | |
| **Plaintiffs,** | : | |
| **v.** | : | **No. 2:08-cv-2100** |
| | : | |
| **FTS USA, LLC, and** | : | |
| **UNITEK USA, LLC,** | : | |
| **Defendants.** | : | |
| | : | |

# ORDER

AND NOW, this ____ of November, 2009, upon consideration of Defendants' Motion to Close the Opt-in Period, Motion to Strike Certain Improperly Obtained and/or Untimely Filed Consent Forms and Motion for Sanctions, and Plaintiffs' responses thereto, it is HEREBY ORDERED, ADJUDGED and DECREED that Defendants' Motions are GRANTED and that:

1. The Opt-in Period is CLOSED;

2. Those consent forms that are not in compliance with and do not mirror the Court-approved consent form are STRICKEN and DISMISSED;

3. Those consent forms filed after August 14, 2009 are STRICKEN and DISMISSED;

4. Those consent forms filed prior to March 17, 2009 are STRICKEN and DISMISSED;

5. Those consent forms filed by or on behalf of individuals not on the prospective plaintiffs list provided by Defendants are STRICKEN and DISMISSED;

6. Plaintiffs' attorneys shall remove the hyperlink located on its website that allows individuals to continue to access, fill-out and submit opt-in consent forms for this action; and

7.  Plaintiffs' attorneys are ENJOINED from pursuing FLSA claims on behalf of those individuals whose consent forms are stricken pursuant to this Order.

BY THE COURT:

_____

Bernice B. Donald, J.

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

| | | |
|---|---|---|
| **EDWARD MONROE, FABIAN MOORE,** | : | **CIVIL ACTION** |
| **and TIMOTHY WILLIAMS, on behalf** | : | |
| **of themselves and all other similarly** | : | |
| **situated employees,** | : | |
| **Plaintiffs,** | : | |
| **v.** | : | **No.  2:08-cv-2100** |
| | : | |
| **FTS USA, LLC, and** | : | |
| **UNITEK USA, LLC,** | : | |
| **Defendants.** | : | |

## DEFENDANTS' MOTION TO CLOSE THE OPT-IN PERIOD, MOTION TO STRIKE CERTAIN IMPROPERLY OBTAINED AND/OR UNTIMELY FILED CONSENT FORMS, AND MOTION FOR SANCTIONS

Defendants FTS USA, LLC ("FTS") and UniTek USA, LLC ("Unitek") (jointly, "Defendants"), by and through their undersigned counsel, hereby move this Court to: (1) re-close the opt-in period for this collective action; (2) strike certain improperly obtained and/or untimely filed opt-in consent forms; and (3) sanction Plaintiffs' counsel by ordering counsel to remove a certain hyperlink located on its website and by enjoining Plaintiffs' counsel from using any improperly acquired information to pursue separate and duplicative legal action against Defendants. The reasons for these Motions are more fully set forth in the accompanying Memorandum of Law, which is incorporated herein by reference.

WHEREFORE, Defendants respectfully request that this Court grant their Motions, close the opt-in period, strike certain improperly obtained and/or untimely filed consent forms, and sanction Plaintiffs' counsel.

Respectfully submitted,

OF COUNSEL:
ELLIOTT GREENLEAF & SIEDZIKOWSKI, P.C.

/s/ Colin D. Dougherty
Eric J. Bronstein
Raymond J. Santarelli
Colin D. Dougherty
Union Meeting Corp. Ctr.
925 Harvest Dr., Suite 300
Blue Bell, PA 19422
(215) 977-1000

Saul C. Belz
Glankler Brown
One Commerce Sq., Suite 1700
Memphis, TN, 38103
(901) 525-2389

DATED: November 9, 2009

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| | : | |
| **EDWARD MONROE, FABIAN MOORE,** | : | **CIVIL ACTION** |
| **and TIMOTHY WILLIAMS, on behalf** | : | |
| **of themselves and all other similarly** | : | |
| **situated employees,** | : | |
| **Plaintiffs,** | : | |
| **v.** | : | **No. 2:08-cv-2100** |
| | : | |
| **FTS USA, LLC, and** | : | |
| **UNITEK USA, LLC,** | : | |
| **Defendants.** | : | |
| | : | |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO
CLOSE THE OPT-IN PERIOD, MOTION TO STRIKE CERTAIN IMPROPERLY
OBTAINED AND/OR FILED CONSENT FORMS, AND MOTION FOR SANCTIONS**

Defendants FTS USA, LLC ("FTS") and UniTek USA, LLC ("Unitek"), (jointly, "Defendants"), by and through their undersigned counsel, pursuant to Local Rule 7.2(a)(1), respectfully submit this Memorandum of Law in support of their Motions To Close the Opt-In Period, To Strike Certain Improperly Obtained And/Or Filed Consent Forms, and For Sanctions.

**I.     PROCEDURAL HISTORY**

Plaintiffs filed their Complaint commencing this action on February 14, 2008, asserting claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* Specifically, Plaintiffs allege entitlement to "unpaid wages" and "overtime compensation." In addition to representing themselves, pursuant to § 216(b) of the FLSA, Plaintiffs purport to represent similarly situated individuals in a collective action. Plaintiffs claim to represent all FTS technicians who were paid under a piece-rate system and allegedly not compensated for non-productive work hours and overtime hours. In support of this intention, but before any certification order, Plaintiffs filed twenty-nine (29) consent forms.

On March 17, 2009, this Court issued its Order adopting United States Magistrate Judge Gerald B. Cohn's Report and Recommendation for conditionally certifying a collective action class. This conditionally certified class includes FTS "technicians" who worked for FTS during the course of the three years preceding March 17, 2009. In this March 17, 2007 Order, this Court approved the form of opt-in consent form that prospective plaintiffs were to sign and file with the Court if they intended to join this collective action:

> I hereby consent to join the action against FTS USA, LLC and Unitek USA, LLC as a Plaintiff to assert claims for overtime pay. During the past three years, there were occasions when I worked for FTS over 40 hours per week as a technician and did not receive overtime compensation.

Despite this Court's Order to use the above-referenced form of consent for opting into this collective action, Plaintiffs used and filed opt-in consent forms that vary substantially from that which this Court ordered. Additionally, this Court ordered that Plaintiffs were required to file any of the consent forms obtained from the prospective pool of class members on or before August 14, 2009. Despite the Order's clear and unambiguous terms setting the date, which has since passed, Plaintiffs have filed, and continue to file, consent forms on behalf of additional opt-in plaintiffs after the Court-ordered date.[1]

Defendants' Motions address several groups of defective consent forms that Plaintiffs filed in this action. For the reasons set forth below, Defendants respectfully request that the Court: (1) preclude Plaintiffs from filing of any additional consent forms; (2) strike those consent forms that were untimely filed and/or improperly obtained and not Court-approved; and (3) sanction Plaintiffs' counsel by ordering counsel to remove a certain hyperlink from their website

---

[1] Plaintiff filed their most recent consent form on October 19, 2009, more than two months after the close of the opt-in period.

and by forbidding counsel from representing those plaintiffs whose opt-in notices were improperly obtained.

## II.      DEFENDANTS' MOTION TO ENFORCE THIS COURT'S ORDER REGARDING CLOSURE OF THE OPT-IN PERIOD.

This Court ordered that Plaintiffs were permitted to file with this Court consent forms on behalf of those individuals wishing to become part of this collective action.  The Court further ordered that the consent forms be filed on or before August 14, 2009.  Plaintiffs did not seek permission from this Court nor obtain an agreement by Defendants to extend the time period. In blatant disregard of this Court's Order, Plaintiffs continue to file opt-in consent forms more than two (2) months after the Court-ordered opt-in period closed.   Since the close of the opt-in period, Plaintiffs filed twenty-six untimely consent forms (roughly 8% of the entire class). Defendants respectfully request that this Court enforce its previous Order, close the opt-in period, and forbid Plaintiffs from filing any additional opt-in notices.

## III.     DEFENDANTS' MOTION TO STRIKE CERTAIN OPT-IN NOTICES AS UNTIMELY FILED AND IMPROPERLY OBTAINED.

Defendants request that this Court strike several categories of consent forms. Specifically, the consent forms at issue fall into four categories.[2]  First, many of the consent forms were filed <u>after</u> the Court-imposed opt-in period elapsed.  Second, a significant percentage of consent forms were filed via an <u>unapproved</u> consent form.  Third, many individuals filed forms to attempt to opt-in to this action before this Court granted conditional certification of a collective class.  Finally, several individuals who have opted-in to this action do <u>not</u> appear on the list of prospective plaintiffs furnished by Defendants.  For the reasons that follow, this Court must cancel and strike those consent forms that fall into any of these four categories.

---

[2] In certain instances, individual consent forms fall into multiple categories.

In *Hoffman-LaRoche*,[3] the Supreme Court acknowledged that collective actions under §

216(b) raise the potential for serious abuse during the certification stage, including the use of

"misleading communications" between the named-plaintiffs' counsel and prospective opt-in

plaintiffs.  493 U.S. 165 (1989)  Because of this potential, the Supreme Court concluded that

district courts have "'both the duty and the broad authority'" to "'enter appropriate orders

governing the conduct of counsel and the parties.'"  *Id.* at 171 (quoting and adopting reasoning

from *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 101 (1981)); *see Ojeda-Sanchez v. Bland Farms*, 600

F. Supp. 2d 1373, 1378 (S.D. Ga. 2009) (noting that court had the duty and authority to enter

appropriate orders governing conduct of counsel and parties).  Indeed, once a collective action is

filed, the district court "has a managerial responsibility to oversee the joinder of additional

parties to assure that the task is accomplished in an efficient and proper way."  *Hoffman-*

*LaRoche*, 493 U.S. at 170-71; *Bouder v. Prudential Fin., Inc.*, No. 06-4359, 2007 WL 3396303,

*2 (D.N.J. Nov. 8, 2007) ("The Supreme Court of the United States has made clear that a district

court has a managerial responsibility to oversee the process by which putative class members are

given notice of, and allowed to join a § 216(b) collective action.").  By involving itself in the

process, including the development and approval of the notice and consent forms, the Court

ensures that the preparation, distribution, and filing of consent forms "is timely, accurate, and

informative," and, as a result, avoids the need to "*cancel* consents obtained in an *improper*

*manner.*"  *Hoffman-LaRoche*, 493 U.S. at 172 (emphasis added).  Therefore, under *Hoffman-*

---

[3] *Hoffman-LaRoche* involved plaintiffs who alleged discrimination on the basis of age, pursuant to the Age Discrimination in Employment Act ("ADEA").  The ADEA, however, incorporates § 216(b) of the FLSA for the purpose of enforcing the rights granted by the ADEA.  *See Hoffman-LaRoche*, 110 U.S. at 485 (reminding that ADEA is enforced through certain FLSA provisions, including § 216(b)).  Thus, while factually the *Hoffman-LaRoche* Court involved an ADEA case, substantively, the Court interpreted and applied § 216(b) of the FLSA.  As a result, the reasoning in *Hoffman-LaRoche* applies directly to this case.

*LaRoche*, district courts possess the authority to (1) intervene in the "notice process for case management purposes," and (2) cancel consent forms that are improperly obtained or filed.[4]

Here, this Court exercised its discretion and intervened in the notice stage of this collective action when it approved and ordered (1) the form of notice and consent that Plaintiffs were required to send to prospective class members, and (2) a period of time during which prospective class members could file consent forms with the Court (the "opt-in period"); this opt-in period closed. Disregarding these and other Orders, Plaintiffs filed a significant percentage of defective consent forms. Pursuant to the guidelines set forth in *Hoffman-LaRoche*, Defendants respectfully request that this Court enforce its Orders by (1) invoking its managerial authority over the notice and opt-in period, and (2) "cancelling," striking, and dismissing the defective consents. *Hoffman-LaRoche*, 493 U.S. at 170-71.

**A.    This Court Should Strike as Untimely Those Opt-in Notices that Plaintiffs Filed After the Close of the Opt-In Period.**

Plaintiffs continue filing consent forms despite the Court-ordered closing of the opt-in period almost two months ago. Because these late filings violate this Court's Order, Rule 6(b)(1)(B) of the Federal Rules of Civil Procedure, and prejudice Defendants, this Court must strike all of the untimely consent forms.

First, this Court must strike the untimely consent forms because the forms violate this Court's Order. This Court established that Plaintiffs' could file consent forms for *all* persons intending to join this collective action up until August 14, 2009. A total of twenty-six (26)

---

[4] As is evidenced by its most recent filing (*see* Doc. No. 149), Plaintiffs are well-aware of the managerial responsibilities this Court shoulders under *Hoffman-Laroche*. Despite this knowledge, Plaintiffs have engaged in a pattern of activity that subverts this Court's authority by routinely ignoring this Court's Orders. Rather than adhering to *Hoffman-LaRoche* (and this Court) only when convenient, Plaintiffs must abide by this Court's notice and pre-notice Orders and prosecute their claim in a manner that comports with the FLSA, *Hoffman-LaRoche*, and this Court's authority.

consent forms were filed <u>after</u> the opt-in period closed.  (*See* Ex. A, List of Untimely Consent Forms.)  Plaintiffs' filing of these untimely consent forms is in direct violation of this Court's Order.  Enforcing this Court's own Order is consistent with, if not required by, *Hoffman-LaRoche*, as intervention in the notice stage of a § 216(b) action carries with it a corollary duty to enforce any managerial orders the court issues.  110 U.S. at 487.  If a court intervenes in the notice and opt-in stage of a collective action, but then permits filings that contravene the court's own orders, the court would offend the same policy grounds that provide the basis for intervention in the first place (*i.e.*, case management, preventing abuse, etc.).  Indeed, the Supreme Court would not have emphasized the importance of "setting cutoff dates" if it envisioned district courts failing to enforce deadlines.  *Id.* ("Court authorization of notice serves the goal of . . . *setting cutoff dates to expedite disposition of the action.*" (emphasis added)); *see Nerland v. Caribou Coffee Co.*, 564 F. Supp. 2d 1010, 1036-37 (D. Minn. 2007) (denying plaintiffs' motion to reopen the opt-in period because purpose of setting cutoff dates is to "avoid a never-ending certification process" and because the opt-in period established by the court "was intended to be for a finite period").  Consequently, to aid the management and disposition of this case and to comply with the Supreme Court's directives in *Hoffman-LaRoche*, the Court must enforce its scheduling order and strike the untimely consent forms.

Second, the untimely consent forms violate Rule 6(b)(1)(B) of the Federal Rules of Civil Procedure, because, rather than moving this Court to extend the opt-in period, Plaintiffs simply filed consent forms after the deadline for such filings passed.  Under Rule 6(b)(1)(B), if a party must complete an "act" within a specified period of time, and that period of time has elapsed, the court can only extend the deadline "on motion made after the time has expired if the party failed to act because of excusable neglect."  *See also* W.D. Tenn.  Loc. R. 6 (incorporating Fed. R. Civ.

Proc. 6 for purposes of computing time).  Significantly, under Rule 6(b)(1)(B), district courts do not exercise discretion to extend, *sua sponte*, set deadlines that have passed.  In fact, while Rule 6(b)(1)(A) explicitly grants district courts the power to extend certain deadlines prior to expiration, after expiration, district courts cannot extend the deadline absent a motion by the party seeking the extension and a corresponding showing of excusable neglect.  *See Am.'s Collectibles Network, Inc. v. Syndicate 1414*, No. 08-cv-96, 2009 WL 2929417 (E.D. Tenn. Sept. 8, 2009) (stating that because relevant deadline had passed, court could grant an extension only on motion that made showing of excusable neglect).[5]

The requirements of Rule 6(b)(1)(B) apply to the Court-established deadlines for filing consent forms in a collective action.  *Courtright v. Board of Commissioners of Payne County*, No. 08-230, 2009 WL 2916897, *1 (W.D. Okla. Sept. 4, 2009).  In *Courtright*, two plaintiffs in a § 216(b) collective action under the FLSA filed untimely consent forms.  Having found the consent forms were filed after the opt-in period ended, the district court concluded that, under Rule 6(b)(1)(B), the court could excuse the late filings only if so moved.  Because the *Courtright* plaintiffs "neither filed a motion nor attempted to show excusable neglect," the court struck the untimely consent forms, holding that such consents must be disregarded for the purposes of the collective action.  *Id.* at *2; *cf. Klein v. O'Neal, Inc.*, No. 03-102, 2009 WL 1174638, *4 (N.D. Tex. Apr. 29, 2009) (applying, among other principles, Rule 6(b)(1)(B) to determine whether to allow Rule 23 class member to opt-out of class after deadline for doing so passed); *Cox v. Appliance Direct Inc.*, No. 08-216, 2008 WL 4790729, *1 (M.D. Fla. Oct. 29, 2008) (denying plaintiff's attempt to add twenty-one additional opt-in class members because consent forms

---

[5] The *Am.'s Collectibles Network* opinion and all other unreported opinions cited and relied upon in this Memorandum of Law are attached hereto as Exhibit "H."

were unjustifiably untimely); *Moya v. Pilgram's Pride Corp.*, No. 06-1249, 2006 WL 3486739, *2 (E.D. Pa. Nov. 30, 2006) (dismissing several untimely opt-in notices because opt-in plaintiffs had not even attempted to make a showing of good cause for their failure to timely file consent forms).

Here, Plaintiffs have not moved this Court to extend the opt-in period, and, even if they had, Plaintiffs could not make a showing of good cause or excusable neglect because Plaintiffs have enjoyed <u>over five months to procure the requisite consent forms</u>. Thus, because Plaintiffs never filed a motion to show good cause or excusable neglect, Plaintiffs are in violation of Rule 6. Accordingly, this Court must strike all twenty-six untimely filed consent forms.

Plaintiffs' endless stream of consent forms prejudices Defendants because the number of untimely filings (twenty-six in total) represents a significant increase in the number of total opt-in plaintiffs.[6] This increase in opt-in plaintiffs presents a sizable hurdle that will impede this case's reasonable and efficient progression. Discovery has been ongoing for many months in anticipation of the second stage of the certification procedure: Defendants' motion to decertify the conditionally certified class of technicians. *See O'Brien v. Ed Donnelly Enterprises, Inc.*, 575 F.3d 567, 584 (6th Cir. 2009) (detailing the two-stage certification procedure). A motion to decertify raises fact-intensive questions relating to whether each of the opt-in plaintiffs is similarly situated with the named Plaintiffs. Allowing numerous opt-in notices to trickle in after the close of the opt-in period requires Defendants to conduct additional discovery as to whether the new plaintiffs qualify as class members. This additional discovery will, in turn, delay Defendants from filing their motion to decertify the class, creating a "never-ending certification"

---

[6] Moreover, based on Plaintiffs' penchant for late filings, the number of untimely consent forms may continue to grow. (*See* Ex. B, Docket Report (listing dates on which untimely consent forms were filed).)

process that inevitably prejudices Defendants, delays litigation, and wastes this Court's valuable resources. *See Nerland*, 564 F. Supp. 2d at 1037. Therefore, this Court must strike the untimely consents so that the parties can, without further distraction or delay, engage in the challenging and time-consuming process of determining whether the opt-in plaintiffs are, in fact, similarly situated.

### B.     This Court Must Strike as Improperly Obtained Those Consent Forms Filed via an Unapproved Form.

In blatant disregard of this Court's Order, Plaintiffs filed numerous opt-in notices using a form not approved by this Court. Using these unapproved forms is improper, and those are subject to cancellation. *See, Hoffman-LaRoche*, 493 U.S. at 172; *Heitman v. City of Chicago*, No. 04-3304, 2004 WL 1718420, *2 (N.D. Ill. 2004).

In connection with granting conditional certification, this Court ordered that Plaintiffs were required to obtain consent from prospective class members on the approved form. The Court-required consent reads:

> I hereby consent to join the action against FTS USA, LLC and Unitek USA, LLC as a Plaintiff to assert claims for overtime pay. During the past three years, there were occasions when I worked for FTS over 40 hours per week as a technician and did not receive overtime compensation.

