UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

Edward Monroe, Fabian Moore,
and Timothy Williams, on behalf of themselves
and all other similarly situated employees,

       Plaintiffs,

v.                                          Case No. 2:08-cv-2100-JTF-cgc

FTS USA, LLC and
Unitek USA, LLC,

       Defendants.

---

**PLAINTIFFS' MOTION AND MEMORANDUM IN SUPPORT OF AN ORDER COMPELLING PRODUCTION OF DEFENDANTS' ATTORNEY TIME AND BILLING RECORDS**

---

Plaintiffs hereby submit this Motion and Memorandum in Support of an Order Compelling Production of Defendants' Attorney Time and Billing Records. In support of their motion to compel, Plaintiffs state the following:

1. On October 31, 2012, the Court entered Judgment (D.E. #397) in favor of Plaintiffs consistent with the order on the jury verdict entered more than a year earlier on October 25, 2011.

2. As the prevailing party in this FLSA collective action, Plaintiffs filed their Motion for Attorneys Fees and Costs on November 30, 2012. (D.E. #408).

3. In response to Plaintiffs' motion for attorney's fees, Defendants filed a response vigorously challenging the fees and costs contained in Plaintiffs' motion on various bases,

including time spent performed on tasks and the hourly rate charged by Plaintiffs' counsel. (D.E. #425).

4. Based on the challenges raised by Defendants, Plaintiffs then promptly filed a Motion for Leave to File a Reply in which Plaintiff specifically requested the production of Defendants' attorneys' billing records:

> Plaintiffs request the Court to set a deadline for Plaintiffs' briefs as ten (10) days after Defendants produce their counsel's time records, which are relevant to Plaintiffs' Motion for Attorneys' Fees and Costs and Defendants' opposition to that motion. See Pollard v. E.D. Dupont DE Nemours & Co., 2004 U.S. Dist. LEXIS 6345 (W.D. Tenn. Feb. 24, 2004) (denying the defendants' motion to quash subpoena for defense counsel's time records).

(D.E. #427, at ¶ 7).

5. Also, on January 22, 2013, out of an abundance of caution, and only in case the Court did not specifically address in its order on Plaintiff's motion for leave to file a reply the Plaintiffs' request for the production of Defendants' attorneys billing records, Plaintiffs served subpoenas on Defendants' counsel for the attorney billing records indicated in Plaintiff's motion for leave to file a reply. Defendants have subsequently filed motions to quash these subpoenas. But since the Court has already ordered Defendants to produce their attorneys' billing records, these motions are not well taken.

6. Defendants, on January 24, 2013, filed a Response in Opposition to Plaintiffs' Motion for Leave to File a Reply and specifically challenged the relevancy of the attorney billing records sought by and the legal legitimacy of the requests contained within Plaintiffs' subpoenas. (D.E. #431).

7. On January 28, 2013, the Court, having then considered Plaintiffs' motion and Defendants' response, proceeded to order "that Plaintiffs' Motion is GRANTED. Plaintiffs must file their Reply Brief of ten (10) pages within ten (10) days of **receiving Defendants' counsels'**

**time records**." (D.E. #432)(emphasis added). Accordingly, it should be crystal clear to Defendants that the Court believes that Defendants' attorney's hourly rates may be relevant in determining the reasonableness of the Plaintiffs' attorneys' hourly rates, as well as the fact that the Court believes the time spent by Defendants' attorneys on specific tasks may be relevant in determining the reasonableness of the time spent by Plaintiffs' attorneys performing certain tasks.

8.   But despite the Court's order granting Plaintiffs' motion and clearly ordering production of the Defendants' counsels' time records, Defendants have obstinately refused to comply with the Court's order.

9.   Therefore, Plaintiffs move to compel production of the Defendants' attorney's time and billing records consistent with the Court's above-referenced order entered on January 28, 2013. Plaintiffs requests these records be produced within ten days of the Court's order. In response to this motion, Defendants will likely press the arguments already considered and rejected by the Court. Should the Court, however, desire further briefing by Plaintiffs regarding the relevancy of Defendants' attorneys time records, Plaintiffs will be happy to address this or any other issues that the Court wishes to be addressed.

    Respectfully submitted,

    /s/ *William B. Ryan*
    Donald A. Donati #8633
    William B. Ryan #20269
    Bryce W. Ashby #26179
    DONATI LAW FIRM, LLP
    1545 Union Avenue
    Memphis, TN 38104
    Telephone: (901) 278-1004
    Fax: (901) 278-3111
    Email: billy@donatilawfirm.com

&

Rachhana T. Srey, Esq.
Anna Prakash, Esq.
Nichols Kaster, PLLP
4600 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Telephone: (612) 256-3239
Fax: (612) 338-4878

**Attorneys for Plaintiffs**


### CERTIFICATE OF CONSULTATION

I certify that on February 6 2013, I consulted regarding the foregoing motion to compel with Defendants' counsel, Jonathan Christman.  Defendants oppose the relief requested in this motion.


/s/ William B. Ryan


### CERTIFICATE OF SERVICE

I certify that on February 6, 2013, a copy of the foregoing document was served via the Court's ECF system on Defendants' attorneys identified below:


Colin D. Dougherty
FOX ROTHSCHILD, LLP
10 Sentry Parkway, Suite 200
P.O. Box 3001
Blue Bell, PA 19422

&

Saul C. Belz
GLANKLER BROWN, PLLC
6000 Poplar Avenue, Suite 400
Memphis, TN 38119


/s/ William B. Ryan