# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

| | | |
|---|---|---|
| EDWARD MONROE, FABIAN MOORE, and TIMOTHY WILLIAMS, *on behalf of themselves and all other similarly situated employees,*<br><br>Plaintiffs,<br><br>v.<br><br>FTS USA, LLC and UNITEK USA, LLC,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 2:08-cv-02100-JTF-cgc |

**ORDER GRANTING PLAINTIFFS' MOTION FOR ATTORNEYS' FEES**
**ORDER GRANTING PLAINTIFF'S REQUEST TO FILE MOTION FOR ADDITIONAL ATTORNEYS' FEES AND COSTS INCURRED AFTER NOVEMBER 1, 2012[1]**
**ORDER DENYING PLAINTIFFS' MOTION FOR STATUS CONFERENCE**

Before the Court comes Plaintiffs' Edward Monroe, et al., Motion for Attorneys' Fees and Costs, filed on November 30, 2012 (Pls.' Mot. Att'ys Fees, ECF No. 408) and Plaintiffs' Motion for a Status Conference, filed on May 30, 2014 (Pls.' Mot. Status Conf., ECF No. 479). After reviewing the Motion, Responses, and the entire record, this Court believes Plaintiffs' Motion for Attorneys' Fees should be granted,[2] and Plaintiffs' Motion for Status Conference should be denied.

---

[1] Plaintiff did not file a formal Motion requesting attorneys' fees for actions taken by counsel after November 1, 2012. However, in both their Motion for Attorneys' Fees and Costs and Reply in Support of their Motion for Attorneys' Fees and Costs, Plaintiffs request the Court for "leave to move for an award of additional attorneys' fees and costs following the resolution of any appeals or other post-trial motions." (Pls.' Mot. Att'ys Fees, 12 n. 4, ECF No. 408-1).

[2] The issue of Costs was originally handled by the Clerk of the Court. On October 3, 2013, the Clerk of the Court notified the parties that a Taxation of Costs Hearing was to be held on November 1, 2013 before the Clerk. (Not. Tax. Costs Hearing, ECF No. 467). The Clerk entered an Order Taxing Costs in favor of Plaintiffs in the amount of

I.   **BACKGROUND**

A.  **Procedural History of This Case**

This is a case involving Defendants' failure to compensate their employees for overtime pay, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b). This case was originally tried before the Honorable Bernice D. Donald in September and October 2011. Plaintiffs were represented by two Memphis-area law firms, Donati Law Firm, LLP ("Donati") and Thomas F. Donaldson Law Firm ("Donaldson Firm"), and a Minneapolis-based law firm, Nichols Kaster, PLLP ("Nichols Kaster").   Defendants were represented by three law firms, Glankler Brown, PLLC a Memphis-based law firm, and two out-of-state law firms, Fox Rothschild, LLP and Elliott Greenleaf & Siedzikowski, PC. The jury trial began on September 19, 2011 and ended on October 5, 2011.   The jury returned a verdict in favor of Plaintiffs, finding that: (1) Plaintiffs worked in excess of forty hours in one or more weeks and were not paid overtime compensation for all those hours; (2) Defendants knew or should have known that Plaintiffs were not paid overtime compensation for all hours worked over forty hours in a week; and (3) Defendants willfully violated the law.

On December 29, 2011, then-Chief Jon Phipps McCalla was added as the presiding judge to this case.[3] At a Status Conference held on July 2, 2012, Judge McCalla ordered Plaintiffs to file their entry of judgment with damages by July 13, 2012.  (Min. Entry, ECF No. 381).  On July 13, 2012, Plaintiffs' filed a Motion for Entry of Judgment with Damages, requesting the Court to enter a judgment for $3,873,045.48 for Plaintiffs.  (Pls.' Mot. for Entry of J. with Damages, ECF No. 383).  Defendants filed their Response in Opposition to Plaintiffs' Motion for Entry of Judgment, arguing that Plaintiffs' request should be denied and a judgment should

_____

$17,048.18.  (Order Tax. Costs, ECF No. 475).  Plaintiffs have subsequently filed a Motion for Review of the Clerk's Order Taxing Costs.  The Court will address this Motion in a subsequent order.
[3] When this case was before the Honorable Jon Phipps McCalla, he was Chief Judge of this District.

be entered in favor of Defendants, based upon Plaintiffs' failure to prove "a requisite element of their FLSA claims (i.e. damages)."  (Defs.' Resp. to Mot. for Entry of J., July 30, 2012, 20, ECF No. 386).  On August 6, 2012, Plaintiffs filed a Reply in support of their Motion, and on August 28, 2012, Defendants filed a Sur-Reply in Response to Plaintiffs' Reply.  In both their Reply and Sur-Reply, Plaintiffs and Defendants, respectively, expounded upon the arguments discussed in their previous briefings.

The current judge, the Honorable John T. Fowlkes, Jr., presiding over this case was assigned to this case on August 3, 2012.  On October 31, 2012, after considering all the issues, this Court granted Plaintiffs' Motion for Entry of Judgment with Damages, which stated, "Plaintiffs shall have thirty (30) days from the entry of this judgment to petition for their attorneys' fees and litigation costs."  (Order Grant. Mot. for Entry of J. with Damages, 1, ECF No. 396).  Also on October 31, 2012, this Court entered a Judgment in this case for this case.  (J., ECF No. 397).

