IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| EDWARD MONROE, FABIAN MOORE, and TIMOTHY WILLIAMS, *on behalf of themselves and all other similarly situated employees,* <br><br> Plaintiffs, <br><br> v. <br><br> FTS USA, LLC and UNITEK USA, LLC, <br><br> Defendants. | Case No. 2:08-cv-02100-JTF-cgc |

**ORDER GRANTING PLAINTIFFS' MOTION FOR REVIEW OF THE CLERK'S TAXING ORDER AND GRANTING PLAINTIFFS' LITIGATION EXPENSES**

Before the Court is Plaintiffs' Edward Monroe, et al., Motion for Review of the Clerk's Order Taxing Costs. After review of the Order, this Court finds that additional costs should be awarded.

**I.    BACKGROUND**

**A. Procedural History of This Case**

For a detailed procedural history of this case, refer to this Court's Order granting attorneys' fees filed on July 28, 2014. (ECF No. 481).

**B. Motion for Review of the Clerk's Order Taxing Costs**

On November 30, 2012, Plaintiffs filed their Bill of Costs for $41,446.09. (ECF No. 409). On October 15, 2013, Defendants filed objections to Plaintiffs' Bill of Costs. (ECF No. 471). Additionally on October 15, 2013, Plaintiffs filed an Amended Bill of Costs, including approximately 600 pages of additional support, seeking a reduced amount of $40,358.78. (ECF

1

No. 472). On October 25, 2013, Defendants filed objections to Plaintiffs' Amended Bill of Costs. (ECF No. 473). The Clerk of Courts filed his Order on January 28, 2014, in favor of the Plaintiffs for $17,048.18 as opposed to the $40,358.78 sought in Plaintiffs' Amended Bill of Cost. (ECF No. 475).[1] The excluded $23,310.60 consisted of Travel Expenses for Plaintiffs ($14,967.44), Travel Expenses for Plaintiffs' Attorneys ($713.30),[2] Witness Fees for Party Witnesses ($3,011.56), Trial Transcripts ($4,371.80), Pro Hac Vice Fees ($140.00), and Process Server Fees ($106.50).

On February 3, 2014, Plaintiffs filed a Motion for Review of the Clerk's Order Taxing Costs, ECF No. 476, which seeks the taxable costs excluded by the Clerk. Plaintiffs' Motion for Attorneys' Fees and Costs, ECF No. 408, was granted to the extent of attorneys' fees. (ECF No. 481). This Court is still to consider the out-of-pocket litigation expenses.[3] As such, this Court will first consider the review of the Order relating to taxable costs and follow with the analysis for out-of-pocket litigation expenses.

## II. LEGAL STANDARD

Fed. R. Civ. P. 54(d) provides that "costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d). This language has long created "a presumption in favor of awarding costs." *Singleton v. Smith*, 241 F.3d 534, 539 (6th Cir. 2001) (citing *White &*

---

[1] The $17,048.18 consisted of Transcripts from Depositions, Photocopying Expenses, Duplicative Docket Fees, Postage and Courier Fees, and Telephone and Video Conference Fees. This amount is adopted by the Court.

[2] This $713.30 listed as Travel Expenses for Plaintiffs' Attorneys is not found within Plaintiffs' Amended Bill of Costs as a separate category. For instance, when you go through Plaintiffs' Amended Bill of Costs, ECF No. 475, and total all travel expenses (including those objected to by Defendants as Attorney Travel Expenses), you come to a total of $14,967.44. As noted above, this amount has already been subtracted; and thus, the $713.30 is a double reduction and superfluous. As such, the $713.30 will be added in Plaintiffs' favor, further discussed below.

[3] There is a discrepancy in the amount of dollars sought for out-of-pocket litigation expenses. In Plaintiffs' Memorandum of Law in Support of Motion for Attorneys' Fees and Costs, Plaintiffs seek $61,987.77 in out-of-pocket litigation expenses. (ECF No. 408-1 at 26). Additionally, in Exhibit 3 attached to the same Memorandum, Plaintiffs', providing a much more detailed analysis and itemized list, seek $59,954.72 in out-of-pocket litigation expenses. (ECF No. 408-5 at 2). Lastly, in Plaintiffs' Motion for Review of the Clerk's Order Taxing Costs, Plaintiffs' seek a total of $60,851.00 in out-of-pocket litigation expenses. (ECF No. 476 at 11).