(*See* Ex. C, Example of Court-Approved Consent Form.) As the Supreme Court recognized in *Hoffman-LaRoche*, the notice and opt-in stage of a collective action invites the inherent risk of misleading communications aimed at incorporating as many prospective plaintiffs as possible into the collective action. By approving uniform notice and consent forms, this Court took strides to prevent the improper solicitation of individuals by monitoring the content of the materials that Plaintiffs' counsel could distribute. Disregarding this Court's instruction,

Plaintiffs have filed unapproved consent forms on behalf of forty-three (43) individuals, representing approximately fourteen percent of the class.  The unapproved form reads:

> I hereby consent to join the action against FTS USA, LLC ("FTS") and Unitek USA ("Unitek") as a Plaintiff to assert claims for overtime pay.  If this case does not proceed collectively, I also consent to join any subsequent action to assert claims against FTS and/or Unitek for overtime pay.  During the past three years, there were occasions when I worked over 40 hours per week as an installer or technician and did not receive overtime compensation.

(*See* Ex. D, Example of Unapproved Consent Form; *see* Ex. E, List of the Filed Unapproved Consent Forms.)  Plaintiffs' improper use of this unapproved consent form undermines this Court's authority and its ability to oversee the certification process.  *See Hoffman-LaRoche*, 493 U.S. at 487.  Indeed, courts recognizing this problem have struck unapproved consent forms.  *See Heitman v. City of Chicago*, No. 04-3304, 2004 WL 1718420, *2 (N.D. Ill. 2004) (striking consent forms because consent was procured via notice that was not approved by the court or the defendant); *see also Woods v. New York Life Ins. Co.*, 686 F.2d 578, 580 (7th Cir. 1982) (announcing rule that it was inappropriate for counsel, after suit had been filed, to send notices to potential plaintiffs without first receiving defendant's or court's approval).  Accordingly, because the unapproved consent forms violate the Court's approved form and undermine the Court's authority, pursuant to *Hoffman-LaRoche*, this Court must strike the unapproved consent forms.

Should this Court permit Plaintiff's unapproved forms, it must invalidate the portion of the unapproved form that differs from the approved consent forms because that portion does not relate to this action.  Specifically, the unapproved form contains the following sentence: "If this case does not proceed collectively, I also consent to join any subsequent action to assert claims against FTS and/or Unitek for overtime pay."  This sentence purports to give consent to an unknown and speculative action that does not now and may not ever materialize.  As such, the

consent to join this future action is premature, and, as a result, this Court must strike that portion of the consent that does not apply to this action.[7]

### C.   Because Plaintiffs Procured Opt-in Consent Forms Prior to Giving this Court the Opportunity to Manage the Notice and Opt-in Stage of this Litigation, the Court Must Strike those Consent Forms Filed Before the Court Granted Conditional Certification.

Plaintiffs improperly filed consent forms on behalf of prospective class members prior to this Court granting conditional certification.  Because such premature filings are improper and contrary to the Supreme Court's holding in *Hoffman-LaRoche*, the Court must strike those consent forms filed prior to March 17, 2009.

Before this Court granted conditional approval on March 17, 2009, Plaintiffs filed approximately twenty-nine consent forms.  (*See* Ex. F, List of Premature Consent Forms.)  Such consent forms are premature and improper.  *Bouder*, 2007 WL 3396303, at *2.  In *Bouder*, the court reasoned that a plaintiff's pre-certification solicitation efforts "usurp[] [a] Court's power and statutory duty to oversee the FLSA-mandated process for court-facilitated notice to potential collective action members, including the fair content of such notice."  *Bouder*, 2007 WL 3396303, at *2.  "More fundamentally, [a plaintiff's pre-certification solicitation efforts] preempt [a] Court's ability to determine whether and to whom class-wide notice was appropriate."  *Id.* Indeed, the *Bouder* court concluded that "before an individual plaintiff may give notice to other potential class members of their right to opt-in as a party to an FLSA lawsuit, the district court has the discretionary authority whether to approve the notification of the putative class members."  *Id.*

---

[7] The opt-in plaintiffs can choose whether to pursue further legal action after this Court grants a motion to decertify.  Moreover, by accepting the unapproved portions of the consent forms in this matter, this Court would seemingly bind a sister court to include certain plaintiffs in any future action.

The reasoning of the *Bouder* court is consistent with the managerial duties the Supreme Court directs in *Hoffman-LaRoche*.  Moreover, structuring the pre-certification posture of a putative collective action in such a manner is sound from a practicality standpoint, as Plaintiffs will not know who is eligible to receive notice of a collective action until *after* the court conditionally certifies a particular class of individuals.  In fact, those plaintiffs who file an opt-in notice prior to conditional certification have not opted-in to a collective action, because no collective action existed until after conditional certification.   Therefore, because Plaintiffs solicited consent forms prior to seeking this Court's "permission to proceed as a collective action," this Court must strike all consent forms filed prior to March 17, 2009, the day on which this court granted conditional certification.  *Cf. Id.* (precluding plaintiffs' counsel from sending solicitation letter prior to seeking court's approval to proceed as a collective action).

> **D.**    **Because a Large Number of Opt-in Plaintiffs are Not on the List Defendants Provided to Plaintiffs, this Court Must Strike Those Consents and/or Require Plaintiffs to Explain the Manner by which They Solicited These Opt-in Plaintiffs.**

In connection with this Court's conditional certification order, Defendants produced a list of potential plaintiffs for the named Plaintiffs and their counsel to use for purposes of sending notice of the collective action.   Curiously, several of the individuals who have filed consent forms are <u>not</u> on the list that Defendants produced.  (*See* Ex. G, List of Unknown Individuals.) The inclusion of these names is likely the result of Plaintiffs' <u>independent solicitation efforts</u>.  As discussed above, the purpose of district court involvement in the early stages of a § 216(b) action is, in large measure, to avoid cavalier behavior during the notice and opt-in stage of the litigation.  Thus, it is the district court's duty to determine the group of individuals who will receive notice of a collective action and to develop the content of the solicitation materials that the group will receive. *Bouder*, 2007 WL 3396303, at *2 (reasoning that notice of a collective

12

action must be accomplished in accordance with the district court's orders). Simply put, "attorneys are not permitted unilaterally to send unsolicited notices regarding the case to putative FLSA class members not yet parties to an action conditionally certified by the Court." *Id.* Because Plaintiffs acted outside of the Court's specific direction, Defendants request that this Court must strike those individuals who were not on the list produced by Defendants.

In addition, the Court must require Plaintiffs to detail their solicitation efforts so that Defendants and this Court can determine whether Plaintiffs have sent or transmitted false and/or misleading information to prospective plaintiffs. *See Bouder*, 2007 WL 3396303, at *2 (finding that plaintiffs proposed notice letter was false and misleading and, therefore, preventing plaintiffs from sending the letter). Requiring Plaintiffs to set forth the precise manner in which they have solicited additional plaintiffs will allow Defendants to ensure that opt-in plaintiffs are not consenting to join this action under false pretenses and will allow this Court to perform its gatekeeping duties under *Hoffman-LaRoche*.

## IV.   <u>MOTION FOR SANCTIONS</u>

Because Plaintiffs consistently disregarded this Court's authority and Orders, this Court must sanction Plaintiffs: (1) by requiring Plaintiffs' counsel to remove the hyperlink located on its website that allows individuals to access, fill-out, and return an unapproved opt-in consent form for this action; and (2) by precluding Plaintiffs' counsel from representing any of the opt-in plaintiffs' whose consents this Court finds to be improperly obtained.

First, because the opt-in period is now closed, Plaintiffs are no longer able to properly file consent forms on behalf of additional opt-in plaintiffs. Despite this fact, Plaintiffs' counsel continues to provide a hyperlink to a consent form for prospective plaintiffs to fill out and

return.[8]  *See* Nichols Kaster, *http://www.nka.com/Cases/FTSUSALLC.aspx?CaseRef=91* (last visited November 9, 2009); Consent to Join FLSA Action, *available at http://www.overtimecases.com/cases/DOCUMENTS/FTSRevisedConsent.pdf* (last visited November 9, 2009).  Because the filing of any additional consent forms is precluded under the terms of this Court's previous scheduling order, this Court must require Plaintiffs' counsel to remove the hyperlink from its webpage.  Such an order will assist in eliminating the need to re-litigate the issue of untimely consent form filings in the future.  Accordingly, this Court must sanction Plaintiffs' attorneys by requiring them to eliminate this hyperlink.

Second, as discussed above, Plaintiffs' counsel repeatedly exceeded the scope of this Court's Orders in seeking to find individuals willing to take part in this action.  A total of sixty-four (64) consent forms are improper due to at least one of the following defects: (1) untimely nature of the filing, (2) unapproved nature of the form, and/or (3) unapproved nature of the solicitation.  This number represents over twenty percent of the entire class of plaintiffs in this action.  Moreover, a large percentage of the flawed consent forms suffer from more than one defect.  These statistics clearly demonstrate a lack of attention to this Court's orders that has resulted in prejudice to Defendants and in an increased burden to this Court.  Moreover, merely striking these consent forms will not alleviate these concerns.

Because Plaintiffs can file FLSA claims apart from a pending collective action, Plaintiffs' counsel will be rewarded for their inappropriate efforts by simply re-filing an action on behalf of those individuals whose consents this Court strikes.  Defendants do not suggest that this Court strip a prospective plaintiff the right to sue.  Instead, Defendants merely request that the Court

---

[8] In fact, Plaintiffs' counsel hyperlink takes prospective plaintiffs to a webpage displaying the unapproved consent form, in an apparent affront to this Court's order approving a specific consent form.

14

prevent Plaintiffs' counsel from benefiting from their inappropriate recruiting and solicitation techniques.   Accordingly, this court must enjoin Plaintiffs' counsel from representing any individual whose consent this Court strikes as improperly obtained.

## IV.   **CONCLUSION**

Plaintiffs have repeatedly violated this Court's Orders governing the notice and opt-in procedures for this § 216(b) collective action.   Accordingly, this Court must close the opt-in period; strike the improperly obtained and/or untimely filed consent forms; sanction Plaintiffs' counsel for their disregard of this Court's authority; and, grant Defendants such other relief as appropriate.

Respectfully submitted,

*/s/ Colin D. Dougherty*

OF COUNSEL:
ELLIOTT GREENLEAF & SIEDZIKOWSKI, P.C.

Eric J. Bronstein
Raymond J. Santarelli
Colin D. Dougherty
Union Meeting Corp. Ctr.
925 Harvest Dr., Suite 300
Blue Bell, PA 19422
(215) 977-1000

Saul C. Belz
Glankler Brown
One Commerce Sq., Suite 1700
Memphis, TN, 38103
(901) 525-2389

DATED: November 9, 2009

# Exhibit "A"

# Consent Forms Filed After the Court-Ordered Opt-in Period
## <u>Closed on August 14, 2009</u>

| | **Filing Date** | **Name** |
|---|---|---|
| **1** | 10/19/2009 | Schwartz, Dwayne |
| **2** | 10/8/2009 | Padgett, Alex |
| **3** | 10/5/2009 | Charles, Robert |
| **4** | 10/1/2009 | Briggs, Jeffrey |
| **5** | 9/29/2009 | Fountain, Garrett |
| **6** | 9/23/2009 | Clark, Marvin |
| **7** | 9/22/2009 | Boatright, Aaron |
| **8** | 9/15/2009 | Dupie, Frank |
| **9** | 9/14/2009 | Reed, Joseph |
| **10** | 9/4/2009 | Reddy, Srinivas |
| **11** | 8/28/2009 | Agnew, Dwayne |
| **12** | 8/28/2009 | Bennett, John |
| **13** | 8/28/2009 | Curtis, Brandon |
| **14** | 8/28/2009 | Dumas, James |
| **15** | 8/28/2009 | Espinoza, Jesus |
| **16** | 8/28/2009 | Gill, Floyd |
| **17** | 8/28/2009 | Harding, Terry |
| **18** | 8/28/2009 | Harvey, Trennis |
| **19** | 8/28/2009 | Klorres, Kristopher |
| **20** | 8/28/2009 | Olofinsua, Solomon |
| **21** | 8/28/2009 | Richardson, Darnell |
| **22** | 8/28/2009 | Silva, Gregory |
| **23** | 8/28/2009 | Spikes, Carlos |
| **24** | 8/28/2009 | Stanford, Curtis |
| **25** | 8/28/2009 | Wilkerson, D'Andre |
| **26** | 8/28/2009 | Zambrano, Rafael |

# Exhibit "B"

# U.S. District Court
## Western District of Tennessee (Memphis)
## CIVIL DOCKET FOR CASE #: 2:08-cv-02100-BBD-cgc

Monroe et al v. FTS USA, LLC et al
Assigned to: Judge Bernice B. Donald
Referred to: Magistrate Judge Charmiane G. Claxton
Cause: 29:201 Denial of Overtime Compensation

Date Filed: 02/14/2008
Jury Demand: Plaintiff
Nature of Suit: 710 Labor: Fair Standards
Jurisdiction: Federal Question

**Plaintiff**

**Edward Monroe**
*on behalf of themselves and all other similiarly situated employees*

represented by **Donald A. Donati**
DONATI LAW FIRM LLP
1545 Union Ave.
Memphis , TN 38104
901-278-1004
Fax: 901-278-3111
Email: don@donatilawfirm.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Donald H. Nichols**
NICHOLS KASTER, PLLP
4600 IDS Center
80 South 8th Street
Minneapolis , MN 55402
612-256-3200
Fax: 612-338-4878
Email: nichols@nka.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Paul J. Lukas**
NICHOLS KASTER, PLLP
4600 IDS Center
80 South 8th Street
Minneapolis , MN 55402
612-256-3200
Fax: 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
Email: lukas@nka.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Rachhana T. Srey**
NICHOLS KASTER, PLLP
4600 IDS Center
80 South 8th Street

Minneapolis , MN 55402
612-256-3200
Fax: 612-215-6870
Email: srey@nka.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Thomas Franklin Donaldson , Jr.**
THOMAS F. DONALDSON, JR.,
ATTORNEY AT LAW
P.O. Box 949
Marion , AR 72364
870-739-4403
Email: tom@donaldsonlawfirm.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**William B. Ryan**
DONATI LAW FIRM, LLP
1545 Union Ave.
Memphis , TN 38104
901-278-1004
Fax: 901-278-3111
Email: billy@donatilawfirm.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Robert L. Schug**
NICHOLS KASTER, PLLP
4600 IDS Center
80 South 8th Street
Minneapolis , MN 55402
612-256-3200
Fax: 612-338-4878
Email: rschug@nka.com
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Fabian Moore**
*on behalf of themselves and all other*
*similarly situated employees*

represented by **Donald A. Donati**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Donald H. Nichols**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Paul J. Lukas**
(See above for address)

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Rachhana T. Srey**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Thomas Franklin Donaldson , Jr.**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**William B. Ryan**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Robert L. Schug**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Timothy Williams**
*on behalf of themselves and all other*
*similarly situated employees*

represented by **Donald A. Donati**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Donald H. Nichols**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Paul J. Lukas**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Rachhana T. Srey**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Thomas Franklin Donaldson , Jr.**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**William B. Ryan**
(See above for address)

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Robert L. Schug**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**FTS USA, LLC**                    represented by    **Colin D. Dougherty**
ELLIOTT GREENLEAF &
SIEDZIKOWSKI, PC
925 Harvest Drive
Suite 300
Blue Bell , PA 19422
215-977-1000
Fax: 215-977-1099
Email: cdd@elliottgreenleaf.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Eric J. Bronstein**
ELLIOTT GREENLEAF &
SIEDZIKOWSKI, PC
925 Harvest Drive
Suite 300
Blue Bell , PA 19422
215-977-1000
Fax: 215-977-1099
Email: ejb@elliottgreenleaf.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kathyrn M. Schilling**
ELLIOTT GREENLEAF &
SIEDZIKOWSKI, P.C.
925 Harvest Drive
Suite 300
Blue Bell , PA 19422
215-977-1000
Email: kms@elliottgreenleaf.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Raymond J. Santarelli**
ELLIOTT GREENLEAF &
SIEDZIKOWSKI, PC
925 Harvest Drive
Suite 300

Blue Bell , PA 19422
215-977-1000
Fax: 215-977-1099
Email: rjs@elliottgreenleaf.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Saul C. Belz**
GLANKLER BROWN
One Commerce Sq.
Ste. 1700
Memphis , TN 38103
901-525-1322
Fax: 901-525-2389
Email: sbelz@glankler.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Unitek USA, LLC**                represented by **Colin D. Dougherty**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Eric J. Bronstein**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kathyrn M. Schilling**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Raymond J. Santarelli**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Saul C. Belz**
(See above for address)
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 02/14/2008 | 1 | COMPLAINT against FTS USA, LLC, Unitek USA, LLC, filed by Edward Monroe, Fabian Moore, Timothy Williams. (Attachments: # 1 Civil Cover Sheet, # 2 Exhibit A, # 3 Judge's card)(jml, ) (Entered: 02/14/2008) |
| 02/14/2008 | 2 | Case initiation fee: $ 350.00, receipt number M111870 (agj, ) (Entered: 02/15/2008) |

| 02/15/2008 | 3 | Summons Issued as to Unitek USA, LLC. (vjm, ) (Entered: 02/15/2008) |
|---|---|---|
| 02/15/2008 | 4 | Summons Issued as to FTS USA, LLC. (vjm, ) (Entered: 02/15/2008) |
| 02/25/2008 | 5 | SUMMONS Returned Executed by Edward Monroe. FTS USA, LLC served on 2/22/2008, answer due 3/13/2008. (Ryan, William) (Entered: 02/25/2008) |
| 03/03/2008 | 6 | SUMMONS Returned Executed by Edward Monroe. Unitek USA, LLC served on 2/25/2008, answer due 3/17/2008. (Ryan, William) (Entered: 03/03/2008) |
| 03/13/2008 | 7 | NOTICE of Appearance by Saul C. Belz on behalf of FTS USA, LLC (Belz, Saul) (Entered: 03/13/2008) |
| 03/13/2008 | 8 | MOTION to Dismiss *Plaintiffs' Collective Action Complaint, or Alternatively, for a More Definite Statement - Proposed Order Submitted* by FTS USA, LLC. (Attachments: # 1 Memorandum in Support of Motion to Dismiss Plaintiffs' Collective Action Complaint, or Alternatively, for a More Definite Statement)(Belz, Saul) (Entered: 03/13/2008) |
| 03/31/2008 | 9 | NOTICE by Edward Monroe, Fabian Moore, Timothy Williams *Notice of Consent Filing (1)* (Attachments: # 1 Consent, # 2 Certificate of Service) (Nichols, Donald) (Entered: 03/31/2008) |
| 04/03/2008 | 10 | RESPONSE to Motion re 8 MOTION to Dismiss *Plaintiffs' Collective Action Complaint, or Alternatively, for a More Definite Statement - Proposed Order Submitted* filed by Edward Monroe, Fabian Moore, Timothy Williams. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Srey, Rachhana) (Entered: 04/03/2008) |
| 04/08/2008 | 11 | NOTICE by Edward Monroe, Fabian Moore, Timothy Williams *Notice of Consent Filing (6)* (Attachments: # 1 Consents, # 2 Certificate of Service) (Nichols, Donald) (Entered: 04/08/2008) |
| 04/11/2008 | 12 | NOTICE by Edward Monroe, Fabian Moore, Timothy Williams *Notice of Consent Filing (2)* (Attachments: # 1 Consents, # 2 Certificate of Service) (Nichols, Donald) (Entered: 04/11/2008) |
| 04/14/2008 | 13 | MOTION for Leave to Appear Pro Hac Vice *of Eric J. Bronstein - Proposed Order Submitted* by all defendants. (Attachments: # 1 Exhibit Declaration of Eric J. Bronstein, # 2 Exhibit Eric J. Bronstein Certificate of Good Standing) (Belz, Saul) (Entered: 04/14/2008) |
| 04/14/2008 | 14 | MOTION for Leave to Appear Pro Hac Vice *of Kathryn M. Schilling - Proposed Order Submitted* by all defendants. (Attachments: # 1 Exhibit Kathryn M. Schilling Declaration, # 2 Exhibit Kathryn M. Schilling Certificate of Good Standing)(Belz, Saul) (Entered: 04/14/2008) |
| 04/14/2008 | 15 | MOTION for Leave to Appear Pro Hac Vice *of Raymond J. Santarelli - Proposed Order Submitted* by all defendants. (Attachments: # 1 Exhibit Raymond J. Santarelli Declaration, # 2 Exhibit Raymond J. Santarelli Certificate of Good Standing)(Belz, Saul) (Entered: 04/14/2008) |
| 04/14/2008 | 16 | MOTION for Leave to Appear Pro Hac Vice *of Colin D. Dougherty -* |