### B.  Motion for Attorneys' Fees

On November 30, 2012, Plaintiffs filed their Motion for Attorneys' Fees and Costs. (Pls.' Mot. Att'ys Fees, ECF No. 408).  In their Motion, Plaintiffs request $1,167,666.50 in attorneys' fees.  They argue that the attorneys' fees are based upon 4,470.80 hours for the litigation of this case.[4]  Specifically Plaintiffs contend that: (1) The fees are reasonable in light of the approximately 300-person collective class and the money damages secured for Plaintiffs at trial; (2) Defendants delayed discovery efforts with incomplete production of documents and unresponsiveness, which caused Plaintiffs to file multiple motions to compel; (3) Plaintiffs were successful in their discovery motions, evidenced by the Court granting Plaintiff's various

---

[4] Plaintiffs also request $103,433.86 for litigation costs and expenses. However, as explained in n.1, *supra*, this Court will address the issue of Costs in a subsequent order.

motions to compel discovery; (4) Defendants never made efforts for meaningful settlement discussions; (5) Defendants did not stipulate or make meaningful efforts to stipulate to Plaintiffs' post-trial damages calculations; (6) Plaintiffs' counsel's hourly rates are reasonable when their relevant skills and experiences in the labor and employment field —specifically within the wage and hour litigation—are examined; (7) The hours the support staff expended on contacting and interviewing the 300 Plaintiffs, gathering and reviewing discovery, and preparing for trial are reasonable; and (8) Plaintiffs' counsel took this case on a pure contingency fee basis and has not received any money regarding this case. Plaintiffs also request that the Court allow them leave to file a motion for additional attorneys' fees and costs, after the completion of the litigation of this case.

On January 12, 2013, Defendants filed a Response in Opposition to Plaintiffs' Motion for Attorneys' Fees and Costs.  (Defs.' Resp. to Mot. Att'ys Fees, ECF No. 425).  Defendants argue that many of the hours expended in Plaintiffs' litigation of their case should either be reduced or excluded all together.  Specifically, Defendants contend that: (1) Plaintiffs' fee request includes a substantial amount of fees and costs that are not recoverable or should be reduced, such as (a) clerical, administrative, and other non-legal work, (b) travel time, and (c) communications with persons who did not opt-in as parties to the case; (2) Plaintiffs seek to recover vague, duplicative, excessive and/or unnecessary hours spread across the 54 individuals who billed time, such as, *inter alia*, (a) seeking recovery for time spent on motions never filed, (b) unreasonable time spent on *Motions in Limine*, (c) meeting with clients who did not testify, and (d) extensive and excessive amounts of time spent on basic labor and employment research topics; and (3) Plaintiff's vague time entries should be significantly reduced or re-filed with more detailed description.  Defendants also contend that the hourly rates sought by Plaintiffs for their attorneys

and support staff are excessive and unreasonable in the relevant legal community of Memphis, Tennessee.  In their Response, Defendants explain, in detail, the specific tasks they find to be excessive and the hourly rates they find be unreasonable.

On October 15, 2013, Plaintiffs filed their Reply in Support of Their Motion for Attorneys' Fees and Costs.  (Pls.' Reply to Mot. Att'ys Fees, ECF No. 470).  Plaintiffs maintain that their request for attorneys' fees is reasonable and that Defendants' reduction of their request for attorneys' fees to $607,994.55 is unwarranted.  However, despite their arguments against Defendants' reduction, Plaintiffs propose a new figure of $1,152,161.50 for their attorneys' fees. Plaintiffs again ask the Court to allow them the opportunity to file a motion for additional attorneys' fees for actions taken after November 1, 2012, at an appropriate time after any appeal proceedings.  Additionally, Plaintiffs assert that: (1) Defendants confuse this FLSA collective action case with a standard labor and employment law case; (2) Defendants should not be allowed to hold Plaintiffs to a higher standard than themselves, when Defendants have billed $1,113,442.00 in attorneys' fees thus far; (3) Plaintiffs' hours were reasonably expended and were amply described in their time entries; (4) Plaintiffs' counsel's travel time is compensable; (5) Defendants' assessment that certain tasks were simply clerical, administrative, or non-legal should be wholly rejected, because many of these tasks were legal completed by class action clerks, attorneys, law clerks, and paralegals; and (6) The various attorneys' hourly rates are reasonable considering their experience and the ultimate success of the case.

### C.  Plaintiffs' Motion for Status Conference

On May 30, 2014, Plaintiffs filed a Motion for a Status Conference in order to address any questions the Court may have on the pending motions.  Specifically, Plaintiffs request a status conference "for the purpose of facilitating resolution of the pending motions so that

Defendants will file their appeal and this case can move closer to ultimate resolution following appeal." (Pls.' Mot. Status Conf., 4, ECF No. 479). Although Defendants did not file a response to Plaintiffs' Motion, Defendants object to Plaintiffs' Motion. *See* Certificate of Consul., 1, ECF No. 479-2 ("Plaintiffs conferred with Defendants' counsel via electronic mail on April 30, 2014 and May 1, 2014. Defendants object to Plaintiffs' request for a status conference").