*White, Inc. v. Am. Hosp. Supply Corp.*, 786 F.2d 728, 730 (6th Cir. 1986)). Most importantly, Rule 54(d) allows "the court [to] review the clerk's action." Fed. R. Civ. P. 54(d). The Sixth Circuit in *Singleton* identified numerous factors that a trial court may consider in overcoming the presumption in favor of costs, such as: the losing party's good faith; the difficulty of the case; the winning party's behavior; the necessity of the costs; and the indigency of the losing party. *Singleton*, 241 F.3d at 539 (citing *White*, 786 F.2d at730)). "The costs that courts may tax under Rule 54(d)(1) are confined to the costs itemized in 28 U.S.C. § 1920." *Sams v. State Attorneys Gen.*, 481 F.3d 355, 359 (6th Cir. 2007) (citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441 (1987)).

To the extent that costs are not recoverable in accord with § 1920, a prevailing party in a Fair Labor Standards Act ("FLSA") case may still recover under 29 U.S.C. § 216(b). *See* 29 U.S.C. § 216(b) ("The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and *costs of the action*." (emphasis added)). Under FLSA, § 216(b) makes no reference to limitations found in other statutes, unlike Fed. R. Civ. P. 54(d) which is limited by 28 U.S.C. § 1920. *See Fegley v. Higgins*, 19 F.3d 1126, 1134 (6th Cir. 1994) (stating the objective of this provision is "to insure effective access to the judicial process by providing" an incentive for attorneys (quoting *United Slate, Local 307 v. G & M Roofing and Sheet Metal Co.*, 732 F.2d 495, 502 (6th Cir. 1984))). "The award of attorney's fees and *costs* to the prevailing party is *mandatory* under this section, but the amount of the award is within the discretion of the court." *Rushing v. Shelby Cnty. Gov't*, 8 F. Supp. 2d 737, 747 (W.D. Tenn. 1997) (citing *Fegley*, 19 F.3d at 1134) (emphasis added); *see Ramos v. Lamm*, 713 F.2d 546, 559 (10th Cir. 1983) (stating that parties may recover all reasonable "out-of-pocket costs not normally absorbed as part of law firm

3

overhead"). The determination of what is reasonable "is within the sound discretion of the district court although it is required to provide a 'concise but clear explanation' for the award." *Black v. LOJAC Enters., Inc.*, 117 F.3d 1420 (6th Cir. 1997) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983)); *see also Almendarez v. J.T.T. Enters. Corp.*, No. JKD 06-68, 2010 U.S. Dist. LEXIS 88043, at *21 (D. Md. Aug. 25, 2010) ("Examples of types of costs . . . include necessary travel, depositions and transcripts, computer research, postage, court costs, and photocopying."); *Renfro v. Ind. Mich. Power Co.*, No. 1:99-cv-877, 2007 U.S. Dist. LEXIS 15773, at *4 (W.D. Mich. Mar. 6, 2007) (including costs of photocopies, delivery services, long-distance telephone charges, telephone reimbursements, secretarial overtime wages, mileage, meals, parking, airfare, other travel-related expenses, service fees, filing fees, witness fees, transcript fees, and mediation fees).

### III. ANALYSIS

Plaintiffs move this Court to review the Clerk's Order and award additional costs of $18,692.30 for party and counsel travel and party witness costs under FLSA. *See* 29 U.S.C. § 216(b). Additionally, Plaintiffs seek $4,371.80 for trial transcripts under Fed. R. Civ. P. 54(d) and 28 U.S.C. § 1920 or, in the alternative, under the FLSA fee-shifting statute. Plaintiffs also move for an additional $60,851.00 in out-of-pocket litigation expenses under 29 U.S.C. § 216(b).

#### A. Taxable Costs

##### i. Travel Expenses for Plaintiffs

Defendants argue that Plaintiffs' travel expenses are not recoverable, and the Order Taxing Costs, ECF No. 476, supports this conclusion. In Plaintiffs' Motion for Review of the Clerk's Order Taxing Costs, Plaintiffs seek this amount under FLSA's fee-shifting statute and in the alternative as a component of Plaintiffs' attorney fee award. As such, this Court adopts this

portion of the Order Taxing Costs and will consider the $14,967.44 within the out-of-pocket litigation expenses analysis.

### ii. Travel Expenses for Plaintiffs' Attorneys

As noted above in Footnote 2, $713.30 was already subtracted by its inclusion within the $14,967.44 relating to Travel Expenses for Plaintiffs. These fees should not be categorized as Travel Expenses for Plaintiffs' Attorneys, as they were expenses incurred in the transportation of witnesses. As such, this Court modifies this portion adding the $713.30 back to the Net Award of Costs to Plaintiff.

### iii. Witness Fees for Party Witnesses

As stated by the Clerk, costs associated to Party Witnesses are not recoverable under 28 U.S.C. § 1920. As such, this Court adopts this portion of the Order Taxing Costs and will consider the $3,011.56 as part of the out-of-pocket litigation expenses analysis.