| | | |
|---|---|---|
| | | *Proposed Order Submitted* by all defendants. (Attachments: # 1 Exhibit Coliln D. Dougherty Declaration, # 2 Exhibit Colin D. Dougherty Certificate of Good Standing)(Belz, Saul) (Entered: 04/14/2008) |
| 04/14/2008 | 17 | NOTICE by Edward Monroe, Fabian Moore, Timothy Williams *Notice of Consent Filing (2)* (Attachments: # 1 Consents, # 2 Certificate of Service) (Nichols, Donald) (Entered: 04/14/2008) |
| 04/16/2008 | 18 | COURTESY NOTICE: Pursuant to Rule 5 of the Federal Rules of Civil Procedure, document 14 MOTION for Leave to Appear Pro Hac Vice *of Kathryn M. Schilling - Proposed Order Submitted* filed by FTS USA, LLC, Unitek USA, LLC, 15 MOTION for Leave to Appear Pro Hac Vice *of Raymond J. Santarelli - Proposed Order Submitted* filed by FTS USA, LLC, Unitek USA, LLC, 13 MOTION for Leave to Appear Pro Hac Vice *of Eric J. Bronstein - Proposed Order Submitted* filed by FTS USA, LLC, Unitek USA, LLC, 16 MOTION for Leave to Appear Pro Hac Vice *of Colin D. Dougherty - Proposed Order Submitted* filed by FTS USA, LLC, Unitek USA, LLC has been filed. For future reference, please note that motion pro hac vices are to be submitted through the proper phv link located on the website under ecf policies and procedures. Thank you and if you have questions please call 901-495-1505.. Filer is not required to resubmit document. (jml, ) (Entered: 04/16/2008) |
| 04/16/2008 | 19 | Filing fee: $ 400, Motion Pro Hac Vice receipt number M112772 as to attorneys Eric J. Bronstein, Kathryn M. Schilling, Raymond J. Santarelli, Coliln D. Dougherty. (jml, ) (Entered: 04/16/2008) |
| 04/17/2008 | 20 | NOTICE by Edward Monroe, Fabian Moore, Timothy Williams *Notice of Consent Filing (1)* (Attachments: # 1 Consent, # 2 Certificate of Service) (Nichols, Donald) (Entered: 04/17/2008) |
| 04/22/2008 | 21 | ORDER granting 13 Motion for Leave to Appear Pro Hac Vice; granting 14 Motion for Leave to Appear Pro Hac Vice; granting 15 Motion for Leave to Appear Pro Hac Vice; granting 16 Motion for Leave to Appear Pro Hac Vice. Signed by Judge Bernice B. Donald on 4/22/2008. (Donald, Bernice) (Entered: 04/22/2008) |
| 04/23/2008 | 22 | SETTING LETTER: Scheduling Conference set for 5/20/2008 09:30 AM in Courtroom 5 - Memphis before Magistrate Judge Diane K. Vescovo. Please email the proposed joint scheduling order to ECF_Judge_Vescovo@tnwd.uscourts.gov by Wednesday, May 14, 2008. If the order is approved and filed, the conference will be canceled.Please see Judge Vescovo's Rule 16(b) instructions and form order at www.tnwd.uscourts.gov/judgevescovo.(Vescovo, Diane) (Entered: 04/23/2008) |
| 05/12/2008 | 23 | NOTICE by Edward Monroe, Fabian Moore, Timothy Williams *Notice of Withdrawal Filing* (Attachments: # 1 Certificate of Service)(Srey, Rachhana) (Entered: 05/12/2008) |
| 05/14/2008 | 24 | NOTICE by Edward Monroe, Fabian Moore, Timothy Williams *Notice of Consent Filing (2)* (Attachments: # 1 Consents (2), # 2 Certificate of Service) (Nichols, Donald) (Entered: 05/14/2008) |

| 05/15/2008 | 25 | SCHEDULING ORDER - Entry of this order cancels the conference set 5/20/2008. Signed by Magistrate Judge Diane K. Vescovo on 5/15/2008. (Vescovo, Diane) (Entered: 05/15/2008) |
| 05/15/2008 | | Set Deadlines/Hearings: Amended Pleadings due by 7/1/2008. Discovery due by 12/31/2008. Joinder of Parties due by 7/1/2008. Dispositive Motions due by 4/17/2009 per #25. (jml, ) (Entered: 05/19/2008) |
| 05/20/2008 | 26 | SETTING LETTER: Jury Trial set for 7/20/2009 09:00 AM in Courtroom 3 - Memphis before Judge Bernice B. Donald. Pretrial Conference set for 7/6/2009 08:45 AM in Courtroom 3 - Memphis before Judge Bernice B. Donald. Proposed Pretrial Order due by 6/29/2009. (tlh, ) (Entered: 05/20/2008) |
| 06/06/2008 | 27 | ORDER Striking Certain Plaintiffs. Signed by Judge Bernice B. Donald on 6/6/2008. (Donald, Bernice) (Entered: 06/06/2008) |
| 07/09/2008 | 28 | ORDER denying 8 Motion to Dismiss. Signed by Judge Bernice B. Donald on 7/9/08.(Donald, Bernice) (Entered: 07/09/2008) |
| 07/09/2008 | 29 | NOTICE by Edward Monroe, Fabian Moore, Timothy Williams *Notice of Consent Filing (4)* (Attachments: # 1 Consents, # 2 Certificate of Service) (Nichols, Donald) (Entered: 07/09/2008) |
| 07/23/2008 | 30 | *Defendants FTS USA,LLC's and Unitek USA, LLC's* ANSWER to Complaint by all defendants.(Bronstein, Eric) (Entered: 07/23/2008) |
| 07/23/2008 | 31 | NOTICE by Edward Monroe, Fabian Moore, Timothy Williams *Notice of Consent Filing (1)* (Attachments: # 1 Consent Form, # 2 Certificate of Service)(Nichols, Donald) (Entered: 07/23/2008) |
| 08/01/2008 | 32 | NOTICE by Edward Monroe, Fabian Moore, Timothy Williams *Notice of Firm Name Change* (Nichols, Donald) (Entered: 08/01/2008) |
| 08/08/2008 | 33 | COURTESY NOTICE: Pursuant to Rule 5 of the Federal Rules of Civil Procedure, document 32 Notice (Other) filed by Edward Monroe, Fabian Moore, Timothy Williams has been filed. For future reference, please note that this document should should reflected a certificate of service page. Thanks.. Filer is not required to resubmit document. (jml) (Entered: 08/08/2008) |
| 09/29/2008 | 34 | NOTICE by Edward Monroe, Fabian Moore, Timothy Williams *Notice of Consent Filing (1)* (Attachments: # 1 Consent, # 2 Certificate of Service) (Srey, Rachhana) (Entered: 09/29/2008) |
| 10/02/2008 | 35 | NOTICE by Edward Monroe, Fabian Moore, Timothy Williams *Notice of Consent Filing (1)* (Attachments: # 1 Consent, # 2 Certificate of Service) (Srey, Rachhana) (Entered: 10/02/2008) |
| 10/09/2008 | 36 | MOTION to Certify Class *Motion for Conditional Class Certification and Court-Authorized Notice; proposed order submitted* by Edward Monroe, Fabian Moore, Timothy Williams. (Attachments: # 1 Memorandum of Law, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F, # 8 Certificate of Consultation, # 9 Affidavit of Rachhana T. Srey, # 10 Certificate of Service)(Srey, Rachhana) (Entered: 10/09/2008) |

| 10/10/2008 | 37 | MOTION to Compel *Discovery; proposed order submitted* by Edward Monroe, Fabian Moore, Timothy Williams. (Attachments: # 1 Memorandum of Law, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F, # 8 Exhibit G, # 9 Exhibit H, # 10 Exhibit I, # 11 Exhibit J, # 12 Exhibit K, # 13 Exhibit L, # 14 Certificate of Consultation, # 15 Certificate of Service)(Srey, Rachhana) (Entered: 10/10/2008) |
|---|---|---|
| 10/10/2008 | 38 | NOTICE by Edward Monroe, Fabian Moore, Timothy Williams *Notice of Consent Filing (1)* (Attachments: # 1 Consent, # 2 Certificate of Service) (Srey, Rachhana) (Entered: 10/10/2008) |
| 10/16/2008 | 39 | Joint MOTION for Extension of Time to File Response/Reply as to 36 MOTION to Certify Class *Motion for Conditional Class Certification and Court-Authorized Notice; proposed order submitted* by all defendants. (Bronstein, Eric) (Entered: 10/16/2008) |
| 10/20/2008 | 40 | NOTICE by Edward Monroe, Fabian Moore, Timothy Williams *Notice of Consent Filing (1)* (Attachments: # 1 Consent, # 2 Certificate of Service) (Srey, Rachhana) (Entered: 10/20/2008) |
| 10/20/2008 | 41 | ORDER granting 39 Motion for Extension of Time to File Response/Reply re 39 Joint MOTION for Extension of Time to File Response/Reply as to 36 MOTION to Certify Class *Motion for Conditional Class Certification and Court-Authorized Notice; proposed order submitted* Responses due by 11/11/2008. Signed by Judge Bernice B. Donald on 10/20/08.(Donald, Bernice) (Entered: 10/20/2008) |
| 10/20/2008 | | Set/Reset Deadlines as to 36 MOTION to Certify Class *Motion for Conditional Class Certification and Court-Authorized Notice; proposed order submitted.* Responses due by 11/11/2008 per #41. (jml) (Entered: 10/21/2008) |
| 10/21/2008 | 42 | NOTICE by Edward Monroe, Fabian Moore, Timothy Williams *Notice of Consent Filing (1)* (Attachments: # 1 Consent, # 2 Certificate of Service) (Srey, Rachhana) (Entered: 10/21/2008) |
| 10/24/2008 | 43 | NOTICE by Edward Monroe, Fabian Moore, Timothy Williams *Notice of Consent Filing (1)* (Attachments: # 1 Consent, # 2 Certificate of Service) (Srey, Rachhana) (Entered: 10/24/2008) |
| 10/27/2008 | 44 | NOTICE by Edward Monroe, Fabian Moore, Timothy Williams *Notice of Consent Filing (1)* (Attachments: # 1 Consent, # 2 Certificate of Service) (Srey, Rachhana) (Entered: 10/27/2008) |
| 10/27/2008 | 45 | RESPONSE in Opposition re 37 MOTION to Compel *Discovery; proposed order submitted* filed by all defendants. (Bronstein, Eric) (Entered: 10/27/2008) |
| 10/30/2008 | 46 | DEFICIENCY NOTICE: Pursuant to Rule 5 of the Federal Rules of Civil Procedure, document 45 Response in Opposition to Motion filed by FTS USA, LLC, Unitek USA, LLC has been filed. However, the following deficiency has been found: Please note that orders are to be sent directly and only to the Judge's email for approval only and should not be submitted as an attachment to the document. Thanks and please submit order if you have not done so.. |

| | | (jml) (Entered: 10/30/2008) |
|---|---|---|
| 10/30/2008 | 47 | MOTION for Leave to File *Reply Memorandum* by all plaintiffs. (Srey, Rachhana) (Entered: 10/30/2008) |
| 11/10/2008 | 48 | NOTICE by Edward Monroe, Fabian Moore, Timothy Williams *Notice of Consent Filing (1)* (Attachments: # 1 Consent, # 2 Certificate of Service) (Srey, Rachhana) (Entered: 11/10/2008) |
| 11/11/2008 | 49 | NOTICE by Edward Monroe, Fabian Moore, Timothy Williams *Notice of Consent Filing (1)* (Attachments: # 1 Consent, # 2 Certificate of Service) (Srey, Rachhana) (Entered: 11/11/2008) |
| 11/11/2008 | 50 | RESPONSE to Motion re 36 MOTION to Certify Class *Motion for Conditional Class Certification and Court-Authorized Notice; proposed order submitted* filed by FTS USA, LLC. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D)(Bronstein, Eric) (Entered: 11/11/2008) |
| 11/13/2008 | 51 | DEFICIENCY NOTICE: Pursuant to Rule 5 of the Federal Rules of Civil Procedure, document 50 Response to Motion, filed by FTS USA, LLC has been filed. However, the following deficiency has been found: Please note that the order is located in the same entry as the response, however it is right above the response. You will need to resubmit a corrected response under the notice category then in the drop down box select 'notice of correction'. Orders are submitted directly and only to the Judge's email. Thanks and if you have questions please call 901-495-1505.. The filer has one business day to correct the deficiency. (jml) (Entered: 11/13/2008) |
| 11/13/2008 | 52 | Notice of Correction to 50 Response to Motion, *for Conditional Class Certification and Court Authorized Notice*. (Bronstein, Eric) (Entered: 11/13/2008) |
| 11/20/2008 | 53 | NOTICE by Edward Monroe, Fabian Moore, Timothy Williams *Notice of Consent Filing (1)* (Attachments: # 1 Consent, # 2 Certificate of Service) (Srey, Rachhana) (Entered: 11/20/2008) |
| 11/21/2008 | 54 | NOTICE by Edward Monroe, Fabian Moore, Timothy Williams *Notice of Consent Filing (2)* (Attachments: # 1 Consent, # 2 Consent, # 3 Certificate of Service)(Srey, Rachhana) (Entered: 11/21/2008) |
| 11/21/2008 | 55 | ORDER granting 47 Motion for Leave to File. Signed by Judge Bernice B. Donald on 11/21/08. (Donald, Bernice) (Entered: 11/21/2008) |
| 11/21/2008 | 56 | ORDER REFERRING MOTION: 37 MOTION to Compel *Discovery; proposed order submitted* filed by Edward Monroe, Fabian Moore, Timothy Williams. Signed by Judge Bernice B. Donald on 11/21/08. (Donald, Bernice) (Entered: 11/21/2008) |
| 11/24/2008 | 57 | MOTION for Leave to File *Reply Memorandum in Support of Motion for Conditional Class Certification and Court-Authorized Notice* by all plaintiffs. (Srey, Rachhana) (Entered: 11/24/2008) |
| 11/24/2008 | 58 | NOTICE by Edward Monroe, Fabian Moore, Timothy Williams *Notice of Consent Filing (2)* (Attachments: # 1 Consent, # 2 Consent, # 3 Certificate of |

| | | Service)(Srey, Rachhana) (Entered: 11/24/2008) |
|---|---|---|
| 11/26/2008 | 59 | NOTICE by Edward Monroe, Fabian Moore, Timothy Williams *Notice of Consent Filing (1)* (Attachments: # 1 Consent, # 2 Certificate of Service) (Srey, Rachhana) (Entered: 11/26/2008) |
| 11/26/2008 | 60 | REPLY to Response to Motion re 37 MOTION to Compel *Discovery; proposed order submitted Plaintiffs' Reply In Support Of Motion To Compel Discovery* filed by Edward Monroe, Fabian Moore, Timothy Williams. (Srey, Rachhana) (Entered: 11/26/2008) |
| 12/01/2008 | 61 | ORDER granting 37 Motion to Compel. Signed by Magistrate Judge Diane K. Vescovo on 12/1/08. (Vescovo, Diane) (Entered: 12/01/2008) |
| 12/02/2008 | 62 | AMENDED ORDER GRANTING IN PART PLAINTIFFS' MOTION TO COMPEL -- Amended to correct dates to October 8, 2008, in last paragraph of order. Signed by Magistrate Judge Diane K. Vescovo on 12/2/2008. (Vescovo, Diane) (Entered: 12/02/2008) |
| 12/02/2008 | 63 | NOTICE by Edward Monroe, Fabian Moore, Timothy Williams *Notice of Consent Filing (2)* (Attachments: # 1 Consents, # 2 Certificate of Service) (Srey, Rachhana) (Entered: 12/02/2008) |
| 12/05/2008 | 64 | ORDER granting 57 Motion for Leave to File. Signed by Judge Bernice B. Donald on 12/5/08. (Donald, Bernice) (Entered: 12/05/2008) |
| 12/10/2008 | 65 | Joint MOTION to Extend Deadline *Joint Motion For Extension of Discovery Deadline, Dispositive Motion Deadline & Joint Motion for New Trial Date (proposed order submitted)* by Edward Monroe, Fabian Moore, Timothy Williams. (Srey, Rachhana) (Entered: 12/10/2008) |
| 12/11/2008 | 66 | ORDER granting 65 Motion to Extend Discovery Deadline, Dispositive Motion Deadline and for New Trial Date. Signed by Judge Bernice B. Donald on 12/11/08. (Donald, Bernice) (Entered: 12/11/2008) |
| 12/11/2008 | | Set Deadlines/Hearings: Discovery due by 3/31/2009. Dispositive Motions due by 7/31/2009 per #66. (jml) (Entered: 12/12/2008) |
| 12/12/2008 | 67 | ORDER REFERRING MOTION: 36 MOTION to Certify Class *Motion for Conditional Class Certification and Court-Authorized Notice; proposed order submitted* filed by Edward Monroe, Fabian Moore, Timothy Williams. Signed by Judge Bernice B. Donald on 12/12/08. (Donald, Bernice) (Entered: 12/12/2008) |
| 12/12/2008 | 68 | REPLY to Response to Motion re 36 MOTION to Certify Class *Motion for Conditional Class Certification and Court-Authorized Notice; proposed order submitted* filed by all plaintiffs. (Attachments: # 1 Exhibit 1 - Selected Excerpts from Deposition of Yvette Shockman, # 2 Exhibit 2 - Other FLSA Notices, # 3 Exhibit 3 - Cited Unpublished Decisions)(Srey, Rachhana) (Entered: 12/12/2008) |
| 12/16/2008 | 69 | NOTICE by Edward Monroe, Fabian Moore, Timothy Williams *Notice of Consent Filing (1)* (Attachments: # 1 Consent, # 2 Certificate of Service) (Srey, Rachhana) (Entered: 12/16/2008) |