## II.    LEGAL STANDARD

Under 29 U.S.C. § 216(b) of the FLSA, if an employer is found liable for violating § 207, which is the section responsible for penalties associated with the failure to pay an employee overtime, the "Court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." The objective of this provision is "'to insure effective access to the judicial process by providing attorney fees for prevailing plaintiffs with wage and hour grievances.'" *Fegley v. Higgins,* 19 F.3d 1126, 1134 (6th Cir. 1994) (internal citation omitted). Before the Court determines the appropriate fee for attorneys, "the primary concern is that the fee awarded be 'reasonable.'" *Gonter v. Hunt Valve Co., Inc.,* 510 F.3d 610, 616 (6th Cir. 2007); *accord Adcock-Ladd v. Sec'y of Treasury*, 227 F.3d 343, 349 (6th Cir. 2000) ("'The primary concern in an attorney fee case is that the fee be reasonable,' that is, one that is adequately compensatory to attract competent counsel yet which avoids producing a windfall for lawyers") (internal citation omitted). To calculate a reasonable fee, the court looks to the lodestar, "which is the product of the number of hours billed and a reasonable hourly rate." *Gonter*, 510 F.3d at 616; *accord Adcock-Ladd*, 227 F.3d at 349 ("[the lodestar] is the proven number of hours reasonably expended on the case by an attorney, multiplied by his court-ascertained reasonably hourly rate").

The burden of proving the reasonableness of the fee belongs to the prevailing party. That party must provide documented evidence as to the hours spent and billing rates. *See Gonter*, 510 F.3d at 617 ("To justify any award of attorney's fees, the party seeking compensation bears the burden of documenting its work"); *accord Dye v. Bellsouth Telecomm., Inc.*, 462 F.Supp.2d 845, 855 (W.D. Tenn. 2006) ("The party seeking the award should offer evidence to support the hours and rates claimed"). In providing such documentation, the party must prove that, as the prevailing party, they are not including fees that are vague, superfluous, or unnecessary. *See Hensley*, 461 U.S. at 434 ("Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary"). Additionally, the documentation provided must have "'sufficient detail and probative value to enable the court to determine with a high degree of certainty that such hours were actually and reasonably expended in the prosecution of the litigation'" *Imwalle v. Reliance Med. Prod., Inc.,* 515 F.3d 531, 553 (6th Cir. 2008) (internal citation omitted); *accord Monroe v. Jackson-Madison Cnty. Sch. Bd. of Educ.,* No. C.A. 72-1327, 2010 WL 3732014, at *4 (W.D. Tenn. Sept. 23, 2010) ("The documentation need not contain great detail, but should at least identify the general subject matter of time entries").

### III.   <u>ANALYSIS</u>

Although a "'strong presumption' favors the prevailing party's entitlement to his lodestar fee," in rare cases, the lodestar can be adjusted if there is specific evidence in the record. *Adcock-Ladd*, 227 F.3d at 350 (internal citation omitted). The Sixth Circuit has stated that district courts have discretion in adjusting the lodestar, depending on the circumstances surrounding the particular case. *See Moore v. Freeman*, 355 F.3d 558, 565 ("[The lodestar] may be adjusted upwards or downwards, as the district court finds necessary under the circumstances

of the particular case"); *See also Gonter*, 510 F.3d 610, 616 ("The district court's calculation of the lodestar value, as well as any justifiable upward or downward departures, deserves substantial deference, but only when the court provides 'a clear and concise explanation of its reasons for the fee award'") (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 438 (1983)).

In *Hensley v. Eckerhart*, the Supreme Court outlined twelve factors, for which the court can determine what the lodestar should be and/or whether the lodestar should be adjusted.  461 U.S. at 430, n. 3.  These twelve factors are:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due the acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in the similar cases.

*Id.*  In order to determine the reasonableness of Plaintiffs' Motion for Attorneys' Fees, the Court will now look to: (1) the hours expended in the litigation of this case and (2) the hourly rate requested by counsel and their support staff.

A. **Plaintiff's Hours Expended are Reasonable**

In this case, Plaintiffs originally requested the Court to grant them $1,167,666.50 in attorneys' fees.  Plaintiffs arrived at this figure based upon 4,470.80 hours of litigation times the reasonable fee of the attorneys, paralegals, law clerks, class action clerks, and other support staff involved.[5] In contrast, Defendants argue that various categories of Plaintiffs' hours should either

---

[5] The Court finds it important to point to the various hourly rates Plaintiffs are requesting:  (1) one attorney requests an hourly rate of $600.00; (2) one attorney requests an hourly rate of $550.00; (3) one attorney requests an hourly rate of $450.00; (4) one attorney requests an hourly rate of $375.00;  (5) three attorneys request an hourly rate of $325.00; (6) five attorneys request an hourly rate of $300.00; (7) three attorneys request an hourly rate of $250.00; (8) one attorney requests an hourly rate of $225.00; (9) the paralegals, class action clerks,  law clerks, and other support staff request an hourly rate of $175.00.

be excluded completely or significantly reduced. Specifically, Defendants assert that the following hours should be excluded in their entirety: (1) clerical, administrative, and other non-legal work, such as (a) website and press release, (b) mailing correspondence and other documents, (c) scanning or copying documents, (d) organizing documents and case file database, (e) scheduling or calendaring case events, (f) locating and/or updating their own clients' contact information, and (g) communicating with assistants, court reporters, and case managers; (2) travel time; and (3) communications with persons who did not opt-in as parties. Defendants also contend that the following hours should either be excluded or significantly reduced: (1) Plaintiffs' communication regarding their co-counsel agreement; (2) *Pro Hac Vice* Applications; (3) Reviewing routine orders and docket entries; (4) Filing Consent Forms; (5) Motion to Intervene; (6) preparing for and attending depositions and meetings with multiple attorneys; (7) time researching basic employment law issues; (8) communications and conferences among co-counsel; (9) answering discovery requests; (10) preparing Motions in Limine; (11) preparing trial exhibits; (12) meeting with clients who did not testify; (13) telephone calls and/or email exchanges with investigator R. Hunt; (14) engaging in a third-party assisted focus group in the weeks leading up to the jury trial; (15) motions never filed; (16) review time by multiple attorneys who did not actively participate in case; (17) updating clients on the status of the case; and (18) various other vague time entries that should re-filed with more descriptions.