### iv. Trial Transcripts

Generally, trial transcripts are not necessary in litigation, as they are merely a convenience for counsel. *See* 28 U.S.C. § 1920(2) (allowing recovery "for printed or electronically recorded *transcripts necessarily obtained* for use in the case." (emphasis added)). In this case, however, the Court finds that Plaintiffs' use of transcripts was absolutely necessary to adequately respond to Defendants' motions.

The docket alone provides a telling story of how and why Plaintiffs used these trial transcripts over a nearly two-year period responding to numerous post-trial motions and not merely for convenience. *See Endress + Hauser, Inc. v. Hawk Measurement Sys.*, 922 F. Supp. 158 (S.D. Ind. 1996); *see also Kraeger v. Univ. of Pa.*, 535 F. Supp. 233, 234 (W.D. Pa. 1982) (stating a party is entitled to trial transcripts when necessary for use in opposing party's post-trial

motions). The payment for trial transcripts, as shown by the record, matches the dates of many of the post-trial motions. Payments came on September 26, 2011, October 3, 2011, and April 23, 2012. (ECF No. 472). On September 26, 2011, Plaintiffs had to respond to a Motion for Judgment as a Matter of Law. (ECF No. 346). Plaintiffs' response was filed two days later with numerous citations to the trial transcript. (ECF. No. 349). On October 4, 2011, Defendants again moved for reconsideration of the Court's prior ruling. (ECF No. 355). Again, as Plaintiffs point out, the trial transcript was cited in defense of their position. (ECF No. 360). In short, the Plaintiffs' use of the trial transcripts to respond to numerous post-trial motions is consistent. Additionally, as Defendants show, in determining whether trial transcripts are necessary, the court looks at whether time is of the essence, the length of the trial, and the complexity of the issues. *See White*, 786 F.2d at 729-32. In this case, litigation consisted of a class size of approximately 300 Plaintiffs with 15 testifying Plaintiffs over a now six-year time span. This case was protracted and complex, and trial transcripts were necessary to fully respond to numerous dispositive motions filed by Defendants. As such, the $4,371.80 is granted as a taxable cost, and the Order Taxing Costs is modified to this extent.

To summarize, the Order Taxing Costs is modified to include an additional $5,085.10 for a total of $22,133.28 taxable costs. Further, $17,979.00 will be considered below under FLSA.

### B. Out-of-Pocket Litigation Expenses (Non-Taxable Costs)

As noted in Footnote 3, there is a discrepancy in the amount of dollars sought for out-of-pocket litigation expenses. In Plaintiffs' Memorandum of Law in Support of Motion for Attorneys' Fees and Costs, Plaintiffs seek $61,987.77. (ECF No. 408-1 at 26). Additionally, in Exhibit 3 attached to the same Memorandum, Plaintiffs', providing a much more detailed analysis and itemized list, seek $59,954.72. (ECF No. 408-5 at 2). Lastly, in Plaintiffs' Motion

for Review of the Clerk's Order Taxing Costs, Plaintiffs' seek $60,851.00.  (ECF No. 476 at 11).  To the extent that Plaintiffs seek $60,851.00 in out-of-pocket litigation expenses in their current motion, it is denied.  The Court will consider the itemized $59,954.72 from ECF No. 408-5 and the $17,979.00 carried over from above for a total of $77,933.72.

Plaintiffs' itemized listings and supporting documentation seeks recovery of the following expenses: Telephone ($63.06); Courier Service ($135.00); Travel Expenses ($38,665.19); Federal Express/Shipping ($2,127.50); In-House Postage ($3,517.74); Research Online ($3,465.72); Other Litigation Costs ($2,136.32); Fax Fee ($43.46); and Trial Consultant ($9,800.73); plus the above Travel Expenses for Plaintiffs ($14,967.44); and Witness Fees for Party Witnesses ($3,011.56).  For the reasons below, this Court grants the total of $72,268.62 in out-of-pocket litigation expenses in favor of the Plaintiffs.

Defendants object to this recovery as giving the Plaintiffs "two bites of the apple."  Yet, the law allows a more expansive recovery for a prevailing party for all reasonable costs of litigation in an FLSA case.  *See Smith v. Diffee Ford-Lincoln-Mercury, Inc.*, 298 F.2d 955, 969 (10th Cir. 2002) (citing *Herold v. Hajoca Corp.*, 864 F.2d 317, 323 (4th Cir. 1988) (stating that cost recover under FLSA exceeds that of Fed. R. Civ. P. 54(d) allowing for more expansive recovery)).  As such, this Court will consider whether the expenses were a reasonable expense of litigation that is recoverable under 29 U.S.C. § 216(b).