| 12/26/2008 | 70 | NOTICE by Edward Monroe, Fabian Moore, Timothy Williams *Notice of Consent Filing (1)* (Attachments: # 1 Consent, # 2 Certificate of Service) (Srey, Rachhana) (Entered: 12/26/2008) |
| 12/29/2008 | 71 | ORDER OF TRANSFER [TEXT ONLY] This case is hereby transferred from Magistrate Judge Diane Vescovo to Magistrate Judge Gerald B. Cohn as the referral judge. All pending and future references and assignments in this case from Judge Anderson will be handled by Magistrate Judge Cohn. The suffix designation V following the case number shall be changed to C. The parties are directed to include the new suffix in all future pleadings. Signed by Magistrate Judge Diane K. Vescovo on 12/29/2008. (Vescovo, Diane) (Entered: 12/29/2008) |
| 12/29/2008 | | Magistrate Judge Gerald B. Cohn added. Magistrate Judge Diane K. Vescovo no longer assigned to case per #71. (jml) (Entered: 12/29/2008) |
| 12/30/2008 | 72 | RE-SETTING LETTER: Jury Trial re-set for 11/2/2009 09:00 AM in Courtroom 3 - Memphis before Judge Bernice B. Donald. Pretrial Conference re-set for 10/19/2009 01:30 PM in Courtroom 3 - Memphis before Judge Bernice B. Donald. Proposed Pretrial Order due by 10/13/2009. (tpe) (Entered: 12/30/2008) |
| 01/22/2009 | 73 | NOTICE by Edward Monroe, Fabian Moore, Timothy Williams *Notice of Consent Filing (2)* (Attachments: # 1 Consents, # 2 Certificate of Service) (Srey, Rachhana) (Entered: 01/22/2009) |
| 02/23/2009 | 74 | REPORT AND RECOMMENDATIONS re 36 MOTION to Certify Class. Signed by Magistrate Judge Gerald B. Cohn on 2/23/2009. (Cohn, Gerald) (Entered: 02/23/2009) |
| 02/24/2009 | 75 | NOTICE of Appearance by Robert L Schug on behalf of Edward Monroe, Fabian Moore, Timothy Williams (Schug, Robert) (Entered: 02/24/2009) |
| 03/04/2009 | 76 | Joint MOTION to Extend Deadline *Joint Motion and Memorandum in Support of Motion to Set New Expert Disclosure Deadlines, proposed order submitted* by Edward Monroe, Fabian Moore, Timothy Williams. (Schug, Robert) (Entered: 03/04/2009) |
| 03/17/2009 | 77 | ORDER granting 36 Motion to Certify Class; adopting Report and Recommendations re 74 Report and Recommendations. Signed by Judge Bernice B. Donald on 3/17/09. (Donald, Bernice) (Entered: 03/17/2009) |
| 03/17/2009 | 78 | NOTICE by Edward Monroe, Fabian Moore, Timothy Williams *Notice of Consent Filing (1)* (Attachments: # 1 Consent, # 2 Certificate of Service) (Schug, Robert) (Entered: 03/17/2009) |
| 03/24/2009 | 79 | NOTICE by Edward Monroe, Fabian Moore, Timothy Williams *Notice of Consent Filing (1)* (Attachments: # 1 Consent, # 2 Certificate of Service) (Schug, Robert) (Entered: 03/24/2009) |
| 03/30/2009 | 80 | ORDER granting 76 Motion to Extend Deadline. Signed by Judge Bernice B. Donald on 3/30/09. (Donald, Bernice) (Entered: 03/30/2009) |
| 04/01/2009 | 81 | NOTICE by Edward Monroe, Fabian Moore, Timothy Williams *Notice of* |

| | | |
|---|---|---|
| | | *Consent Filing (1)* (Attachments: # 1 Consent, # 2 Certificate of Service) (Schug, Robert) (Entered: 04/01/2009) |
| 04/02/2009 | 82 | NOTICE by Edward Monroe, Fabian Moore, Timothy Williams *of Consent Filing (1)* (Attachments: # 1 Consent, # 2 Certificate of Service)(Schug, Robert) (Entered: 04/02/2009) |
| 04/17/2009 | 83 | Joint MOTION to Extend Deadline *Joint Motion and Memorandum for Modification of Discovery, Expert Witness, and Dispositive Motion Deadlines & New Trial Date. Proposed order submitted.* by Edward Monroe, Fabian Moore, Timothy Williams. (Schug, Robert) (Entered: 04/17/2009) |
| 04/20/2009 | 84 | NOTICE by Edward Monroe, Fabian Moore, Timothy Williams *Notice of Consent Filing (1)* (Attachments: # 1 Consent, # 2 Certificate of Service) (Schug, Robert) (Entered: 04/20/2009) |
| 05/01/2009 | 85 | ORDER granting 83 Motion to Extend Deadline. Signed by Judge Bernice B. Donald on 5/1/09. (Donald, Bernice) (Entered: 05/01/2009) |
| 05/01/2009 | 86 | Joint MOTION *for Approval of Judicial Notice* by Edward Monroe, Fabian Moore, Timothy Williams. (Attachments: # 1 Exhibit A-Proposed Judicial Notice)(Schug, Robert) (Entered: 05/01/2009) |
| 05/12/2009 | 87 | NOTICE by Edward Monroe, Fabian Moore, Timothy Williams *Notice of Consent Filing (1)* (Attachments: # 1 Consent, # 2 Certificate of Service) (Schug, Robert) (Entered: 05/12/2009) |
| 05/13/2009 | 88 | RE-SETTING LETTER: Jury Trial re-set for 2/22/2010 09:00 AM in Courtroom 3 - Memphis before Judge Bernice B. Donald. Pretrial Conference re-set for 2/8/2010 01:30 PM in Courtroom 3 - Memphis before Judge Bernice B. Donald. Proposed Pretrial Order due by 2/1/2010. (tpe) (Entered: 05/13/2009) |
| 05/15/2009 | 89 | ORDER granting 86 Motion. Signed by Judge Bernice B. Donald on 5/15/09. (Donald, Bernice) (Entered: 05/15/2009) |
| 05/26/2009 | 90 | NOTICE by Edward Monroe, Fabian Moore, Timothy Williams *Notice of Consent Filing (1)* (Attachments: # 1 Consent, # 2 Certificate of Service) (Schug, Robert) (Entered: 05/26/2009) |
| 06/09/2009 | 91 | ORDER REASSIGNING REFERRAL JUDGE pursuant to Administrative Order 2009-14. Case reassigned to Magistrate Judge Charmiane G. Claxton for all further proceedings. Magistrate Judge Gerald B. Cohn no longer assigned to case. Signed by Chief Judge Jon Phipps McCalla on 6/9/09. (jae) (Additional attachment(s) added on 6/9/2009: # 1 Order) (jae). (Entered: 06/09/2009) |
| 06/19/2009 | 92 | NOTICE by Edward Monroe, Fabian Moore, Timothy Williams *Notice of Consent Filing (1)* (Attachments: # 1 Consent, # 2 Certificate of Service) (Srey, Rachhana) (Entered: 06/19/2009) |
| 06/22/2009 | 93 | NOTICE by Edward Monroe, Fabian Moore, Timothy Williams *Notice of Consent Filing (7)* (Attachments: # 1 Consent, # 2 Certificate of Service) (Srey, Rachhana) (Entered: 06/22/2009) |

| 06/23/2009 | 94 | NOTICE by Edward Monroe, Fabian Moore, Timothy Williams *Notice of Consent Filing (22)* (Attachments: # 1 Consents, # 2 Certificate of Service) (Srey, Rachhana) (Entered: 06/23/2009) |
|---|---|---|
| 06/24/2009 | 95 | NOTICE by Edward Monroe, Fabian Moore, Timothy Williams *Notice of Consent Filing (2)* (Attachments: # 1 Consents, # 2 Certificate of Service) (Srey, Rachhana) (Entered: 06/24/2009) |
| 06/25/2009 | 96 | NOTICE by Edward Monroe, Fabian Moore, Timothy Williams *Notice of Consent Filing (13)* (Attachments: # 1 Consents, # 2 Certificate of Service) (Srey, Rachhana) (Entered: 06/25/2009) |
| 06/26/2009 | 97 | NOTICE by Edward Monroe, Fabian Moore, Timothy Williams *Notice of Consent Filing (16)* (Attachments: # 1 Consents, # 2 Certificate of Service) (Srey, Rachhana) (Entered: 06/26/2009) |
| 06/29/2009 | 98 | NOTICE by Edward Monroe, Fabian Moore, Timothy Williams *Notice of Consent Filing (23)* (Attachments: # 1 Consents, # 2 Certificate of Service) (Srey, Rachhana) (Entered: 06/29/2009) |
| 06/30/2009 | 99 | NOTICE by Edward Monroe, Fabian Moore, Timothy Williams *of Consent Filing (5)* (Attachments: # 1 Consents, # 2 Certificate of Service)(Srey, Rachhana) (Entered: 06/30/2009) |
| 07/01/2009 | 100 | NOTICE by Edward Monroe, Fabian Moore, Timothy Williams *Notice of Consent Filing (1)* (Attachments: # 1 Consent, # 2 Certificate of Service) (Srey, Rachhana) (Entered: 07/01/2009) |
| 07/02/2009 | 101 | NOTICE by Edward Monroe, Fabian Moore, Timothy Williams *Notice of Consent Filing (1)* (Attachments: # 1 Consent, # 2 Certificate of Service) (Srey, Rachhana) (Entered: 07/02/2009) |
| 07/03/2009 | 102 | NOTICE of Appearance by Thomas Franklin Donaldson, Jr on behalf of all plaintiffs (Donaldson, Thomas) (Entered: 07/03/2009) |
| 07/06/2009 | 103 | NOTICE by Edward Monroe, Fabian Moore, Timothy Williams *of Consent Filing (22)* (Attachments: # 1 Consents, # 2 Certificate of Service)(Srey, Rachhana) (Entered: 07/06/2009) |
| 07/07/2009 | 104 | NOTICE by Edward Monroe, Fabian Moore, Timothy Williams *Notice of Consent Filing (1)* (Attachments: # 1 Consent, # 2 Certificate of Service) (Srey, Rachhana) (Entered: 07/07/2009) |
| 07/08/2009 | 105 | NOTICE by Edward Monroe, Fabian Moore, Timothy Williams *Notice of Consent Filing (2)* (Attachments: # 1 Consent, # 2 Certificate of Service) (Srey, Rachhana) (Entered: 07/08/2009) |
| 07/09/2009 | 106 | NOTICE by Edward Monroe, Fabian Moore, Timothy Williams *of Consent Filing (3)* (Attachments: # 1 Consents, # 2 Certificate of Service)(Srey, Rachhana) (Entered: 07/09/2009) |
| 07/10/2009 | 107 | NOTICE by Edward Monroe, Fabian Moore, Timothy Williams *of Consent Filing (3)* (Attachments: # 1 Consents, # 2 Certificate of Service)(Srey, Rachhana) (Entered: 07/10/2009) |

| 07/13/2009 | 108 | NOTICE by Edward Monroe, Fabian Moore, Timothy Williams *Notice of Consent Filing (5)* (Attachments: # 1 Consent, # 2 Certificate of Service) (Srey, Rachhana) (Entered: 07/13/2009) |
|---|---|---|
| 07/14/2009 | 109 | NOTICE by Edward Monroe, Fabian Moore, Timothy Williams *Notice of Consent Filing (1)* (Attachments: # 1 Consent, # 2 Certificate of Service) (Srey, Rachhana) (Entered: 07/14/2009) |
| 07/15/2009 | 110 | Emergency MOTION to Expedite *Plaintiffs' Motion for Permission to Send Reminder Letter to Putative Class Members; proposed order submitted* by Edward Monroe, Fabian Moore, Timothy Williams. (Attachments: # 1 Exhibit A, # 2 Declaration of Rachhana T. Srey in Support, # 3 Exhibit -A Draft Reminder, # 4 Exhibit -B 6.23.2009 Email, # 5 Exhibit -C 6.9.2009 Email, # 6 Exhibit -D 6.15.2009 Emails, # 7 Exhibit E-E Letter, # 8 Exhibit -F 6.30.2009 Emails, # 9 Exhibit -G Email & Attached Order, # 10 Certificate of Consultation, # 11 Certificate of Service)(Srey, Rachhana) (Entered: 07/15/2009) |
| 07/16/2009 | 111 | NOTICE by Edward Monroe, Fabian Moore, Timothy Williams *Notice of Consent Filing (3)* (Attachments: # 1 Consent, # 2 Certificate of Service) (Srey, Rachhana) (Entered: 07/16/2009) |
| 07/17/2009 | 112 | NOTICE by Edward Monroe, Fabian Moore, Timothy Williams *Notice of Consent Filing (2)* (Attachments: # 1 Consents, # 2 Certificate of Service) (Srey, Rachhana) (Entered: 07/17/2009) |
| 07/17/2009 | 113 | ORDER Setting Hearing on Motion 110 Emergency MOTION to Expedite *Plaintiffs' Motion for Permission to Send Reminder Letter to Putative Class Members*: Motion Hearing set for 7/22/2009 at 8:00 AM in Courtroom 3 - Memphis before Judge Bernice B. Donald. Signed by Judge Bernice B. Donald on 7/17/2009. (Donald, Bernice) (Entered: 07/17/2009) |
| 07/20/2009 | 114 | NOTICE by Edward Monroe, Fabian Moore, Timothy Williams *of Consent Filing (8)* (Attachments: # 1 Consents, # 2 Certificate of Service)(Srey, Rachhana) (Entered: 07/20/2009) |
| 07/21/2009 | 115 | NOTICE by Edward Monroe, Fabian Moore, Timothy Williams *Notice of Consent Filing (1)* (Attachments: # 1 Consent, # 2 Certificate of Service) (Srey, Rachhana) (Entered: 07/21/2009) |
| 07/22/2009 | 116 | Minute Entry for proceedings held before Judge Bernice B. Donald: Motion Hearing held on 7/22/2009 re 110 Emergency MOTION to Expedite Plaintiffs' Motion for Permission to Send Reminder Letter to Putative Class Members; filed by Edward Monroe, Fabian Moore, Timothy Williams. Court finds no unfair prejudice and approves sending of letter to putative class members. Motion Granted. Present: R. Srey (by telephone), W. Ryan, C. Dougherty (by telephone). (Court Reporter L. Dudley.) (tpe) (Entered: 07/22/2009) |
| 07/22/2009 | 117 | NOTICE by Edward Monroe, Fabian Moore, Timothy Williams *Notice of Consent Filing (1)* (Attachments: # 1 Consent, # 2 Certificate of Service) (Srey, Rachhana) (Entered: 07/22/2009) |
| 07/23/2009 | 118 | ORDER granting 110 Motion to Expedite. Signed by Judge Bernice B. Donald |

| | | on 7/23/09. (Donald, Bernice) (Entered: 07/23/2009) |
|---|---|---|
| 07/23/2009 | 119 | NOTICE by Edward Monroe, Fabian Moore, Timothy Williams *Notice of Consent Filing (2)* (Attachments: # 1 Consent, # 2 Certificate of Service) (Srey, Rachhana) (Entered: 07/23/2009) |
| 07/24/2009 | 120 | NOTICE by Edward Monroe, Fabian Moore, Timothy Williams *of Consent Filing (2)* (Attachments: # 1 Consents, # 2 Certificate of Service)(Srey, Rachhana) (Entered: 07/24/2009) |
| 07/27/2009 | 121 | NOTICE by Edward Monroe, Fabian Moore, Timothy Williams *of Consent Filing (4)* (Attachments: # 1 Consents, # 2 Certificate of Service)(Srey, Rachhana) (Entered: 07/27/2009) |
| 07/28/2009 | 122 | NOTICE by Edward Monroe, Fabian Moore, Timothy Williams *Notice of Consent Filing (1)* (Attachments: # 1 Consent, # 2 Certificate of Service) (Srey, Rachhana) (Entered: 07/28/2009) |
| 07/30/2009 | 123 | NOTICE by Edward Monroe, Fabian Moore, Timothy Williams *Notice of Consent Filing (1)* (Attachments: # 1 Consent, # 2 Certificate of Service) (Srey, Rachhana) (Entered: 07/30/2009) |
| 07/31/2009 | 124 | NOTICE by Edward Monroe, Fabian Moore, Timothy Williams *Notice of Consent Filing (1)* (Attachments: # 1 Consent, # 2 Certificate of Service) (Srey, Rachhana) (Entered: 07/31/2009) |
| 08/03/2009 | 125 | NOTICE by Edward Monroe, Fabian Moore, Timothy Williams *Notice of Consent Filing (4)* (Attachments: # 1 Consents, # 2 Certificate of Service) (Srey, Rachhana) (Entered: 08/03/2009) |
| 08/04/2009 | 126 | NOTICE by Edward Monroe, Fabian Moore, Timothy Williams *Notice of Consent Filing (3)* (Attachments: # 1 Consents, # 2 Certificate of Service) (Srey, Rachhana) (Entered: 08/04/2009) |
| 08/05/2009 | 127 | NOTICE by Edward Monroe, Fabian Moore, Timothy Williams *Notice of Consent Filing (2)* (Attachments: # 1 Consents, # 2 Certificate of Service) (Srey, Rachhana) (Entered: 08/05/2009) |
| 08/06/2009 | 128 | NOTICE by Edward Monroe, Fabian Moore, Timothy Williams *Notice of Consent Filing (6)* (Attachments: # 1 Consents, # 2 Certificate of Service) (Srey, Rachhana) (Entered: 08/06/2009) |
| 08/07/2009 | 129 | NOTICE by Edward Monroe, Fabian Moore, Timothy Williams *Notice of Consent Filing (23)* (Attachments: # 1 Consents, # 2 Certificate of Service) (Srey, Rachhana) (Entered: 08/07/2009) |
| 08/10/2009 | 130 | NOTICE by Edward Monroe, Fabian Moore, Timothy Williams *Notice of Consent Filing (21)* (Attachments: # 1 Consents, # 2 Certificate of Service) (Srey, Rachhana) (Entered: 08/10/2009) |
| 08/11/2009 | 131 | NOTICE by Edward Monroe, Fabian Moore, Timothy Williams *Notice of Consent Filing (9)* (Attachments: # 1 Consents, # 2 Certificate of Service) (Srey, Rachhana) (Entered: 08/11/2009) |
| 08/12/2009 | 132 | NOTICE by Edward Monroe, Fabian Moore, Timothy Williams *Notice of* |

| | | |
|---|---|---|
| | | *Consent Filing (2)* (Attachments: # 1 Consent, # 2 Certificate of Service) (Srey, Rachhana) (Entered: 08/12/2009) |
| 08/13/2009 | 133 | NOTICE by Edward Monroe, Fabian Moore, Timothy Williams *Notice of Consent Filing (12)* (Attachments: # 1 Consents, # 2 Certificate of Service) (Srey, Rachhana) (Entered: 08/13/2009) |
| 08/14/2009 | 134 | NOTICE by Edward Monroe, Fabian Moore, Timothy Williams *Notice of Consent Filing (13)* (Attachments: # 1 Consents, # 2 Certificate of Service) (Srey, Rachhana) (Entered: 08/14/2009) |
| 08/14/2009 | 135 | NOTICE by Edward Monroe, Fabian Moore, Timothy Williams *Notice of Consent Filing (2)* (Attachments: # 1 Consents, # 2 Certificate of Service) (Srey, Rachhana) (Entered: 08/14/2009) |
| 08/17/2009 | 136 | NOTICE by Edward Monroe, Fabian Moore, Timothy Williams *Notice of Consent Filing (1)* (Attachments: # 1 Consent, # 2 Certificate of Service) (Srey, Rachhana) (Entered: 08/17/2009) |
| 08/28/2009 | 137 | NOTICE by Edward Monroe, Fabian Moore, Timothy Williams *Notice of Consent Filing (16)* (Attachments: # 1 Consents, # 2 Certificate of Service) (Srey, Rachhana) (Entered: 08/28/2009) |
| 08/31/2009 | 138 | NOTICE by Edward Monroe, Fabian Moore, Timothy Williams *Notice of Consent Filing (1)* (Attachments: # 1 Consent, # 2 Certificate of Service) (Srey, Rachhana) (Entered: 08/31/2009) |
| 09/04/2009 | 139 | NOTICE by Edward Monroe, Fabian Moore, Timothy Williams *Notice of Consent Filing(1)* (Attachments: # 1 Consent, # 2 Certificate of Service)(Srey, Rachhana) (Entered: 09/04/2009) |
| 09/14/2009 | 140 | NOTICE by Edward Monroe, Fabian Moore, Timothy Williams *Notice of Consent Filing (1)* (Attachments: # 1 Consent, # 2 Certificate of Service) (Srey, Rachhana) (Entered: 09/14/2009) |
| 09/15/2009 | 141 | NOTICE by Edward Monroe, Fabian Moore, Timothy Williams *Notice of Consent Filing (1)* (Attachments: # 1 Consent, # 2 Certificate of Service) (Srey, Rachhana) (Entered: 09/15/2009) |
| 09/22/2009 | 142 | NOTICE by Edward Monroe, Fabian Moore, Timothy Williams *Notice of Consent Filing (1)* (Attachments: # 1 Consent, # 2 Certificate of Service) (Srey, Rachhana) (Entered: 09/22/2009) |
| 09/23/2009 | 143 | NOTICE by Edward Monroe, Fabian Moore, Timothy Williams *Notice of Consent Filing (1)* (Attachments: # 1 Consent, # 2 Certificate of Service) (Srey, Rachhana) (Entered: 09/23/2009) |
| 09/29/2009 | 144 | NOTICE by Edward Monroe, Fabian Moore, Timothy Williams *Notice of Consent Filing (1)* (Attachments: # 1 Consent, # 2 Certificate of Service) (Srey, Rachhana) (Entered: 09/29/2009) |
| 10/01/2009 | 145 | NOTICE by Edward Monroe, Fabian Moore, Timothy Williams *Notice of Consent Filing (1)* (Attachments: # 1 Consent, # 2 Certificate of Service) (Srey, Rachhana) (Entered: 10/01/2009) |

| 10/05/2009 | 146 | NOTICE by Edward Monroe, Fabian Moore, Timothy Williams *Notice of Consent Filing (1)* (Attachments: # 1 Consent, # 2 Certificate of Service) (Srey, Rachhana) (Entered: 10/05/2009) |
|---|---|---|
| 10/08/2009 | 147 | NOTICE by Edward Monroe, Fabian Moore, Timothy Williams *Notice of Consent Filing (1)* (Attachments: # 1 Consent, # 2 Certificate of Service) (Srey, Rachhana) (Entered: 10/08/2009) |
| 10/19/2009 | 148 | NOTICE by Edward Monroe, Fabian Moore, Timothy Williams *Notice of Consent Filing (1)* (Attachments: # 1 Consent Form, # 2 Certificate of Service)(Srey, Rachhana) (Entered: 10/19/2009) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 10/19/2009 16:59:33 | | |
| **PACER Login:** | er0049 | **Client Code:** | 3799-006 |
| **Description:** | Docket Report | **Search Criteria:** | 2:08-cv-02100-BBD-cgc |
| **Billable Pages:** | 13 | **Cost:** | 1.04 |

# Exhibit "C"

## PLAINTIFF CONSENT FORM

I hereby consent to join the action against FTS USA, LLC and Unitek USA, LLC as a Plaintiff to assert claims for overtime pay.  During the past three years, there were occasions when I worked for FTS over 40 hours per week as a technician and did not receive overtime compensation.