In their Reply, Plaintiffs contend, "Defendants suffer from a full appreciation of the fact that this is a 300-person nationwide FLSA collective action tried 3.5 years after it was first filed." (Reply to Mot. Att'ys Fees, 16, ECF No. 470). However, in response to Defendants' arguments, Plaintiffs reduced their original $1,167,666.50 fees request to $1,152,161.50, by excluding the hours Plaintiffs' counsel spent: (1) drafting the co-counsel agreement; (2)

preparing the *Pro Hac Vice* applications; (3) preparing the Motion to Intervene; (4) telephone calls and/or email exchanges with investigator R. Hunt; and (5) communicating with court reporters. For the remaining hours Defendants allege are excessive, redundant, and excessive, Plaintiffs provide detailed explanations as to their reasonableness and necessity to the successful outcome of their case.

### a. Plaintiffs' Non-Legal Work, Travel Time, and Communication with Parties Who did not Opt-in Should not be Excluded

Defendants argue that the following time should be completely excluded from Plaintiff's attorney fees: (1) clerical, administrative, and other non-legal work; (2) travel time; and (3) communications with persons who did not opt-in as parties.   First, Defendants point to various decisions within this Circuit that deny the recovery of purely clerical, administrative, or non-legal tasks. Specifically, Defendants rely on *Richards  v. Johnson & Johnson*, No. 2:08-cv-279, 2010 WL 3219138, at * 7 (E.D. Tenn. May 12, 2010), which states that "'strictly clerical tasks' . . . are part of the overhead cost necessary to operate a law firm, and should not be compensated by a fee award." (internal citation omitted).

Second, Defendants argue that, although travel time compensation is permitted in this Circuit, the circumstances for compensation do not adhere to the facts of this case, because "the overwhelming portion of time requested for attorney travel was patently unnecessary and purely at the behest of Plaintiffs' chosen out-of-state counsel."  (Defs.' Resp. to Mot. Att'ys Fees, 16, ECF No. 425).  Defendants further argue that "time spent actually preparing the witness who actually testifies is recoverable, but the time spent traveling . . . is not recoverable as it could have been avoided by simply picking up a phone and calling their client." (*Id*., at 17).

Last, Defendants contend that Plaintiffs' communication with persons who did not opt-in as parties should be wholly excluded from their motion for attorneys' fees. Specifically, Defendants argue that these hours were irrelevant to the litigation of this case.

However, Plaintiffs argue that: (1) Defendants' categorical attack on the alleged clerical, administrative, and/or non-legal tasks should be rejected for oversimplifying Plaintiffs' time entries; and (2) Plaintiffs' counsel's travel time is compensable, because it was appropriate under the circumstances of this multi-million dollar, 300-plaintiff, nationwide FLSA collective action, in which many of the Plaintiffs lived outside of Tennessee; and This Court finds Plaintiffs' arguments compelling.

i.      Clerical, Administrative, and other Non-Legal Tasks

Hours expended on purely clerical tasks must be either reduced or excluded in their entirety because, "[i]t is not appropriate to award attorney fees for strictly clerical tasks." *Allison v. City of Lansing*, No. 5:03-cv-156, 2007 WL 2114726, *1 (W.D. Mich. July 9, 2007). Although Defendants highlight several entries they believe to be purely clerical and non-legal work, Plaintiffs provide persuasive case law and detailed facts as to why the hours, *inter alia*, mailing correspondence, organizing documents and case file database, communicating with parties who did not opt-in  are not purely clerical tasks. The 469.5 hours for these above tasks, which Defendants contend should be excluded or reduced, required some legal skills to complete. Therefore, based on the complexity of this case and the necessity of these tasks for the development and ultimate success of this case, this Court finds the hours expended on these tasks to be reasonable.

ii.  Travel Time

The Sixth Circuit has often found travel time to be compensable if determined by the district courts to be "the local practice regarding payment for travel time."  *Robinson v. Elida Local Sch. Dist., Bd. of Educ.*, 99 F.3d 1139, at *3 (6th Cir. Oct. 15, 1996); *accord Auto. Support Group, LLC v. Hightower*, No. 11-11169, 2012 WL 32733, at *4 (E.D. Mich. Jan. 6, 2012) ("The appellate court has . . . stated that it is within a district court's discretion whether to award fees for an attorney's travel time").  *In Abu-Hatab v. Siddiqi,* No. 3:06-cv-436, 2009 WL 4505672, at *6 (E.D. Tenn. Nov. 25, 2009), the court found an attorney's travel time compensable because a party has a right to the counsel of their choice and because counsel efficiently used their travel time.  *See also Caudill v. Sears Transition Pay Plan*, No. 06-12866, 2011 WL 1595044, at *15 (E.D. Mich. Apr. 26, 2011) ("'Travel time is ordinarily billable and therefore appropriately included in an award of attorney's fees . . .' when the requested time is reasonable") (internal citation omitted).

Like the counsel in *Abu-Hatab*, Plaintiffs' counsel traveled only for crucial depositions, hearings, and meetings on behalf of the 300-plus Plaintiffs. *See e.g.* Pls.' Mot. Att'ys Fees, 76, ECF No. 408-3 ("1/12/20; Attorney-Rachhana T. Srey; Travel for depositions of representative plaintiffs in Austin, TX; 4.5 [hours]).  Whether it was the two Memphis-area law firms or the out-of-state firm traveling for the various meetings or depositions for the Plaintiffs in Texas, Florida, or Arkansas, the travel by counsel proves to be necessary and not excessive. Therefore, this Court finds that Plaintiffs' hours expended for travel time are reasonable.