Additionally, Defendants cite to many seventh circuit cases that have held that 29 U.S.C. § 216(b) costs are similarly limited by 28 U.S.C. § 1920.  The Court refuses to adopt a rule of law that is contrary to the legislative intent.  *See United Slate*, 732 F.2d at 502 ("'Obviously Congress intended that the wronged employee should receive his full wages . . . without incurring any expense for legal fees or costs.'" (quoting *Maddrix v. Dize*, 153 F.2d 274, 275-76

(4th Cir. 1946)) (alteration in original)). Defendants' stance argues for § 216(b) to have similar limitations as Fed. R. Civ. P. 54(d). *See* Fed. R. Civ. P. 54(d) (acknowledging that attorney's fees are not regularly recoverable). With such limitations already applicable under Fed. R. Civ. P. 54(d), Defendants' argument would make § 216(b) legislation superfluous and ignore the legislative intent for an expansive recovery system of attorney's fees and litigation expenses. *See id.*; *Caperna v. Williams-Bauer Corp.*, 57 N.Y.S.2d 254, 255 (N.Y. 1945) (stating that anything less would not fully compensate a plaintiff). "Costs[, however] . . . include all reasonable out-of-pocket expenditures." *See Stanley*, 913 P.2d at 82 (citing *Shorter*, 678 F. Supp. at 726). As such, the Court will consider the reasonableness of all expenses listed in Plaintiffs' submissions (ECF Nos. 408-5, 472).

There are eleven categories of expenses that Plaintiffs wish to recover. (ECF Nos. 408-5, 472). First, Plaintiffs seek $63.06 in telephone charges. Typically, telephone charges are absorbed in an attorney's rate as general law firm overhead due to their nature of monthly charges; and thus, these fees are not "normally charged to a fee-paying client." *See Ramos*, 713 F.2d at 559 (stating that parties may recover all reasonable "out-of-pocket costs not normally absorbed as part of law firm overhead"); *see also Kabore v. Anchor Staffing, Inc.*, No. L-10-3204, 2012 U.S. Dist. LEXIS 149761, at *27 (D. Md. Oct. 17, 2012) (finding "costs may include 'those reasonable out-of-pocket expenses incurred by the attorney which are normally charged to a fee-paying client'" (quoting *Spell v. McDaniel*, 852 F.2d 762, 771 (4th Cir. 1988))). As such, the request for $63.06 in telephone charges is denied.

Second, Plaintiffs seek $135.00 in courier services; $38,665.19 in attorney travel expenses; $2,127.50 in shipping fees; $3,517.74 in in-house postage fees; $43.46 in fax fees; $9,800.73 in trial consultant fees; $14,967.44 in travel expenses for Plaintiffs; and $3,011.56 in

witness fees for party witnesses. In light of the expansive, protracted, and complicated nature of this case, the need to notify 300 plaintiffs, and the numerous depositions taken, the Court grants the $72,268.62 as recoverable costs.

Third, Plaintiffs seek $3,465.72 in online research costs. Similar to that of a telephone charge, online research is usually a monthly fee in which the law firm has set up a specific plan to fit their everyday needs. As such, online research costs are generally included in the attorney's rate as a function of general law firm overhead. Plaintiffs have not established that the research costs are above and beyond their normal overhead. Plaintiffs cite *Wehr v. Burroughs Corp.* for the proposition that such research is reasonable in contemporary legal practice. *See Wehr v. Burroughs Corp.*, 619 F.2d 276, 285 (3d Cir. 1980). However, these fees are nonetheless included in the general overhead costs of contemporary legal practice. Plaintiffs' request for $3,465.72 in research costs is denied.

Fourth, Plaintiffs seek $2,136.32 in other litigation costs. These costs, unlike above, are not broken down in identifiable categories. (ECF No. 408-5). The Court is unable to identify whether the costs were reasonable without more information. As such, this Court denies the request for $2,136.32.

## IV. CONCLUSION

In sum, this Court grants Plaintiffs $22,133.28 under Fed. R. Civ. P. 54(d) and 28 U.S.C. § 1920, and $72,268.62 under 29 U.S.C. § 216(b) as reasonable litigation expenses. The Order Taxing Costs is Modified consistent with this Order and Grants Plaintiffs motion for out-of-pocket litigation expenses.

**IT IS SO ORDERED** on this 10th day of September 2014.

*s/ John T. Fowlkes, Jr.*
JOHN T. FOWLKES, JR.
UNITED STATES DISTRICT JUDGE

9