Joshua Ayers

REDACTED

If any of the above information has changed, please update

_____     8-3-09
Signature              Date

REDACTED

Fax, Mail or Email to:
Nichols Kaster, PLLP
Attn.: Rachhana T. Srey
4600 IDS Center, 80 South Eighth Street
Minneapolis, Minnesota 55402-2242
Fax: (612) 215-6870
Toll Free Telephone: (877) 448-0492
Email: rschug@nka.com

# Exhibit "D"

REDACTED

## FTS USA, LLC and UNITEK USA LLC

### PLAINTIFF CONSENT FORM

I hereby consent to join the action against FTS USA, LLC ("FTS") and Unitek USA LLC ("Unitek") as a Plaintiff to assert claims for overtime pay. If this case does not proceed collectively, I also consent to join any subsequent action to assert claims against FTS and/or Unitek for overtime pay. During the past three years, there were occasions when I worked over 40 hours per week as an installer or technician and did not receive overtime compensation.

Signature _____ Date 10-3-08

Print Name _Adam Vincent Hilker_

REDACTED

Fax, Mail or Email to:    Nichols Kaster, PLLP
Attn: Rachhana T. Srey
4600 IDS Center, 80 South Eighth Street,
Minneapolis, MN 55402-2242
Fax: (612) 215-6870
Toll Free Telephone: (877) 448-0492
Email: srey@nka.com
Web: www.overtimecases.com

# Exhibit "E"

## Consent Forms Filed on an Unapproved Form

|    | Name |
|----|------|
| 1  | Alvarez, Rolondo J. |
| 2  | Bass, Joshua |
| 3  | Bearse, David |
| 4  | Becton, Xavier |
| 5  | Belkadhi, Ramzi |
| 6  | Boatright, Aaron |
| 7  | Brantley, Carl |
| 8  | Brazzel, Justin |
| 9  | Bridgewater, William R. |
| 10 | Burks, Bryant |
| 11 | Charles, Robert |
| 12 | Cyphers, Derek |
| 13 | Davis, George |
| 14 | Davis, Justin |
| 15 | Davis, Randy |
| 16 | Fountain, Garrett |
| 17 | Grabarkiewicz, Matthew |
| 18 | Haglund, Brian |
| 19 | Harding, Terry |
| 20 | Haydel, Joshua J. |
| 21 | Hilker, Adam Vincent |
| 22 | Hollings, William |
| 23 | Hunt, Richard |
| 24 | Janov, Jonathon |
| 25 | Korba, Christopher |
| 26 | Kurktchiyski, Pentcho |
| 27 | LaDuke, Sean |
| 28 | Lakhchine, Abdelkarim |
| 29 | Langhorne, Jason |
| 30 | Lee, Randy |
| 31 | Lord, Michael |
| 32 | Lundgreen, Michael |
| 33 | Malone, Darrick |
| 34 | McHugh, Sean |
| 35 | Myers, Michael |
| 36 | Nelson, Jarius |
| 37 | Peterson, Joseph M. |
| 38 | Squire, Brandon |
| 39 | Taleb, Oualid Ben |
| 40 | Thornton, Terry |
| 41 | Vargas, Joan |
| 42 | Webb, Kenneth L. |
| 43 | Williams, Jason |
| 44 | Zambrano, Joel |

# Exhibit "F"

# Consent Forms Filed Before the Court-Ordered Opt-in Period
## Opened on March 17, 2009

|  | Filing Date | Name |
|---|---|---|
| 1 | 3/31/2008 | Thornton, Terry |
| 2 | 4/8/2008 | Squire, Brandon |
| 3 | 5/14/2008 | Becton, Xavier |
| 4 | 5/14/2008 | Burks, Bryant |
| 5 | 7/9/2008 | Brantley, Carl |
| 6 | 7/9/2008 | Davis, Randy |
| 7 | 7/9/2008 | Malone, Darrick |
| 8 | 7/9/2008 | Nelson, Jarius |
| 9 | 7/23/2008 | Haydel, Joshua J. |
| 10 | 9/29/2008 | Bass, Joshua |
| 11 | 10/2/2008 | Cyphers, Derek |
| 12 | 10/10/2008 | Grabarkiewicz, Matthew |
| 13 | 10/20/2008 | Janov, Jonathon |
| 14 | 10/21/2008 | Hollings, William |
| 15 | 10/24/2008 | Webb, Kenneth L. |
| 16 | 10/27/2008 | Alvarez, Rolondo J. |
| 17 | 11/10/2008 | Myers, Michael |
| 18 | 11/11/2008 | Lord, Michael |
| 19 | 11/20/2008 | Peterson, Joseph M. |
| 20 | 11/21/2008 | Belkadhi, Ramzi |
| 21 | 11/21/2008 | McHugh, Sean |
| 22 | 11/24/2008 | Haglund, Brian |
| 23 | 11/24/2008 | Taleb, Oualid Ben |
| 24 | 11/26/2008 | Hunt, Richard |
| 25 | 12/2/2008 | Korba, Christopher |
| 26 | 12/2/2008 | Lakhchine, Abdelkarim |
| 27 | 12/16/2008 | Brazzel, Justin |
| 28 | 12/26/2008 | LaDuke, Sean |
| 29 | 1/22/2009 | Bridgewater, William R. |
| 30 | 1/22/2009 | Hilker, Adam Vincent |

# Exhibit "G"

# Consent Forms Filed by Individuals Who are Not Included in List Provided by Defendants

| | Name |
|---|---|
| **1** | Alvarez, Rolondo J. |
| **2** | Bass, Joshua |
| **3** | Belkadhi, Ramzi |
| **4** | Bridgewater, William R. |
| **5** | Cyphers, Derek |
| **6** | Davis, George |
| **7** | Fountain, Garrett |
| **8** | Grabarkiewicz, Matthew |
| **9** | Haglund, Brian |
| **10** | Haron, Aaron |
| **11** | Hilker, Adam Vincent |
| **12** | Hollings, William |
| **13** | Janov, Jonathon |
| **14** | Korba, Christopher |
| **15** | LaDuke, Sean |
| **16** | Lakhchine, Abdelkarim |
| **17** | Langhorne, Jason |
| **18** | Lord, Michael |
| **19** | McHugh, Sean |
| **20** | Myers, Michael |
| **21** | Peterson, Joseph M. |
| **22** | Squire, Brandon |
| **23** | Taleb, Oualid Ben |
| **24** | Vargas, Joan |
| **25** | Webb, Kenneth L. |
| **26** | Zambrano, Joel |

# Exhibit "H"

Westlaw.

Slip Copy, 2009 WL 2929417 (E.D.Tenn.)
**(Cite as: 2009 WL 2929417 (E.D.Tenn.))**

Only the Westlaw citation is currently available.

United States District Court,
E.D. Tennessee,
Knoxville Division.
AMERICA'S COLLECTIBLES NET-
WORK, INC., d/b/a Jewelry Television,
Plaintiff,
v.
SYNDICATE 1414, Syndicate 2003, Syndi-
cate 382, Syndicate 510, Syndicate 2791,
Syndicate 2488, Syndicate 1221, Syndicate
4472, Syndicate 4000, Syndicate 1036, and
All Underwriters Subscribing to Lloyd's
London Policies Issued Under Certificate
No. GLGL000/9402, Defendants.
**No. 3:08-cv-96.**

Sept. 8, 2009.

John L. Miller, Martin B. Bailey, Wagner,
Myers & Sanger, PC, Knoxville, TN,
Stephen E. Roth, America's Collectibles
Network, Inc., Knoxville, TN, for Plaintiff.

Stephen E. Yeager, Lowe & Yeager, Knox-
ville, TN, for Defendants.

### *MEMORANDUM AND ORDER*

THOMAS A. VARLAN, District Judge.

**\*1** This civil action is before the Court on
defendants' Motion to Amend Scheduling
Order. [Doc. 14.] The Scheduling Order in
this case was entered on December 22,
2008. [Doc. 7.] The Scheduling Order pro-
vides in part that all discovery must be com-

pleted no later than 90 days before trial, or
August 18, 2009. The Scheduling Order also
provides that all dispositive motions must be
filed no later than 120 days before trial, or
July 17, 2009, and that the failure to timely
file such motions will serve as grounds to
deny those motions. Finally, the Scheduling
Order provides that the Court will not
amend the Scheduling Order absent good
cause.

In their motion, defendants request that the
time within which to file dispositive motions
be extended from July 17, 2009 to Septem-
ber 18, 2009. Defendants allege a mutual
understanding between the parties in this
case that "virtually" no factual issues exist,
and that the parties would seek a stipulation
of facts that would permit resolution of the
case without resort to trial. Defendants base
their motion to amend on the grounds that
(1) plaintiff's counsel scheduled the deposi-
tion of a non-party witness, Tracy Ball, after
the deadline for filing dispositive motions;
and (2) defendants agreed to attend media-
tion in this case on a date after passage of
the deadline for filing dispositive motions
but before incurring the costs of filing dis-
positive motions. Defendants contend that
the parties proceeded in this litigation under
two assumptions: that (1) the parties "in-
tended to stipulate to the relevant facts and
file jointly for summary judgment"; and (2)
the parties would agree to such extensions of
time as were necessary to make such filings.

Plaintiff has filed an Opposition to Motion
to Modify the Scheduling Order. [Doc. 17.]
Plaintiff argues that defendants have not
demonstrated excusable neglect for their

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.

Slip Copy, 2009 WL 2929417 (E.D.Tenn.)
**(Cite as: 2009 WL 2929417 (E.D.Tenn.))**

failure to file a dispositive motion prior to the July 17, 2009 deadline as required by Federal Rule of Civil Procedure (6)(b)(1)(B), and that this Court must therefore deny defendants' motion.

In their Response to plaintiff's Opposition to Motion to Amend Scheduling Order, [Doc. 18], defendants contend that <u>Federal Rule of Civil Procedure 6(b)(1)(B)</u> is not applicable because of the timely filing of their motion to amend. Defendants further contend that they have made a sufficient good cause showing on the grounds that the deposition of Tracy Ball and mediation were scheduled after the dispositive motion deadline of July 17, 2009, and that judicial economy would best be served by extending the dispositive motion deadline. Lastly, defendants argue that plaintiff failed to make a showing of prejudice in their response to defendants' original motion.

### I. Analysis

<u>Federal Rule of Civil Procedure 6(b)(1)(B)</u> provides that, "When an act may or must be done within a specified time, the court may, for good cause, extend the time ... on motion made after the time has expired if the party failed to act because of excusable neglect." In this case, the deadline for filing dispositive motions as agreed to by the parties in the Scheduling Order-July 17, 2009-has expired. As a result, this Court may only grant an extension of this deadline for good cause and upon a showing by defendants that their failure to file a dispositive motion prior to the July 17, 2009 deadline was due to excusable neglect.[FN1]

> **FN1.** In defendants' response to plaintiff's response in opposition to

defendants' original motion, defendants contend that their original motion to modify the Scheduling Order was timely filed. Defendants do not explain in their response why their original motion was "timely filed," even though it was in fact filed nearly a month after the dispositive motion deadline. Presumably, defendants are arguing that they are not late in filing because they have filed a motion to amend the Scheduling Order itself, instead of moving directly to extend the dispositive motion deadline. Under either scenario, however, the terms of <u>Federal Rule of Civil Procedure 6(b)(1)(B)</u> would govern this Court's analysis given the import of defendants' motion-i.e., the extension of the already expired dispositive motion deadline.

**\*2** In assessing whether excusable neglect exists, the Court must make an equitable determination based upon (1) the danger of prejudice to the nonmoving party; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay; (4) whether the delay was within the reasonable control of the moving party; and (5) whether the late-filing party acted in good faith. <u>Pioneer Inv. Servs. Co. v. Brunswick Assocs., 507 U.S. 380, 395, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993); see also Nafziger v. McDermott Int'l, Inc., 467 F.3d 514, 522 (6th Cir.2006)</u> (employing factored analysis). Plaintiff, in its opposition to defendants' motion, notes that the "Court may assume good-faith," and the Court agrees that defendants have satisfied their burden with respect to the last factor.

The four remaining factors, however, all

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.

Slip Copy, 2009 WL 2929417 (E.D.Tenn.)
 **(Cite as: 2009 WL 2929417 (E.D.Tenn.))**

weigh against defendants. First, the danger of prejudice to plaintiff, the nonmoving party, is high. The deadline for the parties to file dispositive motions passed nearly a month prior to defendants' filing of their motion and without either party having filed a dispositive motion. Granting defendants' motion at this stage would permit defendants a second bite at an apple they have already had ample time to consider and reject, and would also require plaintiff to respond to a summary judgment motion from defendants, the prospect of which plaintiff had previously abandoned.

Similarly, both the length of the delay and its potential impact on the judicial proceedings are high. Defendants waited 28 days after the cutoff for filing dispositive motions to file their motion to amend. In addition, as plaintiff points out, extending the dispositive motion deadline to September 18 as defendant requests would leave barely more than five weeks between the due date of a reply to a response to a summary judgment motion and the trial date of November 19. Such a short window would leave little time for the Court to consider and rule upon any dispositive motions filed prior to trial.

Third, the reason offered for the delay by defendants is unpersuasive. While defendants' counsel may have reasonably assumed that the parties intended to resolve this case on motion papers alone, a decision to permit the date for filing such motions to lapse based solely upon that assumption does not amount to "excusable neglect" under the meaning of Federal Rule of Civil Procedure 6(b)(1)(B). Also, while the Court is sympathetic to defendants' "expectation" that the parties would resolve the case without resort to trial, there is nothing to suggest that de-

fendants should have taken that expectation as anything more than that: mere expectation.

Indeed, defendants' own motion reflects a lack of clear understanding between the parties. Defendants' assertion that there was "virtually" no factual dispute in the case, by implication, leaves open the possibility that there is in fact a factual dispute in the case. Defendants' further assertion that the parties "agreed that they would determine whether they could reach a stipulation of the relevant facts" in view of summary judgment motions is nothing more than an agreement to try to agree, not a conclusive agreement itself.[FN2] Further, while plaintiff's scheduling of a deposition and of mediation after the dispositive motion deadline might have supported defendants' perception of an intention to resolve the case without resort to trial, it may just as well have supported a perception that triable issues of fact remained that would ultimately necessitate resolution of this case by the trier of fact.

> FN2. Plaintiff also asserts that this "agreement" appears in the parties' Rule 26(f) Report. [Doc. 8.] The Report, however, notes only that "the *possible* stipulation of facts in order to enhance the filing of dispositive motions will be addressed" (emphasis added).

**\*3** Finally, it is plain that the delay was within the reasonable control of defendants. Indeed, defendants have offered no reason, other than their own perception of the agreement between the parties as to the manner in which the litigation was to be pursued, as to why defendants could not or did not file a dispositive motion within the

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.

Slip Copy, 2009 WL 2929417 (E.D.Tenn.)
 **(Cite as: 2009 WL 2929417 (E.D.Tenn.))**

prescribed deadline. Action in accordance with that unilateral perception will not remove any resulting delay from the reasonable control of defendants.

## II. Conclusion

Defendants have not demonstrated "excusable neglect" for their delay in filing dispositive motions prior to the dispositive motion cutoff, and the Court does not find good cause for defendants' delay. Defendants' Motion to Amend Scheduling Order [Doc. 14] is hereby **DENIED.**

## IT IS SO ORDERED.

E.D.Tenn.,2009.
America's Collectibles Network, Inc. v. Syndicate 1414
Slip Copy, 2009 WL 2929417 (E.D.Tenn.)

END OF DOCUMENT

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.

Westlaw.

Slip Copy, 2009 WL 2916897 (W.D.Okla.)
**(Cite as: 2009 WL 2916897 (W.D.Okla.))**

**H**Only the Westlaw citation is currently available.

**This decision was reviewed by West editorial staff and not assigned editorial enhancements.**

United States District Court,
W.D. Oklahoma.
Joseph A. COURTRIGHT, Plaintiff,
v.
BOARD OF COUNTY COMMISSIONERS OF PAYNE COUNTY, Oklahoma, et al., Defendants.
**No. CIV-08-230-D.**

Sept. 4, 2009.

Jack S. Dawson, Miller Dollarhide, Oklahoma City, OK, for Plaintiff.

Jenny L. Evans, Jodi S. Casey, Collins Zorn & Wagner PC, Oklahoma City, OK, for Defendants.

*ORDER*

TIMOTHY D. DeGIUSTI, District Judge.

**\*1** Before the Court is Defendants' Motion to Strike Untimely Filed Opt-In Notices [Doc. No. 62], which seeks to exclude from this collective action under 29 U.S.C. § 216(b) two persons who did not timely consent to participate. Plaintiff has timely responded in opposition to the Motion, which is at issue.