**b.  Plaintiffs' Counsel's Time Spent on Legal Tasks was not Duplicative, Excessive, or Unnecessary**

A case can be overstaffed when there is an over-utilization of partners and/or senior level attorneys. *See Fair Hous. Ctr. of Sw. Mich. v. Hunt*, No. 1:09-cv-593, 2013 WL 5719152, at *15

(W.D. Mich. Oct. 21, 2013) ("Purchasers of legal services generally require that work be performed by the person with the lowest billing rate who is competent to perform that service. This usually results in a greater expenditure of associate time, while partners perform only those tasks that they alone can do").  Courts in this district have found a party's hours to be duplicative if,

> 'the same task is performed by more than one lawyer, multiple compensation should be denied.  The more lawyers representing a side of the litigation, the greater the likelihood will be for duplication of services.'

*Potter v. Blue Cross Blue Shield of Mich.*, No. 10-cv-14981, 2014 WL 1304327, at *28 (E.D. Mich. Mar. 31, 2014) (internal citation omitted).   However, the courts have also stated that although "'there is nothing inherently unreasonable about making an award for time spent by two or more lawyers engaged in the same representation, counsel bears the burden of showing his or her specific contribution.'" *Gratz v. Bollinger*, 353 F.Supp.2d 929, 941 (E.D. Mich. 2005) (internal citation omitted).

In this case, Defendants contend that Plaintiffs' counsel's hours are duplicative because many of the tasks were either overstaffed or unnecessary.  As described above, Defendants list various tasks that either should be excluded or should have been handled by one senior attorney rather than multiple senior attorneys.  Plaintiffs argue that these tasks were not unnecessary or excessive, but, rather, were necessary for the litigation of this complex case.

The hours expended on this case by partners of the various firms versus the other attorneys, and legal support staff only compensates for approximately twelve percent (12%) of the total billable hours.  This Court has closely examined the time entries and billable hours of Plaintiffs' counsel.  This Court does not find the time to be duplicative or unnecessary when multiple attorneys were involved with a single task.  For example, on February 19, 2008, three

attorneys from Nichols Kaster—Rachhana T. Srey, Paul J. Lukas, and Donald H. Nichols—met to discuss "case status and strategy" for 0.1 hours.  (Pls.' Mot. Att'ys Fees, 4, ECF No. 408-3). *See also e.g.* Pls.' Mot. Att'ys Fees, 65, ECF No. 408-3 ("12/4/2009; Law Clerk—Kelly Gundersen; Conducted research to determine potential testifying plaintiffs by reviewing their personnel files; 2.0 [hours]" vs. "12/4/2009; Attorney—Rachhana T. Srey; Meet with class action clerk and law clerk regarding list of representative plaintiffs for discovery; 0.8 [hours]"). Strategy sessions, case status meetings, and projects in the preparation of this case with partners, senior level associates, law clerks, and other support staff seems to be far from unreasonable when the complexity of this case is examined.

It is true that many of the attorneys on this case are labor and employment and/or wage and hour specialists.  However, the Court does not find the need for researching legal topics such as piece-rate regulations, standards for conditional certification, employer/employee statuses under the FLSA, and actual and constructive knowledge—as the legal support staff did in this case—to be excessive. Instead, this Court finds that research quite necessary for the continued competency of an attorney's practice in his or her specialized area of law. *See Cmtys. for Equity v. Mich. High Sch. Athletic Ass'n Court*, No. 1:98-cv-479, 2008 WL 906031, at *14 (W.D. Mich. Mar. 31, 2008) (finding no merit in the defendants' argument that plaintiffs, who have been nationally recognized for their experience in a specific area of law, should not be compensated for "excessive" hours spent on the litigation).  This Court does not find Plaintiffs' legal hours to be duplicative, excessive, or unnecessary.

c.  Plaintiffs' Time Entries were not Vague

Courts within this Circuit have stated that when there is inadequate, vague, or unreasonable billing records, the "common practice . . . is 'across-the-board fee reductions.'"

*Potter v. Blue Cross Blue Shield of Mich.*, No. 10-cv-14981, 2014 WL 1304327, *26 (E.D. Mich. Mar. 31, 2014).   However, as noted above, the Sixth Circuit has stated that billing records will not be deemed vague if they offer "sufficient detail and probative value" for the court to determine the legitimacy of the hours expended.  *Imwalle*, 515 F.3d at 553.

Defendants argue that Plaintiffs' time entries lacked sufficient descriptions.  Conversely, Plaintiffs assert that descriptions for time entries do not have to be explicitly or overly detailed, so long as the general subject matter of the expenditures can be properly understood and surmised. This Court agrees with Plaintiffs' argument. This Court finds Plaintiffs' entries to be neither vague nor insufficient in detail.  On the contrary, the approximately 200-pages of billing records provided by Plaintiffs prove to be sufficient.  Consequently, this Court does not find Plaintiffs' time entries to be vague and, therefore, do not need to be reduced or re-filed. Therefore, based on the above analysis, this Court finds Plaintiffs' hours to be reasonably expended.