This action arises under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 et seq.,[FN1] which authorizes collective or class actions to recover unpaid minimum wages and overtime compensation but provides: "No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." 29 U.S.C.A. § 216(b). On April 21, 2009, the Court conditionally certified a class of jailers and dispatchers employed by the Payne County Sheriff's Department who allegedly were required to attend training and work overtime hours without appropriate compensation. On May 18, 2009, the Court approved a form of notice to be given and a consent form to be completed and signed by putative class members. The parties mutually agreed on the proposed forms and on a deadline for opt-in plaintiffs to submit their written consents. The Notice issued by the Court provided: "In order to join this lawsuit and to be represented by Plaintiff's counsel, you must complete and return the attached 'Opt-In Consent to Sue Form' by June 30, 2009, either by mail, fax or email to [Plaintiff's counsel]." *See* Notice Pendency Overtime Wages Lawsuit [Doc. No. 52], § 2. The Notice also stated: "If you fail to return the 'Consent to Sue' form to Plaintiff's law firm in time for it to be filed with the federal court on or before the above deadline, then you will not be able to participate in this lawsuit." *Id.*

FN1. By his Amended Complaint, Plaintiff has also added claims under Oklahoma wage laws and a tort claim under Oklahoma common law for wrongful termination of employment in violation of a well-defined public policy. *See, e.g., Burk v. K-Mart Corp., 770 P.2d 24, 28 (Okla.1989).* Specifically, Plaintiff claims he was terminated for opposing Defendants' unlawful wage practices. The parties do not address how, if at all, these individual claims would be affected by the certification of an FLSA class action in this case.

On July 13, 2009, Plaintiff filed a consent form signed by Scott Peterson dated July 6, 2009, which was received by Plaintiff's counsel on July 8, 2009. *See* Notice [Doc. No. 60]. On July 14, 2009, Plaintiff filed a consent form signed by Chris Ness dated June 30, 2009, which bears no date of receipt. *See* Notice [Doc. No. 61]. Defendants contend these two written consents should be disregarded because they were not filed within the established deadline. Plaintiff concedes the consents were untimely and filed without obtaining permission to make a late filing. Plaintiff contends, however, that untimeliness alone is insufficient to warrant exclusion from this action of two potential plaintiffs who would otherwise be forced to file separate, individual lawsuits.

A district court may excuse a missed deadline upon a showing of "good cause," subject to exceptions not pertinent here. *See* Fed.R.Civ.P. 6(b). After the deadline has expired, however, a court may grant an extension only "on motion ... if the party failed to act because of excusable neglect." *See* Fed.R.Civ.P. 6(b)(1)(B); *see also Quigley v. Rosenthal, 427 F.3d 1232, 1237-38 (10th Cir.2005).* Here, Plaintiff has neither filed a motion nor attempted to show excusable neglect; no reason is provided for the late filings. Accordingly, the Court cannot determine whether the relevant surrounding circumstances warrant a finding that the neglect was excusable. *See United States v. Torres, 372 F.3d 1159, 1162 (10th Cir.2004).*[FN2] The legal authority on which Plaintiff relies to argue for an extension of the opt-in deadline, *Monroe v. United Air Lines, Inc., 94 F.R.D. 304 (N.D.Ill.1982),* is distinguishable.[FN3] In that case, the plaintiffs moved for leave to add seven individuals who had filed their consent forms after the deadline and all seven "appear[ed] to have reasonable excuses for failing to meet the timetable." *Id.* at 305.

FN2. "Such circumstances include '[1] the danger of prejudice to the [nonmoving party], [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith.' " *United States v. Torres, 372 F.3d 1159, 1162 (10th Cir.2004)* (quoting *Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. P'ship, 507 U.S. 380, 395, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993)).*

FN3. Plaintiff also cites inapposite authorities. In *Kelley v. Alamo, 964 F.2d 747, 749 (8th Cir.1992),* the district court gave no notice of a deadline but "in effect, retroactively set a cutoff date."

**\*2** IT IS THEREFORE ORDERED that Defendants' Motion to Strike Untimely Filed Opt-In Notices [Doc. No. 62] is GRANTED.

IT IS FURTHER ORDERED that the written consent forms filed on behalf of Scott Peterson [Doc. No. 60] and Chris Ness [Doc. No. 61] are STRICKEN and shall be disregarded.[FN4]

Westlaw.

Not Reported in F.Supp.2d, 2008 WL 4790729 (M.D.Fla.)
 **(Cite as: 2008 WL 4790729 (M.D.Fla.))**

**H**Only the Westlaw citation is currently available.

United States District Court, M.D. Florida,
Orlando Division.
Yervant COX, Jamari Deleon, George
Franceschi, Korey Walker, Edgar Serrano, Gerrell Lovette, David Sheets, and Joseph Fox,
Plaintiffs,
v.
APPLIANCE DIRECT INC., Defendant.
**No. 6:08-cv-216-Orl-22DAB.**

Oct. 29, 2008.

K. E. Pantas, Pantas Law Firm, PA, Orlando, FL, for Plaintiffs.

Christopher J. Coleman, Stuart D. Sloan,

Schillinger & Coleman, PA, Melbourne, FL, for Defendant.

Noel Raghonath, pro se.

Alfred Smith, pro se.

Sean Peterson, pro se.

Patrick Hejna, pro se.

**ORDER**

DAVID A. BAKER, United States Magistrate Judge.

**\*1** This cause came on for consideration without oral argument on the following motion filed herein:

| MOTION: | MOTION TO ADD OPT IN PARTIES (Doc. No. 79) |
|---|---|
| FILED: | October 15, 2008 |

**THEREON** it is **ORDERED** that the motion is **DENIED.**

By Order dated August 1, 2008, the District Judge granted Plaintiffs' Motion for Certification of Collective Action and Permission to Send Court-Supervised Notice (Doc. No. 40) and ordered Plaintiff to "file all consents to join ... within sixty (60) days ..." (Doc. No. 69). Plaintiff's counsel acknowledges that the deadline to file all opt-ins was October 2, 2008, but asserts that after that date, Plaintiffs' counsel

"received twenty-one more Consent to Join forms" (Doc. No. 79). He now seeks permission to add those 21 out of time opt-ins as additional plaintiffs in this matter, asserting that there is no prejudice to Defendant and "the judicial resources of this Court would be best utilized by allowing the aforementioned opt-in Plaintiffs to join the instant case." *Id.* Defendant objects, noting the absence of a showing of good cause to excuse the tardiness of the filing and asserting

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2008 WL 4790729 (M.D.Fla.)
**(Cite as: 2008 WL 4790729 (M.D.Fla.))**

that it would, in fact, be prejudiced by the addition which more than doubles the number of Plaintiffs in this matter (Doc. No. 94).

Plaintiff offers no showing as to why the opt-in notices are untimely, save for merely acknowledging that he received them after the deadline. This is insufficient. The issue is not, as framed by Plaintiff's counsel, why the Court shouldn't allow the additional opt-ins, the issue is why the Court *should*. The formal Notice sent to potential collective action members included a provision entitled *Deadline to Join Lawsuit*, which unambiguously provides: "If you fail to return the Consent form to the Pantas Law Firm, P.A. by [the deadline] you will not be able to participate in this lawsuit." (*See* Doc. Nos. 66 and 69). Deadlines are placed for a reason and absent a showing of good cause, extensions are disfavored. *See, generally,* Case Management and Scheduling Order, Part II, B. (Doc. No. 70).

Further, the equities weigh in favor of enforcing the deadline. Although counsel contends that the judicial resources favor allowing the latecomers, this is not necessarily the case. As this is a collective action and not a class action, opt-ins are not barred from filing their own action or actions and, indeed, as previously noted by this Court, the instant action followed other similar suits against this Defendant filed in this district. [FN1] There is no guarantee that allowing these latecomers will prevent future claims by other employees. As Defendant opposes the motion, noting that the number of potential opt-ins more than doubles the collective class and thus the discovery burden, and Plaintiff's counsel has failed to make any showing of good cause for missing the deadline, the motion is **denied.**

> FN1. See Doc. No. 66 at pg. 4, citing *August Williams, Jr. v. Appliance Direct, Inc.,* Case No. 6:07cv604-GAP-GJK

(case since closed-not pled as a collective action); *Julio Maranon v. Appliance Direct, Inc.,* Case No. 6:07cv1160-ACC-DAB (case closed-pled as a collective action, but case settled prior to any motion to certify collective action); and *Leonard Moore, et al. v. Appliance Direct, Inc. and Sei Pac,* Case No. 6:08cv 317-ACC-DAB (currently pending, pled as a collective action on behalf of "truck driver" employees).

**\*2 DONE** and **ORDERED.**

M.D.Fla.,2008.
Cox v. Appliance Direct Inc.
Not Reported in F.Supp.2d, 2008 WL 4790729 (M.D.Fla.)

END OF DOCUMENT

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.

Westlaw.

Not Reported in F.Supp.2d, 2006 WL 3486739 (E.D.Pa.)
 **(Cite as: 2006 WL 3486739 (E.D.Pa.))**

☞Only the Westlaw citation is currently
available.

United States District Court,
E.D. Pennsylvania.
Esperanza MOYA; Fe Altagracia Moya;
Anita Perez; Victor Rivera; Jorge Hernan-
dez; and Alejandro Rosado, on behalf of
themselves and similarly situated employees
v.
PILGRIM'S PRIDE CORPORATION and
Maxi Staff, LLC.
**Civil Action No. 06-1249.**

Nov. 30, 2006.

Ira Neil Richards, Kenneth I. Trujillo, Peter
D. Winebrake, Robert Andrew Santillo,
Trujillo Rodriguez & Richards LLC, Phila-
delphia, PA, Mary Walsh-Dempsey, Todd
O'Malley, O'Malley & Langan PC, Scran-
ton, PA, Robert E. Derose, Barkan Neff
Handelman Meizlish LLP, Columbus, OH,
Steven B. Barrett, Hamburg, Rubin, Mullin
& Maxwell, Lansdale, PA, for Plaintiffs.

Carrie B. Hoffman, John B. Brown, Gardere
Wynne Sewell LLP, Dallas, TX, Joseph E.
O'Neil, John J. O'Donnell, Lavin O'Neil
Ricci Cedrone & Disipio, Philadelphia, PA,
Mark A. Fontana, Renee C. Mattei Myers,
Wolf Block Schorr & Solis-Cohen LLP,
Harrisburg, PA, for Defendants.

### *MEMORANDUM AND ORDER*

JACOB P. HART, United States Magistrate
Judge.

**\*1** This is one of three proposed class action
suits filed against Pilgrim's Pride Corpora-
tion, alleging violations of the Fair Labor
Standards Act. The present case is an "opt-
in" lawsuit. The court previously approved a
notice to potential class members. The
court-approved notice was sent to the pro-
spective class members on June 1, 2006, and
clearly stated that the form had to be re-
turned on or before August 1, 2006.

> If you wish to join this lawsuit, the Federal
> law requires you to complete the enclosed
> Notice of Consent form and mail it to the
> address at the bottom of the form. If you
> mail a Notice of Consent form, you should
> do so as soon as possible. **The form must
> be postmarked on or before August 1,
> 2006.**

(Court-Ordered Notice of Lawsuit, at ¶ 5).

According to the Defendants' Motion, 362
people have chosen to opt-in to the suit. Of
these 362 opt-ins, eight responses were post-
marked after the August 1, 2006 deadline. In
their Motion, the Defendants seek to dismiss
these untimely consents.

In response, the Plaintiffs' counsel argue that
four of the eight untimely opt-ins should be
permitted to remain in this lawsuit because
they possess a justifiable basis for their un-
timely return of the notice. The Defendants
rely on the decision of the Honorable John
Fullam of this court in *Vivone v. Acme Mar-
kets, Inc.,* 687 F .Supp. 168 (E.D.Pa.1988),
in arguing that the untimely consents should
be dismissed. Judge Fullam stated:

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2006 WL 3486739 (E.D.Pa.)
 (Cite as: 2006 WL 3486739 (E.D.Pa.))

[U]nnamed plaintiffs [do not] have an in-terminable right to opt into ADEA class-action lawsuits. For example, in the inter-ests of justice, to facilitate trial preparation and settlement discussions, after allowing a fair time for the filing of consents, a court may declare the class closed.

*Id.* at 169. According to the Defendants, "a fair time" has passed. Thus, they ask that the court to dismiss all of the untimely notices.

At this point, our case is currently in discov-ery and has not been listed for trial. The Plaintiffs' counsel argues and our research confirms that the court has equitable powers in administering the scope of class action suits and settlements.

Courts which have considered requests to extend deadlines for filing proofs of claim and other settlement documents have gen-erally subjected each request to a general "good cause" analysis.

 *In re Cendant Corp. Prides Litigation,* 189 F.R.D. 321, 323 (D.N.J.1999)(citing *Kyriazi v. Western Elec. Co.,* 647 F.2d 388, 396 (3d Cir.1981)(affirming trial court's application of a good cause standard to claims of plain-tiffs who failed to opt-in to settlement by deadline)).

This standard has been utilized in determin-ing whether to allow untimely returned opt-in notices in class action suits. *See Monroe v. United Air Lines, Inc.,* 94 F.R.D. 304, 305 (N.D.Ill.1982)(untimely opt-ins had "rea-sonable excuses" for failing to meet the deadline); *Robinson-Smith v. Gov't Employ-ees Ins. Co.,* 424 F.Supp.2d 117, 123-124 (D.D.C.2006)("The addition of four opt ins will not substantially prejudice the defen-

dant and is consistent with a broad and flexible reading of the [FLSA] and with the Court's discretion in these matters."); *Kelley v. Alamo,* 964 F.2d 747, 749-50 (8th Cir.1992)("a generous reading [of the FLSA] ... is also appropriate when consider-ing issues of time limits and deadlines.").

**\*2** With respect to the eight untimely opt-ins, we find that good cause exists to excuse three of the opt-ins' untimely consents, and that inclusion of these three people in the suit does not prejudice the defense. Ahmad Moses explained in a letter he returned with the notice that he did not receive the opt-in notice until the end of the opt-in period be-cause he was incarcerated in Atlanta, Geor-gia. Despite his late receipt of the mail, Mr. Moses signed the form on July 30, 2006, and the return envelope was postmarked August 7, 2006. Because he did not have access to the mail prior to that time, we will excuse his late filing.

Both Richard Huber's and Giovanny Alman-zar's notices seem to have fallen prey to the United States Postal Service's snail mail. Both told counsel they returned the notices shortly after signing them in early-mid July. Yet, both are postmarked August 9, 2006. We will not fault the Plaintiffs for the delay in the mails.

Plaintiffs' counsel also ask the court to per-mit Sonia de Cardenas to participate in this suit despite her untimely response to the opt-in notice. Ms. de Cardenas's notice was not returned until September 13, 2006. Accord-ing to counsel, Ms. de Cardenas stated that the notice got mixed up with junk mail in the bottom of her hang-up mailbox. We do not find that good cause exists to excuse this untimely filing. The notice was within Ms.

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2006 WL 3486739 (E.D.Pa.)
 (Cite as: 2006 WL 3486739 (E.D.Pa.))

de Cardenas's control. Had she "clean[ed] out" the junk mail earlier, she could have avoided the delay in the return of the notice.

Plaintiffs' counsel does not seek inclusion of the remainder of the untimely opt-ins. However, we will proceed to explain our decision to dismiss their untimely responses. First, there has been no explanation for the untimely return of the notice by Victor Henderson. Therefore, his notice will be dismissed. Similarly, without any explanation, Gennie High told counsel that she received the notice late. This is insufficient for the court to determine if good cause exists to excuse her late filing. We have no way of knowing whether the delay in her receipt was of her own doing.

Silvia Lua de Madrigal explained to counsel that she did not return the form in a timely fashion because she feared that the notice was fake and that she would be retaliated against if she were to return it. Despite this fear, however, she did return it-seven days late. We do not believe that she has established "good cause" for this delay. *See Evans v. Lowe's Home Centers, Inc.,* No. 3:CV-03-438 (M.D.Pa. Mar. 3, 2005)(Caputo, J.), at 4 (rejecting claimed fear of retaliation to excuse untimely return of opt-in notice).

Finally, Lindha M. Calder Rodz did not return the notice until August 23, 2006. She explained that she had moved prior to the mailing of the notice. However, we have no way of knowing whether the fault for the delay lies with Ms. Rodz, for failing to obtain the mail sent to her old address, or with the Postal Service, for failing to timely forward her mail. Without further explanation, we cannot determine whether good cause exists for the untimely return of the notice.

*3 An appropriate Order follows.

## ORDER

AND NOW, this 30th day of November, 2006, upon consideration of the Defendant's Motion to Dismiss Untimely Consents, the response, thereto, and for the reasons stated in the accompanying Memorandum, it is hereby ordered that the Defendants' Motion is GRANTED IN PART and DENIED IN PART. To the extent the Motion seeks to dismiss the consents of Sonia de Cardenas, Victor Henderson, Gennie High, Silvia Lua de Madrigal, and Lindha Calder Rodz, the Motion is GRANTED. In all other respects, the Motion is DENIED.

E.D.Pa.,2006.
Moya v. Pilgrim's Pride Corp.
Not Reported in F.Supp.2d, 2006 WL 3486739 (E.D.Pa.)

END OF DOCUMENT

Westlaw.

Page 1

Not Reported in F.Supp.2d, 2004 WL 1718420 (N.D.Ill.)
 **(Cite as: 2004 WL 1718420 (N.D.Ill.))**

☞Only the Westlaw citation is currently
available.

United States District Court,
N.D. Illinois, Eastern Division.
Hans G. HEITMANN Plaintiff,
v.
CITY OF CHICAGO Defendant.
**No. 04 C 3304.**

July 30, 2004.

Julie Sparling Desierto, Witwer, Poltrock &
Giampietro, Paul D. Geiger, Law Offices of
Paul D. Geiger, Chicago, IL, for Plaintiff.

Mara Stacy Georges, Tracey Renee Ladner,
Gia L. Morris, City of Chicago, Law De-
partment, Corporation Counsel, Chicago, IL,
for Defendant.

*MEMORANDUM OPINION AND ORDER*

COAR, J.

**\*1** Plaintiff Hans Heitmann has filed this
action against the City of Chicago on behalf
of himself and other similarly situated plain-
tiffs who are or were employees of the Chi-
cago Police Department between May 10,
2001 and May 10, 2004. The Complaint al-
leges that during this three year period, the
Chicago Police Department violated the Fair
Labor Standards Act (FLSA) in its admini-
stration of accumulated compensatory time.
The case comes before the Court at this
early stage on the Defendant's Motion to
Strike and Bar Plaintiff's Notice and Con-
sent Forms.

I. BACKGROUND

Plaintiff contends that the Chicago Police
Department has been illegally denying offi-
cers' requests for accumulated compensatory
time. Plaintiff asserts that the Fair Labor
Standards Act requires requests for accumu-
lated compensatory time off to be granted
unless the granting of those requests would
"unduly disrupt" the department. Pursuant to
federal regulations, "any employee of a pub-
lic agency who has accrued compensatory
time and requested use of this compensatory
time, shall be permitted to use such time off
within a 'reasonable period' after making
the request, if such use does not 'unduly dis-
rupt' the operations of the agency." 29
C.F.R. § 553.25(a). The regulations further
define what constitutes an undue disruption
of the operations of the agency: "Mere in-
convenience to the employer is an insuffi-
cient basis for denial of a request for com-
pensatory time off. For an agency to turn
down a request from an employee for com-
pensatory time off requires that it should
reasonably and in good faith anticipate that
it would impose an unreasonable burden on
the agency's ability to provide services of
acceptable quality and quantity for the pub-
lic during the time requested without the use
of the employee's services." 29 C.F.R. §
553.25(d). Plaintiff's Complaint alleges that
the Chicago Police Department does not
comply with these requirements in its ad-
ministration of requests for compensatory
time off.