### B.  Plaintiffs' Hourly Rates are Reasonable

As explained above, the lodestar is the product of a reasonable hourly rate with a reasonable fee, as determined by the court.  The reasonableness of the hours expended has been discussed above.  Now, the Court turns to the determination of the reasonableness of the hourly rate, for which it has broad discretion.  *See Wayne v. Village of Sebring*, 36 F.3d 517, 553 (6th Cir. 1994) ("A district court has broad discretion to determine what constitutes a reasonable hourly rate for an attorney"); *accord Waldo v. Consumers Energy Co.,* 726 F.3d 802, 821 (6th Cir. 2013).  The Sixth has held that the "'reasonable hourly rate' component of the lodestar computation, should initially assess the 'prevailing market rate in the relevant community.'" *Adcock-Ladd*, 227 F.3d at 350 (internal citation and original emphasis omitted).  The prevailing

market rate is "the rate which lawyers of comparable skill and experience can reasonably expect to command within the venue of the court of record." *Id.*

The Sixth Circuit has further clarified the market rate by stating that, "'[t]he appropriate rate . . . is not necessarily the exact value sought by a particular firm, but is rather the market rate in the venue sufficient to encourage competent representation.'" *B&G Mining, Inc. v. Dir., Office of Workers' Comp. Programs,* 522 F.3d 657, 663 (6th Cir. 2008) (quoting *Gonter*, 510 F.3d at 618). In determining the prevailing market rate, the district court can examine "a party's submissions, awards in analogous cases, state bar association guidelines, and its own knowledge and experience in handling similar fee requests." *Van Horn v. Nationwide Prop. and Cas. Ins. Co.*, 436 F. App'x. 496, 499 (6th Cir. 2011).

This Circuit has also addressed the prevailing rate as it applies to out-of-town counsel and/or out-of-town specialists. The Sixth Circuit has opined that, "the courts must determine (1) whether hiring the out-of-town specialist was reasonable in the first instance, and (2) whether the rates sought by the out-of-town specialists are reasonable for an attorney of his or her degree of skill, experience, and reputation." *Hadix v. Johnson*, 65 F.3d 532, 535 (6th Cir. 1995). The reason for this inquiry is to determine whether the prevailing party could have more easily retained local counsel at a lower fee, instead of hiring out-of-town counsel for a higher fee. *See id* ("[J]udges may question the reasonableness of an out-of-town attorney's billing rate if there is reason to believe that competent counsel was readily available locally at a lower charge or rate"). In *Yellowbook Inc. v. Brandeberry*, 708 F.3d 837, 849 (6th Cir. 2013), the Court stated that "out-of-town lawyers . . . may only recover the rate they would commend in the local market." *See also Adcock-Ladd*, 227 F.3d at 350 ("[W]hen a counselor has voluntarily agreed to represent a plaintiff in an out-of-town lawsuit, thereby necessitating litigation by that lawyer primarily in the

16

alien locale of the court in which the case is pending, the court should deem the 'relevant community' for the fee purposes to constitute the legal community within that court's territorial jurisdiction").  However, despite the Circuit's support of the prevailing local market rate, the Sixth Circuit has also held that, "[g]enerally district courts are free to look to national markets, an area of specialization, or any other market they believe is appropriate to fairly compensate attorneys in individual cases. . . . A court's choice not to apply local markets rates for attorney fees is not an abuse of discretion."  *McHugh v. Olympia Entm't, Inc.*, 37 F. App'x. 730, 740 (6th Cir. 2002); *accord Louisville Black Police Officers Org. v. City of Louisville*, 700 F.2d 268, 278 (6th Cir. 1983) (finding that district courts are not required to base attorney fees on local rates and that district courts may look to a national market or the market rate for a specialized area of law to determine the appropriate rate).

In their Motion, Plaintiffs argue that the prevailing market rate for attorney's fees does not only encompass the local geographic community, but also includes the national market for a specific practice area of the law.  To support their argument, Plaintiffs provide: (1) declarations from various attorneys involved in the case; (2) affidavits from other wage and hour practicing attorneys, who verify the reasonableness of the attorneys' hourly rates; (3) a summary of the attorneys' fees that include the rate of each person involved in the case; and (4) the Firm Resume for Nichols Kaster.  *See generally* Pls.' Mot. Att'ys Fees, Nov. 30, 2012, ECF No. 408.

In response, Defendants argue that Plaintiffs' attorneys' fees should be reduced to $607,994.55 because of the alleged excessive and unreasonable hourly rates requested by Plaintiffs' counsel and support staff.  Specifically, Defendants argue "despite the fact that Plaintiffs were represented by Memphis-area attorneys, they chose to have their out-of-state counsel handle many depositions, when it would be far cheaper (and less time) for Plaintiffs'

counsel in Tennessee to handle."   (Defs.' Resp. to Mot. Att'ys Fees, 17, ECF No. 425).

Defendants also direct the Court to various cases that describe appropriate hourly rates for

counsel in the state of Tennessee, showing Plaintiffs' hourly rates are excessive.

Defendants argue that the courts have granted attorneys in Memphis hourly rates ranging

from $135 to $320 per hour, depending on their experience in a specialized area of law and

length of practice. Defendants contend that the attorneys that were granted the higher hourly

rates are attorneys who have significantly more experience than the attorneys do in this case.

Defendants also argue that these higher hourly rates were granted when the attorney's fees were

uncontested.  Last, Defendants assert that the affidavits Plaintiffs' provided in support of their

higher hourly rates hold no credibility, since most of the attorneys do not practice in the Western

District of Tennessee.

This case is one of a few of its kind and complexity in the Western District of Tennessee.

Although there have been other FLSA, collective action cases with over 300 opt-in plaintiffs in

this district, this is the only case of its kind that was tried and obtained a jury verdict.  In

*Williams v. Hooah Sec. Services LLC,* No. 09-2376, 2012 WL 1022187, at *2 (W.D. Tenn. Mar.