The case arises under Section 16(b) of the
FLSA, 29 U.S.C. § 216(b). The statute pro-

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2004 WL 1718420 (N.D.Ill.)
 **(Cite as: 2004 WL 1718420 (N.D.Ill.))**

vides that a civil action may be maintained "by any one or more employees similarly situated." 29 U.S.C. § 216(b). The statute further provides that "[n]o employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." *Id.* The pending motion challenges the adequacy of the notice that Plaintiff provided to other similarly situated individuals and the consent form that Plaintiff provided to those employees.

## II. DISCUSSION

Defendant has several objections to the Plaintiff's notice and consent forms that were provided to potential plaintiffs. First, it asserts that Plaintiff erred in failing to seek leave of court to issue notice and consent forms to the potential plaintiffs. Second, it asserts general and specific objections to the form of the notice already provided. Third, it asserts general and specific objections to the form of the consent forms already provided. The Court will address each objection in turn.

### A. Plaintiff's Failure to Provide Notice Prior to Distribution

**\*2** The Defendant contends that Plaintiff's distribution of notice and consent forms was improper because Plaintiff did not provide notice to the Defendant nor did he seek leave of the court. Plaintiff, in its response to the motion, asserts that it was not aware of any requirement to provide notice to defense counsel or the Court prior to distributing notice and consent forms. It is settled law in this Circuit that Plaintiff must provide notice to the Defendant prior to distributing notice

and consent forms in FLSA actions under 29 U.S.C. § 216(b). *See Woods v. New York Life Ins. Co.,* 686 F.2d 578, 580 (7th Cir.1982) (holding it is improper for the plaintiff to issue notice and consent forms "without first communicating to the defendant's counsel his intention to do so, so that the defendant's counsel would have an opportunity to verify the accuracy of the notice and, if he wished, to move for an order amending the notice or limiting its distribution in an appropriate manner."). Plaintiff's ignorance of this requirement is somewhat understandable as the Seventh Circuit, in *Woods,* could not "find any express basis in rule or statute" for the requirement of providing notice; instead, the requirement is "inferred" from the statute and Rule 83 of the Federal Rules of Civil Procedure, which permits courts to regulate their own practice consistent with the other federal rules. *Id.* Nevertheless, the rule is more than twenty years old now, and Plaintiff should have followed it.

Plaintiff was not required, however, to seek leave of the court prior to distributing the notice and consent forms. Although many courts have implemented this practice, it is not required in FLSA cases. Indeed, the ideal scenario from the Court's perspective would have the parties agreeing on the form and content of these notice and consent forms. For failing to notify the Defendant prior to distribution, however, Plaintiff will be required to amend the notice and consent form to bring them both into compliance with the requirements of this opinion.

### B. Defendant's Objections to the Content of the Notice

Defendant contends that the notice of the

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2004 WL 1718420 (N.D.Ill.)
 **(Cite as: 2004 WL 1718420 (N.D.Ill.))**

lawsuit that Plaintiffs provided to the potential plaintiff class was false and misleading. Defendant specifically complains that the notice "does not accurately advise potential plaintiffs of the issues in the complaint; their rights with respect to joining the lawsuit; the impact of joinder on their potential claims; and their right to choose [separate] counsel." (Def. Mot. at 1-2.)

Plaintiff provided notice to other potential plaintiffs in the June 2004 newsletter of the Fraternal Order of Police, the FOP News. The Court has reviewed the notice in its entirety.[FN1] Defendant's general objection to the notice, that it is "false and misleading," is not well-founded. The notice may not include some information that the Defendant believes is important, but it is neither false nor misleading. The Court also rejects Defendant's contention that the notice as provided does not accurately advise potential plaintiffs of the issues in the lawsuit. The Complaint alleges that the City has been illegally denying police officers' requests for compensatory time. The notice explains the Plaintiff's view of that practice in plain and simple terms. Nothing further is required.

> FN1. The FOP News included a longer narrative description of the lawsuit as well as a shorter description of the lawsuit above the consent form. The shorter description reads as follows:
>
> On May 10, 2004, a lawsuit was filed by our Lodge attorneys alleging that the City of Chicago has violated the Fair Labor Standards Act by refusing to grant compensatory time. Any officer that has requested to use compensatory time

within the last three years and has been denied may join the lawsuit as a plaintiff. Federal law does not allow this lawsuit to proceed as a class action. All officers that wish to join in the action must fill out the consent form that appears below and return it to the Lodge.

A similar lawsuit brought by Milwaukee police officers named better than 1,800 officers as plaintiffs. The Fair Labor Standards Act requires that when a timely request to use compensatory time is made, the Police Department can only deny the request if it can demonstrate that granting the request would cause an "undue disruption" in service. It is our contention that the Department has been denying the compensatory time requests illegally.

This consent form will only appear in this issue and next month's issue of the newsletter. The Lodge urges all officers that have been denied the use of comp time to join in the action by filling out the form and sending it to us. The use of comp time is a pervasive problem throughout the Department. If we are going to be successful in making real changes, we need your help.

**\*3** Defendant also contends that the notice fails to notify the potential plaintiffs of the impact of joinder on their claims. In traditional class actions, such a notice is necessary because failure to join the suit can preclude a potential plaintiff from ever bringing

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2004 WL 1718420 (N.D.Ill.)
**(Cite as: 2004 WL 1718420 (N.D.Ill.))**

a claim. Representative actions under Section 216(b) of the FLSA, however, are not traditional class actions. Failure to join a representative action under Section 216(b) does not affect a plaintiff's right to bring an action in the future. In these cases, it is not required to inform the class of potential plaintiffs of the impact of joinder on their claims in the notice of a lawsuit.

Defendant's remaining two objections to the content of the notice are that it does not inform the potential plaintiffs of their rights with respect to joining the lawsuit nor of their ability to choose separate counsel. These objections are well grounded. Both of these pieces of information should be included in the notice to provide potential plaintiffs with an understanding of their full panoply of rights, including their right to select separate counsel, their right to bring a separate action, and their right not to sue.

C. Defendant's Objections to the Consent Form

Defendant contends that the consent form Plaintiff provided to potential plaintiffs is inaccurate and misleading because it does not state the issues presented by the lawsuit. Defendant also complains that the consent form does not allow potential plaintiffs to elect separate counsel.

As to the latter objection, the consent form should allow potential plaintiffs to elect separate counsel. It imposes a *de minimus* burden on Plaintiff to allow potential plaintiffs to elect their representative on the consent form. This provides appropriate respect to the potential plaintiffs right to elect counsel of their own choosing in this case. With respect to the former objection, the consent

form is not required to state all the issues presented by the lawsuit. All the consent form is required to do is clearly express the individual's consent to be a plaintiff in the lawsuit.

Although the Defendant does not mention it specifically, the consent forms Plaintiff has distributed are additionally insufficient because they do not mention this lawsuit by name or by number. The consent of potential plaintiffs to join this lawsuit must be specific to the lawsuit currently pending before this Court. The final consent forms must include the case number and the case name.

D. Defendant's Proposed Notice and Consent Forms

Defendant has provided the Court with an alternative notice form that it would like the Plaintiff to use when notifying other potential plaintiffs. Although Defendant's proposed notice and consent forms would be adequate, the Court will not order the Plaintiff to use the Defendants' proposed forms. "The Court has both the power and the duty to ensure that the notice is fair and accurate, [but] that power should not be used to alter plaintiffs' proposed notice unless such alteration is necessary." *King v. ITT Continental Baking Co.,* No. 84 C 3410, 1986 WL 2628, at *3 (N.D.Ill. Feb.18, 1986) (Rovner, J.). There are myriad minor variations in the presentation of information that might make a difference to the parties in the case. As one example, the Plaintiff may want to generate the notice on the stationery of its law firm rather than a page headed with a formal case caption. The only thing that matters to the Court is that the notice of lawsuit and consent form convey accurately and fairly all the necessary information at this stage.

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2004 WL 1718420 (N.D.Ill.)
**(Cite as: 2004 WL 1718420 (N.D.Ill.))**

**\*4** Plaintiff also makes the bizarre contention that the Defendant's forms refer to a retaliation claim "that does not appear in the pleadings." (Pl. Resp. Def. Mot. Strike at 4.) Plaintiff's Complaint alleges that defendant "retaliat[ed] against some who asserted rights under the FLSA and thereby intimidat[ed] others from asserting similar rights." (Comp.¶ 3.) Defendant seeks to "accept Plaintiff's response as a motion to withdraw his claim of retaliation." (Def. Reply Mot. Strike at 4.) Defendant's suggestion is not the way this Court prefers to do business. Any party seeking to change the content of its pleadings must do so clearly and in writing.

### III. CIVILITY

At this stage, this case is still in its infancy. The distribution of notice and consent forms in FLSA cases is a relatively straightforward matter. Nevertheless, the submissions of both sides demonstrate that somehow they have each managed to whip themselves into a froth over it. Plaintiff accuses the Defendant of filing a frivolous or immaterial motion as a delay tactic. (Pl. Resp. Def. Mot. Strike at 1, 3.) Defendant accuses the Plaintiff of disingenuousness. (Def. Rep. Mot. Strike at 4, 7.) This level of rancor is entirely unnecessary and can only delay the disposition of this case. In future submissions to this Court, the parties would be well-advised to focus more of their attention on the factual and legal issues presented and less of their attention on placing barbs under the skin of their opponent: such barbs can find their way under the skin of the Court.

### CONCLUSION

For the reasons set forth above, Defendant's Motion to Strike Plaintiff's Notice and Consent Forms is granted.

N.D.Ill.,2004.
Heitmann v. City of Chicago
Not Reported in F.Supp.2d, 2004 WL 1718420 (N.D.Ill.)

END OF DOCUMENT

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.

Westlaw.

Not Reported in F.Supp.2d, 2007 WL 3396303 (D.N.J.)
 (Cite as: 2007 WL 3396303 (D.N.J.))

☞Only the Westlaw citation is currently
available.NOT FOR PUBLICATION

United States District Court,
D. New Jersey.
Jeffrey BOUDER, Brian C. Kennedy and
Carol Kennedy, individually, and on behalf
of all others similarly situated, Plaintiffs,
v.
PRUDENTIAL FINANCIAL, INC., The
Prudential Insurance Company of America,
Does 1-50 (said names being fictitious indi-
viduals), and ABC Corporations 1-50 (said
names being fictitious companies, partner-
ships, joint ventures and/or corporations),
Defendants.
**Civil Action No. 06-CV-4359 (DMC).**

Nov. 8, 2007.

James V. Bashian, Law Office of James V.
Bashian, PC, Fairfield, NJ, for Plaintiffs.

Christopher H. Lowe, Sevfarth Shaw, LLP,
Tara Smith Williams, Seyfarth Shaw, LLP,
New York, NY, for Defendants.

**OPINION**

DENNIS M. CAVANAUGH, District
Judge.

**\*1** This matter comes before the Court upon
motion by Defendants Prudential Financial,
Inc. and The Prudential Insurance Company
of America (collectively "Defendants") to
require Plaintiffs to cease and desist from
their attempted notice and mass communica-
tions to putative plaintiffs. Pursuant to

FED.R.CIV.P. 78, no oral argument was
heard. After carefully considering the sub-
missions of the parties, and based upon the
following, it is the finding of this Court that
Defendants' motion to require Plaintiffs to
cease and desist from their attempted notice
and mass communications to putative plain-
tiffs is **granted.**

**I. *BACKGROUND*** [FN1]

> FN1. The facts set forth in this Opin-
> ion are taken from the undisputed
> facts set forth in the parties'
> FED.R.CIV.P. 56.1 statements in
> their respective moving papers.

The Complaint, filed by Plaintiffs on Sep-
tember 15, 2006, purports to bring a class
action on behalf of Plaintiffs and other indi-
viduals who are not parties to this action,
from September 15, 2000 through the pre-
sent, seeking to recover damages, *inter alia,*
for alleged failure to pay overtime and
unlawful deductions from pay, in violation
of the Fair Labor Standards Act ("FLSA")
and Pennsylvania state law. Defendants
deny Plaintiffs' substantive allegations.

On February 20, 2007, Magistrate Judge
Mark Falk entered a scheduling order, as
modified on May 23 and July 1, 2007, pro-
viding that (1) discovery with respect to
conditional certification of Plaintiffs' FLSA
claims shall be completed by August 31,
2007; (2) motions for conditional certifica-
tion to facilitate notice to putative class
members pursuant to 29 U.S.C. § 216(b) of
the FLSA (and other motions) shall be filed
by September 15, 2007; and (3) opposition

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2007 WL 3396303 (D.N.J.)
**(Cite as: 2007 WL 3396303 (D.N.J.))**

briefs and reply briefs shall be filed by October 17 and October 31, 2007, respectively ("Scheduling Order").

To date, Plaintiffs have not filed a motion seeking conditional class certification to facilitate notice to putative class members. Therefore, the first phase of discovery for the FLSA claims has not been completed. Nevertheless, on July 24, 2007, Plaintiffs' counsel informed Defendants' counsel that it intended to send a letter and "Consent To Sue" form to putative class members prior to the Court ruling on Plaintiffs' motion for conditional certification and application for notice to putative class members, as required by 29 U.S.C. § 216(b) of the FLSA and Scheduling Order.

## II. *DISCUSSION*

Notwithstanding the Court Order, this Court recognizes the low standard required for conditional certification for purposes of notice. At the notice stage, the court "usually has only minimal evidence before it" and thus, "determination is made using a fairly lenient standard." *See Morisky v. Pub. Serv. Elec. & Gas Co.,* 111 F.Supp.2d at 497 (quoting *Thiessen v. Gen. Elec. Capital Corp.,* 996 F.Supp. 1071, 1080 (D.Kan.1998)). Further, this Court recognizes Plaintiffs' counsel's right to solicit potential clients. *See Hoffman-LaRoche, Inc. v. Sperling,* 493 U .S. 165 (1989). Nevertheless, Plaintiffs' must abide by the appropriate court procedures.

**\*2** Plaintiffs' counsel's proposed letter ("Letter") usurps this Court's power and statutory duty to oversee the FLSA-mandated process for court-facilitated notice to potential collective action members, including the fair content of such notice. More fundamentally, it preempts this Court's ability to determine whether and to whom class-wide notice is appropriate. *See Hoffmann-La Roche, Inc.,* 493 U.S. at 169. With this mass communication, Plaintiffs are flouting the statutory framework for opt-in collective actions, the Scheduling Order and this Court's authority to oversee notice to the putative class. Therefore, the letter is essentially an improper and unauthorized *de facto* notice.

The Supreme Court of the United States has made clear that a district court has a managerial responsibility to oversee the process by which putative class members are given notice of, and allowed to join, a § 216(b) collective action. *See Hoffmann-La Roche,* 493 U.S. at 169. Court supervision of any notice issued to putative class members is necessary in an FLSA collective action because "the potential for misuse of the class device, as by misleading communications, may be countered by court-authorized notice." *Id.* at 171. The Court also emphasized the "wisdom and necessity for early judicial intervention in the management of litigation" as "[o]ne of the most significant insights that skilled trial judges have gained." *Id.* The Court noted that, "[b]y monitoring preparation and distribution of the notice, a court can ensure that the notice is timely, accurate, and informative. Both the parties and the court benefit from settling disputes about the content of the notice before it is distributed." *Id.* at 172.

Outside the context of a notice process supervised by the Court, plaintiffs' attorneys are not permitted unilaterally to send unsolicited notices regarding the case to putative FLSA class members not yet parties to an action conditionally certified by the Court.

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2007 WL 3396303 (D.N.J.)
  **(Cite as: 2007 WL 3396303 (D.N.J.))**

*See, e.g., Woods v. New York Life Ins. Co.,* 686 F.2d 578, 580 (7th Cir.1982); *Melendez Cintron, et al. v. Hershey P.R., Inc.,* 363 F.Supp.2d 10, 17-18 (D.P.R.2005); *Taylor v. CompUSA, Inc.,* Civ. Action No. 04-CV-0718, 2004 WL 1660939, at *3 (N.D. Ga. June 29, 2004).

Moreover, before an individual plaintiff may give notice to other potential class members of their right to opt-in as a party to an FLSA lawsuit, the district court has the discretionary authority whether to approve the notification of the putative class members. *See Hipp v. Liberty Nat'l Life Ins. Co.,* 252 F.3d 1208, 1218-19 (11th Cir.2001); *Reab v. Electronic Arts, Inc.,* 214 F.R.D. 623, 630-31 (D.Colo.2002). Here, Plaintiffs have neither sought, nor received this Court's permission to proceed as a collective action and begin notice pursuant to § 216(b). Plaintiffs' counsel, therefore, should be prohibited from sending their letter to putative plaintiffs and required to seek the Court's approval, pursuant to a proper motion to facilitate notice consistent with the Court's Scheduling Order, before attempting to notify putative plaintiffs of this case.

*3 Further, Plaintiffs' counsel's solicitation to putative class members is improper because it is deceptive, misleading and contains numerous false statements. Courts have consistently held that litigants (and their counsel) may not make pre-certification statements to putative class members that are inaccurate or misleading or that present one-sided assertions as undisputed or unqualifiedly true. *See, e.g., Taylor,* 2004 WL 1660939, at *3; *Gerlach v. Wells Fargo & Co.,* Civ. Action No. 05-CV-0585, 2006 WL 824652, at *4 (N.D.Cal. Mar. 28, 2006); *see also Gulf Oil Co. v.. Bernard,* 452 U.S. 89,

102 (1981); *In re Community Bank of N. Va ., 418 F.3d 277, 311 (3d Cir.2005).*

Plaintiffs' counsel seeks to send the Letter and consent form to "all registered representatives," regardless of the title or position the individual held while employed by Defendants. Plaintiffs have not established that the various positions that fall under the category of "registered representatives" are similarly situated to their positions, that the positions are similarly situated to one another, or that the employees who occupied the positions are similarly situated to each other or to the named Plaintiffs. Conversely, Defendants contend that many of the positions included in Plaintiffs' putative class of "all registered representatives" are materially different from, and have a conflict of interest with, each other and with the named representatives who purport to represent their class. As a result, these positions are not properly joined together as positions eligible to join the lawsuit. *See, e.g., Threatt v. Residential CFR, Inc.,* Civil Action No. 05-CV-117, 2005 WL 2454164, at *4 (N.D .Ind. Oct. 4, 2005). Accordingly, Plaintiffs' counsel's Letter is misleading to the extent it suggests to putative class members that they are eligible to participate in this lawsuit collectively. *See Taylor,* 2004 WL 1660939, at *3.

### III. *CONCLUSION*

For the reasons stated, it is the finding of this Court that Defendants' motion to require Plaintiffs to cease and desist from their attempted notice and mass communications to putative plaintiffs is **granted.** An appropriate Order accompanies this Opinion.

D.N.J.,2007.
Bouder v. Prudential Financial, Inc.

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2007 WL 3396303 (D.N.J.)
 **(Cite as: 2007 WL 3396303 (D.N.J.))**

Not Reported in F.Supp.2d, 2007 WL
3396303 (D.N.J.)

END OF DOCUMENT

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.

Westlaw.

Slip Copy, 2009 WL 1174638 (N.D.Tex.)
 **(Cite as: 2009 WL 1174638 (N.D.Tex.))**

**H**Only the Westlaw citation is currently available.

United States District Court,
N.D. Texas,
Wichita Falls Division.
Victoria KLEIN, et al., Plaintiffs,
v.
O'NEAL, INC., d/b/a O'Neal, Jones &
Feldman Pharmaceuticals, et al ., Defendants.
 **Civil Action No. 7:03-CV-102-D.**

April 29, 2009.

Arthur John Brender, Law Office of Art Brender, Dwain Dent, Dent Law Firm, Frederick L. Streck, III, Dent Law Firm, Fort Worth, TX, for Plaintiffs.

Barry Alan Chasnoff, David R. Nelson, Roberta J. Benson, Akin Gump Strauss Hauer & Feld, San Antonio, TX, Jeffrey M. Goldfarb, Dla Piper US LLP, Dallas, TX, for Defendants.