26, 2012), the Court granted plaintiffs' counsel an  hourly rate of $300.00 per hour.  The court

found that this rate was typical for "experienced attorneys specializing in labor and employment

law."  *Id*.  However, unlike the case presently before this Court, the defendants did not object to

the plaintiffs' attorneys' fees.

In *Franklin v. Kellogg Co*., No. 2:08-cv-02268-JPM-tmp, ECF No. 393 (W.D. Tenn. June

5, 2013), the Court granted plaintiffs' counsel an hourly rate of $300.00 per hour for William B.

Ryan, $400.00 per hour Rachhana T. Srey, and $175.00 per hour for the paralegals and other

support staff.  Similar to this case, *Franklin* involved a FLSA, collective action claim with 398

opt-in plaintiffs, and the plaintiffs were represented by the same counsel as Plaintiffs in this case—Attorneys Ryan and Srey.  However, an important distinguishing factor between *Franklin* and the one presently before this Court is that the parties in *Franklin* did not go to trial but, instead, settled their case after five years of litigation. Consequently, based upon the above case law, this Court will now determine the reasonableness of Plaintiffs' hourly rate.

### a.  The Hourly Rates for Attorney William B. Ryan, Rachhana T. Srey, and the Legal Support Staff are Reasonable

Because this district has already determined that $300.00 is a reasonable hourly rate for Attorney Ryan, $400.00 is a reasonable hourly rate for Attorney Srey,[6] and $175.00 is a reasonable hourly rate for the support staff, this Court does not find it necessary to analyze the reasonableness of these two attorneys' and the support staff's hourly rates. However, the Court does find it necessary to address the reasonableness of the attorneys' hourly rates for their travel time.

Some courts within this Circuit have found that an attorney's reasonable hourly rate should be reduced in half for compensable travel time.  *See Jones v. Ill. Cent. R.R. Co.,* No. 07-2073, WL 2011 3862330, at *7 (W.D. Tenn. Aug. 14, 2011) ("The court finds that [Plaintiff's] attorneys should receive some compensation for their travel time, but not at their full hourly rate. The court will award [Plaintiff's counsel] 50% of his hourly rate for his travel time. . ."); *see also Lee v. Javitch, Block & Rathbone, LLP*, 568 F.Supp.2d 870,876 (S.D. Ohio 2008) (finding plaintiff's concession that he should not be billed at his requested hourly rate for travel time acceptable).  Contrastingly, other courts in this Circuit have found that counsel should receive compensation for their travel time at their full reasonable hourly rate.  *See Caudill*, 2011 WL

---

[6] At the time of filing Plaintiffs' Motion for Attorneys' Fees, Attorney Rachhana T. Srey was a senior associate with an hourly rate of $325.00.  As of January 1, 2013, Attorney Srey has been a partner at Nichols Kaster. However, because Plaintiffs' Motion was filed before her promotion, this Court will calculate Attorney Srey's hourly rate as of the date the Motion was filed, i.e. her rate of $325.00 an hour.

1595044, at *15 (finding no basis to reduce travel time compensation because the time requested was reasonable); *see also Potter,* 2014 WL 1304327, at * 11 (finding plaintiff's full reasonable hourly rate could be applied for travel time compensation).

Here, Attorney Ryan and Srey traveled a total of 166.8 hours out of the 1702.9 hours they billed jointly. The attorneys' travel time only constitutes approximately 9.8% of the total hours billed by these two attorneys.  Because the Court has found the travel time to be compensable, the Court also finds counsels' full hourly rate as a reasonable compensation for their travel time.

### b.  The Remaining Attorneys Have Reasonable Hourly Rates

To determine the reasonableness of the remaining attorneys' hourly rates, the court can look to several factors: (1) the attorneys' actual billing for similar cases; (2) declarations from the attorney requesting the attorney's fees; (3) declarations from attorneys in the community; (4) declarations from attorneys in the same specialized practice area; or (5) the national, prevailing market rate for the specialized area of law.  *See Small v. Richard Wolf Med. Instruments Corp.,* 264 F.3d 702, 707 (7th Cir. 2001) ("If . . . the court cannot determine the attorney's true billing rate . . . the applicant can meet his or her burden by submitting affidavits from similarly experienced attorneys attesting to the rates they charge paying clients for similar work, or by submitting evidence of fee awards that the applicant has received in similar cases").

Plaintiffs' Motion also seeks attorney fees for fourteen other attorneys.  Of the fourteen additional attorneys, four are partners at Nichols Kaster, who spent 61.2 hours of the total 4470.8 hours litigating this case; eight are associates at Nichols Kaster, who spent 759.2 hours; one is an associate at The Donati Law Firm, who spent 132.9 hours; and one is the sole attorney at The Donaldson Law Firm, who spent 41 hours.  Donald H. Nichols, Of Counsel at Nichols Kaster, requests an hourly rate of $600; Paul J. Lukas, Partner at Nichols Kaster, requests and hourly rate

of $550.00; Matthew H. Morgan, Partner at Nichols Kaster, requests and hourly rate of $375.00; Michele R. Fisher, a partner at Nichols Kaster, requests and hourly rate of $450.00; Thomas F. Donaldson, sole member of Donaldson Law Firm, requests and hourly rate of $300; and the nine associates from Donati Law Firm and Nichols Kaster are requesting hourly rates from $225.00 per hour to $325.00.   In response, Defendants again argue that Plaintiffs have not provided sufficient evidence to support the reasonableness of these hourly rates.