*MEMORANDUM OPINION AND ORDER*

SIDNEY A. FITZWATER, Chief Judge.

**\*1** In this class action alleging personal injury and death claims arising from the manufacture and distribution of E-Ferol Aqueous Solution ("E-Ferol"), Lawrence V. Long, Jr. ("Long") moves for leave to opt out of the certified class. Although the deadline for opting out expired more than two years ago, Long contends that his failure to comply with the deadline should be excused as a matter of procedural due process and on

the basis of excusable neglect. The other class plaintiffs (collectively, "class plaintiffs" unless the context otherwise requires) and defendants O'Neal, Inc., d/b/a O'Neal, Jones & Feldman Pharmaceuticals, CVS Revco D.S., Inc., and Retrac, Inc. oppose the motion. For the reasons that follow, the court declines to allow Long to opt out of the class at this time.[FN1]

> FN1. On June 23, 2008, at the parties' request, the court entered an order staying this litigation so that the parties could pursue settlement. The court lifts the stay to the extent necessary to decide this motion.

I

To decide Long's motion, the court need not recount at length the background facts and procedural history of this case. The court will focus instead on the facts that apply to Long's failure to timely opt out. This is a class action alleging personal injury and death claims arising from the manufacture and distribution of E-Ferol, a pharmaceutical product administered intravenously to premature infants between November 1983 and April 1984. In 2004 Judge Buchmeyer, before whom the case was then pending, certified a plaintiffs class consisting of

[a]ll persons in the United States, including any estate representatives or heirs of deceased persons, who, during the period from November 1, 1983, until April 30, 1984, were administered E-Ferol. Included in the class are parents, spouses, children, guardians, and legal representatives of

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.

Slip Copy, 2009 WL 1174638 (N.D.Tex.)
**(Cite as: 2009 WL 1174638 (N.D.Tex.))**

such persons with direct or derivative claims.

http://www.westlaw.com/Find/Default.wl?rs
=dfa1.0&vr=2.0&DB=344&FindType=Y&
ReferencePosition-
Type=S&SerialNum=2004472152&Referen
cePosition=566*Klein v. O'Neal, Inc.*, 222
F.R.D. 564, 566 (N.D.Tex.2004) (Buch-
meyer, J.). [FN2] It is undisputed that Long,
whose late daughter was administered E-
Ferol in March and April 1984, is a member
of the class. Long's daughter received E-
Ferol while in the neonatal intensive care
unit at Miami Valley Hospital ("Miami Val-
ley") in Dayton, Ohio, and she subsequently
died in June 1984.

> FN2. In 2008 the court raised *sua
> sponte* that the class certification de-
> cision should be reconsidered, and it
> directed the parties to submit sup-
> plemental briefing addressing
> whether the class should be decerti-
> fied or modified. *See **Klein v.
> O'Neal, Inc.**, 2008 WL 2152030, at
> *9 (N.D.Tex. May 22, 2008)* (Fitz-
> water, C.J.). Before the supplemental
> briefing was completed, the court
> stayed the proceedings in this case.
> *See supra* note 1.

Following certification of the class, class
counsel began the process of locating class
members. On July 10, 2006 class counsel
mailed individual class notices to class
members whom they had been able to lo-
cate. Class counsel had been unable to ob-
tain records, however, from several hospitals
known to have administered E-Ferol, includ-
ing Miami Valley. Thus on July 13, 2006,
after receiving the court's approval, class

counsel published the class notice in 35
newspapers across the country, including
*The Dayton Daily News* (Dayton, Ohio), *The
Blade* (Toledo, Ohio), and *USA Today*. Long
does not dispute that he and his wife resided
in Dayton in July 2006. The court set Sep-
tember 11, 2006 as the opt-out deadline.

Class counsel continued to pursue records
concerning potential class members from
Miami Valley, and they subsequently se-
cured them in October 2007. After identify-
ing Long as a class member, class counsel
sent Long and his wife a November 1, 2007
letter informing them of this class action and
of their class membership. Long asserts that
he received this letter on November 5, 2007,
and that this was the first time he or his wife
had any knowledge or reason to believe that
their daughter's death was caused by E-
Ferol. On November 7, 2007 Long contacted
a representative of class counsel and dis-
cussed the case, and on November 13, 2007
he completed a questionnaire and medical
authorization. Long does not dispute that he
was aware of, and had access to, the class's
website, which included the pleadings, the
class action notice, and the court's orders
and decisions. In December 2007 Long and
his wife signed declarations attesting to their
lack of knowledge concerning the admini-
stration of E-Ferol to their daughter, and
these declarations were attached to "Class
Plaintiffs' Supplemental Response in Oppo-
sition to Defendants' Motion for Partial
Summary Judgment: Limitations." Class
counsel procured more medical records from
Miami Valley in January and February
2008, and class plaintiffs' experts analyzed
them and concluded that, in their opinion, E-
Ferol was a substantial cause of the death of
Long's daughter. Long was advised of this
finding in May 2008, at which time he in-

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.

Slip Copy, 2009 WL 1174638 (N.D.Tex.)
**(Cite as: 2009 WL 1174638 (N.D.Tex.))**

formed a representative of class counsel that he planned to sue Miami Valley, who is not named as a defendant in the class action.

**\*2** Long asserts that, in December 2007, his wife's cancer, which had been in remission, returned. His wife died on June 13, 2008. Long asserts that, during his wife's illness, he devoted his time and energy to caring for her and for their children, and that he was unable during this time to seek legal advice or to take legal action concerning his deceased daughter.

In August 2008 Long contacted his current counsel, John B. Pinney, Esquire ("Pinney"), and he formally retained Pinney on September 4, 2008. Pinney was permitted to appear in this case on behalf of Long, and in September and December 2008 he obtained medical records relating to Long's daughter. On October 8, 2008 Long was appointed administrator of his daughter's estate. He filed the instant motion for leave to opt out on January 9, 2009.

## II

Long contends that he should be permitted to opt out as a matter of procedural due process. His due process argument is conclusory and vague, and he cites no case law to support it. Essentially, Long argues that because he did not receive actual notice of the class action until after the opt-out deadline had expired, he must now be given an opportunity to opt out.

## A

The court certified the class in this case under Fed.R.Civ.P. 23(b)(3), pursuant to which class members are given an opportunity to opt out of the class. *See Amchem Prods., Inc. v. Windsor,* 521 U.S. 591, 592-93, 117 S.Ct. 2231, 138 L.Ed.2d 689 (1997). Additionally, under Rule 23(c)(2) (B), members of a class certified under Rule 23(b)(3) must be afforded "the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Rule 23(c)(2)(B). The notice given under Rule 23(c)(2)(B) must contain certain information, including the fact that class members may request exclusion from the class, the time and manner for requesting exclusion, and the binding effect of a judgment on class members.[FN3] *See id.* The Rule 23(c)(2)(B) standard also fulfills due process requirements. *See Eisen v. Carlisle & Jacquelin,* 417 U.S. 156, 173-74, 94 S.Ct. 2140, 40 L.Ed.2d 732 (1974). It is well established that notice by publication can satisfy due process when information required to identify individual class members cannot be procured through reasonable effort. *See id.* (requiring that class members whose names and addresses can be ascertained through reasonable effort be individually notified); *Hoge v. Parkway Chevrolet, Inc.,* 2007 WL 3125298, at \*18 (S.D.Tex. Oct.23, 2007) ("Courts have found that publication notice can satisfy Rule 23." (citing numerous cases)); *In re Vivendi Universal, S.A.,* 242 F.R.D. 76, 107 (S.D.N.Y.2007) ("While individual notice, where reasonably possible, is required, when class members' names and addresses may not be ascertained by reasonable effort, publication notice has been deemed adequate to satisfy due process."); *In re Prudential Ins. Co. of Am. Sales Practices,* 177 F.R.D. 216, 232 (D.N.J.1997) ("For those whose names and addresses cannot be determined by reasonable efforts, notice by publication will suffice under Rule

Slip Copy, 2009 WL 1174638 (N.D.Tex.)
 **(Cite as: 2009 WL 1174638 (N.D.Tex.))**

23(c)(2) and under the due process clause."
(citing *Mullane v. Cent. Hanover Bank &
Trust Co., 339 U.S. 306, 317-18, 70 S.Ct.
652, 94 L.Ed. 865 (1950)*)). If a class mem-
ber receives the best notice practicable and
fails to opt out by the deadline, he is bound
by the court's actions concerning the class,
including settlement and judgment.[FN4] *See
Amchem Prods., 521 U.S. at 592-93;
Reppert v. Marvin Lumber & Cedar Co.,
359 F.3d 53, 56-57 (1st Cir.2004)* (citing
*Cooper v. Fed. Reserve Bank of Richmond,
467 U.S. 867, 874, 104 S.Ct. 2794, 81
L.Ed.2d 718 (1984)*).

>   FN3. Because Long does not dispute
>   the sufficiency of the contents of the
>   notice, the court need not discuss the
>   requisite contents in detail.

>   FN4. Although Long does not rely
>   on Rule 23(e)(4) as a basis for the re-
>   lief he seeks, the court recognizes
>   that if this case settles, it may in its
>   discretion refuse to approve the set-
>   tlement unless class members are
>   given a second opportunity to re-
>   quest exclusion from the class. *See
>   Rule 23(e)(4)* ("If the class action
>   was previously certified under Rule
>   23(b)(3), the court may refuse to ap-
>   prove a settlement unless it affords a
>   new opportunity to request exclusion
>   to individual class members who had
>   an earlier opportunity to request ex-
>   clusion but did not do so."). The pos-
>   sibility, however, that there may be
>   another opportunity to opt out in the
>   context of a settlement does not of it-
>   self provide a rationale for granting a
>   class member's request for exclusion
>   that is untimely under the first opt-
>   out deadline imposed in accordance

with Rule 23(c)(2)(B)(vi). If it did,
the mere possibility of a second opt-
out opportunity arising in connection
with a settlement could undermine
the binding effect of the first opt-out
deadline that applies regardless
whether a class action is settled.

## B

**\*3** Long does not contend that he could have
been identified through reasonable effort.
Nor does he posit that the notice undertaken
at the court's direction was not the best no-
tice practicable under the circumstances or
was otherwise insufficient. He argues in-
stead that, even if he did have *constructive*
notice and it was the best notice practicable,
he must be given an opportunity to opt out
after receiving *actual* notice. According to
Long, he "does not dispute that the notice by
publication where the class member does not
have actual notice may, in some circum-
stances, be deemed to afford adequate due
process." Long Reply Br. 4. But he contends
that "the issue here is not whether [he] was
given proper notice-it is whether he can now
opt out of the class when he, effectively, was
never given the opportunity to do so before."
*Id.*

Long's argument misunderstands the nature
of constructive notice and the notice re-
quirements. If a class member is given
proper notice, such as constructive notice by
publication, he is deemed to have been given
the opportunity to opt out. To hold that a
class member who receives actual notice of
a class action after the opt out deadline must
always be given another opportunity to opt
out, even though he received constructive
notice before the deadline, would defeat the
purpose of constructive notice. Actual notice

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.

Slip Copy, 2009 WL 1174638 (N.D.Tex.)
  **(Cite as: 2009 WL 1174638 (N.D.Tex.))**

would be the only type of notice that could bind a class member. But actual notice is not invariably required. *See, e.g., Eisen,* 417 U.S. at 173-74; *In re Nissan Motor Corp. Antitrust Litig.,* 552 F.2d 1088, 1097 (5th Cir.1977).

Long appears to recognize the flaw in his argument, so he also argues that notice by publication only satisfies due process after a final judgment is entered in the case or a settlement is fully consummated. According to Long, if there has been no final judgment or settlement in the class action, a class member must be given an opportunity to opt out after receiving actual notice, even if he has already received constructive notice. Long cites no authority for this proposition, and the court has found none. The court holds that an opt-out deadline may bind a class member who has received the best notice practicable, regardless whether there has been a final judgment or settlement in the case.[FN5]

> FN5. As noted, *see supra* note 4, Long does not base his motion or any of his arguments on the possibility of a second opt-out under Rule 23(e)(4). Moreover, the court's discussion in this context is not intended to relate to circumstances in which, in its discretion, it "affords a new opportunity to request exclusion" as a condition to approving a settlement.

The reasoning that appears to underlie Long's contention is that, if there has been no final judgment or settlement, there can be no prejudice to other parties in allowing him to opt out after the deadline. The court disagrees. Both defendants and class plaintiffs oppose Long's motion, contending that they will be substantially prejudiced if he is allowed to opt out. This case has been stayed since June 23, 2008 so the parties could focus on negotiating a settlement. Long and Pinney have been aware of the settlement discussions since at least September 2008. Both sides are concerned that allowing Long to opt out now would undermine the progress they have made and hinder their ability to reach a mutually acceptable settlement. If Long is permitted to opt out, defendants will be forced to separately defend his individual lawsuit. This not only prejudices defendants but also the other members of the plaintiffs class. In a class action settlement setting, defendants seek and pay for global peace-i.e., the resolution of as many claims as possible. Accordingly, allowing plaintiffs to opt out of a class action after the deadline and during a period of active settlement negotiations so that they can pursue their claims individually can make settlement less valuable to defendants and less likely to occur. Such opt-outs can in turn reduce the leverage of the plaintiffs class and the settlement value of the case. In addition to forcing defendants to defend Long's individual lawsuit, allowing Long to opt out would create the potential for other similarly situated class members to request exclusion. Although the prejudice to the opposing parties may not be as severe as it would be in a case where a settlement has already been reached and approved, the parties would still be prejudiced if Long were permitted to opt out at this time.[FN6]

> FN6. As before, *see supra* notes 4 and 5, the court is not addressing the possibility of a second opt-out period under Rule 23(e)(4). Moreover, the court's reasoning applies regardless

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.

Slip Copy, 2009 WL 1174638 (N.D.Tex.)
**(Cite as: 2009 WL 1174638 (N.D.Tex.))**

of the possibility of a second opt-out. When parties negotiate the settlement of a certified class action, they presumably factor in the possibility that the court may exercise its discretion to allow a new opportunity for individual class members to request exclusion. But this is a predictable rule-based consideration that potentially applies in every case in which a class is certified under Rule 23(b)(3). The prospect of untimely opt-outs scattered along the path between class certification and a tentative settlement agreement-particularly during a time of active settlement negotiations-is less predictable (if not unpredictable) and can hamper the settlement of a class action that is in fact fair, reasonable, and adequate to class members.

**\*4** The court concludes that due process does not require that Long be given another opportunity to opt out after receiving actual notice of the class action. Long received constructive notice through publication in July 2006. He does not dispute the sufficiency of this notice. He therefore had the opportunity to opt out before the September 11, 2006 deadline. Because publication notice can satisfy due process, Long does not have the right to opt out now, more than two years after the deadline expired.

III

The court also holds that, even if Long was due another opportunity to opt out after he received actual notice of the class action, he did not exercise it within a reasonable time.

A

Long asserts that he received actual notice on November 5, 2007. He did not move for leave to opt out until January 9, 2009, more than 14 months later. Long contends that the court should excuse this delay and permit his untimely opt out based on excusable neglect. *See* Rule 6(b)(1)(B) ("When an act may or must be done within a specified time, the court may, for good cause, extend the time ... on motion made after the time has expired if the party failed to act because of excusable neglect."). The court finds that Long's delay and untimely opt out should not be permitted on this basis.

In determining whether a party should be granted additional time to opt out based on excusable neglect, the court should apply the factors set forth in *Pioneer Investment Services Co. v. Brunswick Associates L.P.,* 507 U.S. 380, 395, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993). *See Silvercreek Mgmt. ., Inc. v. Banc of Am. Sec., LLC,* 534 F.3d 469, 472 (5th Cir.2008). "Under [*Pioneer Investment Services* ], the court is to consider prejudice to the opposing party, length of the delay, and reason for the delay in determining whether the claimant's neglect was excusable and the delay was made in good faith." *Id.* The determination whether a delay is excusable "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer Inv. Servs.,* 507 U.S. at 395.

B

Although Long argues that there would be no prejudice to defendants or to class plaintiffs if he were now allowed to opt out, the court has already concluded that both defendants and class plaintiffs would be preju-

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.

Slip Copy, 2009 WL 1174638 (N.D.Tex.)
**(Cite as: 2009 WL 1174638 (N.D.Tex.))**

diced. *See supra* § II(B). The length of delay is substantial. *See, e.g., In re Terazosin Hydrochloride Antitrust Litig.,* 2005 WL 2451957, at *1-*3 (S.D.Fla. July 8, 2005) (finding no excusable neglect where class members' opt out forms arrived between two and fours days after opt out deadline). Long waited until more than 14 months after receiving actual notice to attempt to opt out of the class. Long contends that much of this delay should be excused because he was caring for his wife, who was suffering from cancer, and for their children. The weight of these obligations and the toll they must have taken on Long cannot, of course, be underestimated or blithely ignored. It is certainly reasonable that Long would have focused his attention and energy on caring for his wife and children. But even when the court excuses Long from the delay attributable to the period when his wife was dying from cancer and the months immediately following her death (December 2007 to August 2008), a significant and inexcusable period of delay remains. First, after receiving actual notice on November 5, 2007, Long participated in the class action, completing a questionnaire and medical authorization on November 13 and signing a declaration in December. He did not attempt to opt out of the class at that time. Second, Long retained Pinney to represent him on September 4, 2008, but neither Pinney nor Long even inquired about opting out until four months later. [FN7] Pinney allegedly was unable to obtain complete hospital records for Long's deceased daughter until December 2008, but this is not a sufficient excuse. Obtaining complete records was not a prerequisite for opting out, especially in light of the facts that Long at any time could have requested copies of the records from class counsel, Pinney obtained some of the records in Sep-

tember 2008, and class counsel's experts had already analyzed the records and Long had been informed of their findings.

> FN7. The class members who were notified in July 2006 had a period of approximately two months to request exclusion before the September 11, 2006 deadline.

*5 Defendants and class plaintiffs also assert that Long's request to opt out is not being made in good faith. Class plaintiffs note that Long availed himself of the services and expertise of the class for 14 months before attempting to opt out. And defendants point to the timing of the opt-out request. Long and Pinney were aware of the settlement negotiations taking place between defendants and class plaintiffs. In December 2008 they were informed that an in-person settlement conference between the parties' representatives had been scheduled for January 16, 2009. On January 2, 2009 Pinney sent a letter to defendants requesting to know whether they would oppose Long's opt-out motion. After defendants responded that they would, Long filed the instant motion. Defendants contend that the timing of the motion to opt out indicates that Long is attempting to extort higher settlement payments for himself, and that he is undertaking this abusive tactic in bad faith. Long simply responds that he is acting in good faith. The court need not decide whether Long is acting in good faith, however, because it concludes that, even if he is, the delay in moving to opt out should not be excused on the facts presented here.

After considering the applicable factors, the court concludes that Long has not established excusable neglect that justifies waiting until January 9, 2009-more than two

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.

Slip Copy, 2009 WL 1174638 (N.D.Tex.)
**(Cite as: 2009 WL 1174638 (N.D.Tex.))**

years after the opt out deadline and fourteen months after receiving actual notice-to move for leave to opt out. Long received actual notice of the class action on November 5, 2007 and participated in the class action in November and December 2007, but he did not attempt to opt out during that time. After formally retaining Pinney in September 2008, Long waited an additional four months to move for leave to opt out when he knew that defendants and class plaintiffs were in the middle of settlement negotiations. Thus even if Long was due another opportunity to opt out after he received actual notice of the class action, he did not exercise it in a reasonable amount of time.

\* \* \*

For the foregoing reasons, Long's January 9, 2009 motion for leave to opt out of class is denied.

**SO ORDERED.**

N.D.Tex.,2009.
Klein v. O'Neal, Inc.
Slip Copy, 2009 WL 1174638 (N.D.Tex.)

END OF DOCUMENT

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.