As explained above, the *Hooah Sec. Services LLC* Court found $300.00 to be a reasonable hourly rate for experienced attorneys specializing in labor and employment law in the Western District of Tennessee. Therefore, based on the legal experience of Attorneys Thomas F. Donaldson, Bryce W. Ashby, Robert L. Schug, Andrew G. Chase, Adam W. Hansen, Rebekah L. Bailey, Tim C. Selander, and Charles G. Frohman, this Court finds these attorneys' request for an hourly rate equal to or less than $300 to be reasonable.

The last remaining attorneys, Donald H. Nichols, Paul J. Lukas, Matthew H. Morgan, Michele R. Fisher, Sarah M. Fleegel, and Anna P. Prakash request hourly rates ranging from $325.00 to $600.00 an hour.  Specifically, Attorney Nichols, the founding partner of Nichols Kaster, requests an hourly rate of $600 for 13.3 hours; Attorney Lukas, a partner of Nichols Kaster since 1999, requests an hourly rate of $550.00 for 44.7 hours; Attorney Morgan, an associate at Nichols Kaster, requests an hourly rate of $375.00 for 2.7 hours; Attorney Fisher, a partner at Nichols Kaster, requests an hourly rate of $450.00 for 0.5 hours; Attorney Fleegel, an associate at Nichols Kaster, requests an hourly rate of $325.00 for 0.6 hours; and Attorney Prakash, an associate at Nicholas Kaster, requests an hourly rate of $325.00 for 577.2 hours.

Plaintiffs provided this Court with affidavits from attorneys, which specifically address the reasonableness of the hourly rates for Attorneys Donald H. Nichols, Paul J. Lukas, and Anna P. Prakash and generally addressed the reasonableness hourly rates for partners and associate in a nationally acclaimed firm, like Nichols Kaster. *See e.g.* Pls.' Mot. Att'ys Fees, ¶¶ 8 and 11, ECF No. 408-11 ("My current hourly rate for wage and hour class and collective actions is $750.00 per hour. Of counsel and partners' billable rates at my firm range from $600 to [$]785 per hour, and associate attorneys' rates range from $310 to [$]470 per hour. . . . These rates have been approved in wage and hour settlements by state and federal courts.  . . . I have reviewed the hourly rates Nichols Kaster is seeking in this case.  Based on my experience and knowledge, is it my opinion that these hourly rates are reasonable given their skill, expertise, and reputation, and are within the range of rates awarded to attorneys with similar background and expertise"); *see also* Pls.' Mot. Att'ys Fees, ¶ 7, ECF No. 408-12 ("My regular local billing rate for wage and hour class and collective cases is $475 per hour.  My national rate is $585 per hour and our associate national rate is $360 per hour.  In my opinion, hourly rates of $475 to $650 are appropriate partner/shareholder level lawyers who have a national practice, and are experienced in wage and hour class and collective action litigation.  Similarly, hourly rates of $275 to $450 are appropriate for associate attorneys who have a national practice, and are experienced in wage and hour class and collective action litigation").

Although many of these hourly rates are beyond the prevailing market rate in Memphis, Tennessee, based on the attorney profiles, their experiences and reputation in the wage and hour community, the above-mentioned affidavits, and the complexity of this case, the Court finds that the last remaining attorneys' hourly rates are reasonable. Furthermore, based on the above analysis for the travel time of Attorneys Ryan and Srey, the Court finds that Attorneys Prakash,

Donaldson, and Ashby are also permitted to use their full hourly rate for compensable travel time.

**C. Plaintiffs' Request  to File Motion for Additional Attorneys' Fees and Costs Incurred After November 1, 2012 is Reasonable**

In both their Motion for Attorneys' Fees and in their Reply in Support of their Motion for Attorneys' Fees, Plaintiffs request the court to "award interim fees and cost" and "grant Plaintiffs leave to move for an award of additional attorneys' fees and costs following the resolution of any appeals or other post-trial motions." (Pls.' Mot. Att'ys Fees, 12 n. 4, ECF No. 408-1).  *See also* Pls.' Reply to Mot. Att'ys Fees, 2 n. 2, ECF No. 470 ("Plaintiffs have reasonably expended additional hours litigating this case [since November 1, 2012] . . . Plaintiffs should be awarded these interim fees, and be permitted to seek additional attorneys' fees and costs (including 'fees on fees') accrued after November 1, 2013, at a later date post appeal").

Defendants did not address Plaintiffs' request in their Response.  Therefore, seeing no objection and finding the motion to be well-taken, this Court hereby GRANTS Plaintiffs' request to file a Motion for additional attorneys' fees and costs accrued after November 1, 2012. Plaintiffs are to file their Motion at a time after all appeal and post-trial motions have been ruled on.

**D. Plaintiffs' Motion for Status Conference is Unnecessary**

Based upon this Court's present Order on Plaintiffs' Motion for Attorneys' Fees and the Court's forthcoming Order on Plaintiffs' Motion for Review of the Clerk's Order Taxing Costs, this Court finds Plaintiffs' Motion for Status Conference unnecessary.  Therefore, Plaintiffs' Motion is hereby DENIED.

**IV.** **CONCLUSION**

For the foregoing reasons, this Court finds that: (1) Plaintiffs' Motion for Attorneys' Fees is GRANTED; (2) Plaintiffs' Request to File a Motion for Additional Attorneys' Fees and Costs is GRANTED; and (3) Plaintiffs' Motion for Status Conference is DENIED.

IT IS SO ORDERED this 28th day of July, 2014.

BY THIS COURT:

_s/John T. Fowlkes, Jr._____
JOHN T. FOWLKES, JR.
United States District Judge